**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
www.wsgr.com

July 5, 2007

**BY HAND**
Hon. Louis L. Stanton
United States District Court
Southern District of New York
500 Pearl Street, Room 2250
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/07

Re: *Premier League Ltd.., et al. v. YouTube, Inc., et al.* No. 07-CV-3582 (LLS)

Dear Judge Stanton:

Defendants YouTube, LLC, YouTube, Inc. and Google Inc. (collectively "Defendants") submit this letter pursuant to Paragraph 2(A) of Your Honor's Individual Practices, and respectfully request a pre-motion conference so that Defendants may move for a more definite statement under Rule 12(e) in the above-referenced action.[1]

**Background:** On May 5, 2007, The Football Association Premier League Limited ("Premier League") and Bourne Co. filed a purported class action complaint against Defendants (the "Complaint"). According to the Complaint, Premier League is a London-based company that owns or controls the rights to audiovisual footage of certain English soccer matches. Compl. ¶ 10. Bourne Co. is alleged to be an independent music publisher that owns or controls the rights in certain musical compositions. *Id.* ¶ 10. Selected as Time magazine's Invention of the Year for 2006, YouTube provides an online platform through which any individual can, at no cost, share his or her video clips with an audience of tens of millions of YouTube's users. Those video clips include all manner of political, scientific, religious, dramatic and humorous topics. To give just two of the limitless examples, all of the major candidates in the 2008 presidential campaign have created web pages on YouTube to which they post messages to the electorate (*see http://www.youtube.com/members?s=po&t=w&g=-1*), and the Department of Defense has created a channel on YouTube to provide a "boots on the ground" perspective of the War in Iraq (*see http://www.youtube.com/MNFIRAQ*).

Per Order of May 18, 2007, Defendants' time to answer or move against the Complaint is July 5, 2007. On June 27, 2007 and again by letter on June 28, Defendants requested that Premier League and Bourne Co. voluntarily amend the Complaint to address ambiguity in the pleading. *See* Ex. A. On June 29, 2007, Plaintiffs refused and in the process created further confusion about

---

[1] Defendants have been informed by the Court's clerk that a pre-motion conference is required before filing a motion for a more definite statement. Because filing an answer would waive Defendants' argument that a more definite statement is required, *see* Fed. R. Civ. P. 12(e), Defendants understand that service of this letter tolls the time to respond to the Complaint. If the Court denies Defendants' request for a pre-motion conference, Defendants request an extension until July 9 to file an answer.

*The complaint is sufficiently definite to be readily susceptible to answer, without need for a more definite statement. Defendants' time is extended to July 9. So Ordered: Louis L. Stanton 7/6/07*

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

the nature of their claims. *See* Ex. B. Plaintiffs' motion of July 3, 2007 seeking appointment of interim class counsel includes additional abstruse representations. *See* Docket No. 16.

**The Complaint:** The Complaint asserts copyright infringement claims against Defendants based on video clips that have been posted to the YouTube service by YouTube users. Plaintiffs purport to assert claims under both the federal Copyright Act, 17 U.S.C. §§ 101 *et seq.*, and under state common law. *See* Compl. ¶¶ 18, 23, 45-46. In support of its allegations, Premier League lists by team and date, sixteen soccer matches for which it claims to own or control the "relevant exclusive rights" in the audiovisual footage, without including any federal copyright registration numbers. *Id.* ¶ 10. Bourne Co. identifies five musical compositions at issue, including federal copyright registration numbers. *Id.* ¶ 11. The Complaint further alleges that "all statutory and other applicable formalities have been complied with and as to each, with the exception of sound recordings protected under state law, a certificate of registration has issued or the deposit, application and fee required for registration have been properly submitted to the U.S. Copyright Office (or will have been prior to the judgment in this case or will be found not to be required)." *Id.* ¶ 46.

**This Pre-Motion Conference Request:** Plaintiffs' allegations regarding the nature of their copyright claims are fatally uncertain. Specifically, Premier League has not identified any federal copyright registrations or foreign works in its Complaint, and it stated for the first time only days ago that its claims are based on foreign copyrights (and perhaps foreign law as well). Bourne Co.'s allegations hint that it is asserting claims for infringement of pre-1972 sound recordings allegedly protected by state law, but it has also confusingly stated by letter that it is *not* asserting such claims. These questions – whether foreign copyrights are being asserted, whether (and which) foreign copyright law is being asserted, and whether plaintiff has state law claims concerning pre-1972 works – must be answered to enable Defendants to frame their response to the Complaint. They will also affect the scope and schedule for discovery in the case, and questions of class certification. Requiring Plaintiffs to clarify these essential aspects of their Complaint will not cause undue delay, as the parties are moving ahead with preliminary discovery, and preparing for the Rule 16 conference later this month.

**Premier League:** Premier League's Complaint is deficient on several counts. First, if Premier League is asserting United States copyrights, it must allege a registration of those works or refusal to register by the Copyright Office as a jurisdictional prerequisite to filing suit. *See Corbis Corp. v. UGO Networks, Inc.*, 322 F. Supp. 2d 520, 521 (S.D.N.Y. 2004). Indeed, Premier League recently castigated the Plaintiff in a separate class action for this very reason: "[the] Cal IV Complaint[] omits any allegation of copyright registration or its legal irrelevancy, thus creating a fatal defect in the pleading, depriving the Court there of subject matter jurisdiction right on the face of the complaint." *See* Docket No. 16 at 6. Premier League itself, however, has failed to plead the existence of any copyright registrations. If it is asserting U.S. copyrights, it should make that clear by meeting this pleading requirement.

Second, the Complaint must be clarified to state whether Premier League is or is not asserting foreign copyrights. The Complaint vaguely alleges that Premier League (an English

Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

soccer league) "owns or controls the relevant exclusive rights" in "audiovisual footage" of certain soccer matches." Compl. ¶ 10. Nowhere does the Complaint allege that Premier League intends to assert foreign copyrights in this action. Indeed, the first time that Premier League even mentioned that foreign copyrights could be implicated in this case was at the parties' Rule 26(f) Conference on June 27, 2007. *See also* Ex. B at 2 (June 29, 2007 letter claiming to be asserting "non-United States work[s]" for which registration is not required). If, in fact, Premier League is asserting foreign copyrights as it first claimed roughly a week ago, it should be required to say so clearly in its Complaint, and allege (1) the existence of any foreign copyrights; (2) the country of origin for any alleged foreign copyrights; and (3) the nature and scope of any such foreign copyrights. *See Vapac Music Pub., Inc. v. Tuff 'N' Rumble Management,* Case No. 99-10656 JGK, 2000 WL 1006257, *7 (S.D.N.Y. July 19, 2000) (granting motion for a more definite statement where plaintiff failed to allege specific foreign copyrights at issue).

Third, the Complaint must be clarified to state whether or not Premier League is asserting claims under foreign copyright law. Again, in recent correspondence Premier League has indicated that the Complaint may be asserting claims "for infringements arising under the laws of other countries." Ex. B at 2. Nowhere does Premier League's Complaint mention such a concept, let alone inform Defendants whether it contends that the laws of one, ten or one hundred different nations are part of this case. If foreign copyrights and foreign copyright laws are indeed being asserted by Premier League, it must set them forth directly in an amended Complaint so that Defendants can evaluate, respond to, and perhaps seek to dismiss such claims at the pleading stage. *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 35-37 (S.D.N.Y. 1992) (granting Rule 12(e) motion where plaintiff did not provide a registration number for the copyrighted work at issue and presented conflicting information regarding registration).

**Bourne Co.:** Bourne Co. should be required to clarify the Complaint to state whether it is asserting state law claims for pre-1972 sound recordings. The Complaint refers to copyrights for "sound recordings protected under state law." Compl. ¶ 45. This may be an attempt to assert state law claims for pre-1972 sound recordings, which are the only state law copyright claims not preempted by Section 301 of the Copyright Act. 17 U.S.C. § 301(c). Plaintiffs' counsel have distinguished this case from another putative class action on the grounds that the other case did *not* assert such state law claims. *See* Doc No. 16 at 6 ("all pre-1972 sound recordings are omitted from the Cal IV complaint, thus overly narrowing the class"). Asked to clear up this assertion of state law in its Complaint, Plaintiffs stated cryptically only that "[t]he Complaint does not assert claims in sound recordings, or pre-72 sound recordings, on behalf of Bourne specifically." Ex. B at 3. If the Complaint is attempting to assert such claims on behalf of someone else, or Bourne Co. is attempting to assert state law claims on behalf of a class to which it does not belong, Defendants must be apprised of that fact to decide whether a Rule 12(b) motion is appropriate.

Respectfully submitted,

*Tonia O. Klausner /ES*

Tonia Ouellette Klausner