UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
THE FOOTBALL ASSOCIATION PREMIER    :
LEAGUE LIMITED and BOURNE CO., on   :   07 Civ. 3582 (LLS)
behalf of themselves and all others similarly   :   (related case no. 07 Civ. 2103 (LLS),
situated,                           :   the "*Viacom* action")
                                    :
            Plaintiffs,             :   ECF Case
                                    :
    v.                              :
                                    :
YOUTUBE, INC., YOUTUBE, LLC and     :
GOOGLE, INC.,                       :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM OF LAW – TOGETHER WITH
FOUR ADDITIONAL SUPPORTING DECLARATIONS – IN SUPPORT OF
MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL
<u>PURSUANT TO FED. R. CIV. P. 23(g)(2)(A)</u>**


PROSKAUER ROSE LLP                  BERNSTEIN LITOWITZ BERGER &
                                    GROSSMANN LLP
1585 Broadway                       1285 Avenue of the Americas
New York, NY 10036-8299             New York, NY 10019
Phone: 212-969-3000                 Phone: 212-554-1400
Fax: 212-969-2900                   Fax: 212-554-1444

*Attorneys for Lead Plaintiffs Premier League and Bourne
and the Prospective Class*

On July 3, 2007, plaintiffs The Football Association Premier League Limited and Bourne Co. (together, the "PL/B Plaintiffs"), by order to show cause, sought a briefing schedule on their motion, made pursuant to Fed. R. Civ. P. 23(g)(2)(A), for appointment of Proskauer Rose LLP and Bernstein Litowitz Berger & Grossmann LLP (together, "PL/B Counsel" or the "Firms") as counsel for the putative Class on an interim basis.  The PL/B Plaintiffs' supporting legal memorandum and joint declaration were served on July 3 and filed on July 5.  An agreed-to briefing schedule was thereafter presented to the Court by Stipulation and Order entered July 5, 2007.  As provided for in the Stipulation and Order, the PL/B Plaintiffs hereby supplement their initial filing, solely concerning matters that have arisen since that filing.

## PRELIMINARY STATEMENT

Since the filing of the PL/B Plaintiffs' initial motion papers, various things occurring in this and in the related cases highlight the continuing need for the Firms' interim appointment as Class counsel.  The Firms have continued their efforts to coordinate the various cases while pushing this case forward.  To that end:

(i) The plaintiff in the *Tur* action pending in California has, through his counsel, entered into a joint prosecution agreement with the Firms and has confirmed his intention to rely on discovery taken in this action and to coordinate the pre-trial activities of his action with this one.  Mr. Tur's supporting declaration is annexed hereto as Exhibit A.

(ii) The plaintiff in the *Cal IV* action then pending in Tennessee agreed to withdraw its action in favor of this action and to withdraw its MDL motion, which it has done.  The Cal IV principal's supporting declaration is also annexed hereto as Exhibit B.

(iii) Because of the Firms' immediate intervention, Defendants withdrew their pre-motion application to this Court for a stay of all proceedings in this action pending MDL consideration.  All parties to this and the related *Viacom* actions are

continuing with discovery and other activities in anticipation of the Rule 16 case management conference scheduled before this Court for July 27; and

(iv) The Firms immediately opposed the short-lived dilatory tactic by Defendants in trying to avoid answering the Complaint. *See* Letter Endorsed by the Court, 7/6/7.

At the time of our initial motion papers, we pointed out that there were or had been a total of five actions against these Defendants raising essentially the same claims: this action; the related individual *Viacom* action pending before this Court; the individual *Tur* action pending in Southern California; the *Grisman* class action pending in Northern California; and the *Cal IV* class action pending in Tennessee. *See* Joint Decl. ¶¶ 1, 12, 15, 27. Our initial papers indicated Viacom's support of the appointment of the Firms as interim Class counsel. Joint Decl. ¶ 30; Mem. at 5. Accompanying this supplemental memorandum – and for the Court's convenience attached hereto – are declarations from all of the other current or former plaintiffs in each of the potentially overlapping actions confirming their willingness to participate in this action or proceed in coordination with it and in each case also supporting the Firms' appointment as interim Class counsel in this action. Tur Decl. ¶¶ 3-4 (*Tur* action); Grisman Decl. ¶¶ 2-3 (*Grisman* action), attached hereto as Exhibit C; Marx Decl. ¶¶ 4-5 (same), attached hereto as Exhibit D; Hill Decl. ¶¶ 2, 6-7 (*Cal IV* action).

That the Firms here have been successful, thus far, in keeping the cases coordinated highlights the leadership exercised to date by the PL/B Plaintiffs and by the Firms, as well as the concrete benefits to the Class that will flow from the Firms' interim appointment as Class counsel. Nonetheless, anticipating and refuting below an argument we believe we will hear from Defendants, we also demonstrate that the unanimity of position by the plaintiffs in all of the relevant actions does not deprive this motion of its ripeness or timeliness. Although the then-***actual*** rivalry among the various cases was one important reason justifying interim appointment,

the *potential* for yet more rivalry remains present, and is a sufficient ground for the relief sought on the motion. In addition, the numerous other substantial grounds originally demonstrating the need for the prompt interim appointment of Class counsel remain very much present.

**ARGUMENT**

The prospect of additional rival class actions, and the confusion, distraction, and delay such rivalry would inevitably cause remains very real. May 2007 brought the potentially competing *Grisman* action in California. The PL/B Plaintiffs and the Firms spent substantial time and resources talking and meeting with appropriate representatives of the Grisman case and persuading the clients in both cases of the important benefits of a united front in expeditiously pursuing the Class claims against Defendants. *See* Joint Decl. ¶ 27; Grisman Decl. ¶ 2. The PL/B Plaintiffs and the Firms succeeded in their efforts only to find, in June 2007, that the Cal IV action had been filed in Tennessee – at which point the same distracting time and effort needed to be expended to succeed in getting that case withdrawn, getting the MDL motion withdrawn, and ensuring that the Cal IV plaintiff understood that it is adequately represented in this action. *See* Hill Decl. ¶ 6. In light of the level of media interest in the case, especially given Defendants' ongoing infringement of the Class' creative works, there is every reason to believe that, without interim appointment of Class counsel, yet more distractions will crop up, Defendants will seize upon them to try to delay this action, and the Class' rights will continue to be prejudiced and to deteriorate. Joint Decl. ¶¶ 19, 29; Mem. at 8-10. Appointment of the Firms as interim Class counsel now will reduce if not eliminate the prospect of further rivalry and ensure that discovery and the balance of these proceedings can proceed with due haste.

Moreover, as explained in our initial papers, there exist additional weighty grounds for prompt appointment of the Firms as interim Class counsel:

3

- **The need for leadership in this case.**  There is an ongoing need for Class leadership to unify, mobilize, and communicate with prospective Class members on myriad pressing and important decisions.  These include, for example: decisions regarding the need to expedite proceedings to address Defendants' continuing infringement, which multiplies each day; how to conduct and coordinate efficient discovery, including merits-related discovery; whether to accept Defendants' proposal to defer the Class certification motion until the close of discovery; etc.  All of these decisions must now be made in the Class' interests.  Mem. at 10-11; Joint Decl. ¶ 11, 14.

- **The need for coordination with the individual actions.**  Interim Class leadership is needed so that coordination with both the *Tur* and *Viacom* actions can be best facilitated for the benefit of the Class.  Significant coordination with Viacom on discovery issues is already underway.  *See* Joint Decl. ¶¶ 12-14.  And since the court in California denied the summary judgment motions in the *Tur* action, plaintiff Tur has also committed to relying fully on the Firms and on the discovery to be had in this action.  Tur Decl. ¶ 3.

- **The need to negotiate and reach agreements with counsel for Defendants and to be helpful to this Court**.  A focused and unified Class position under interim Class counsel is needed in order to deal effectively with Defendants, and to be responsive to this Court, in coordinating the many pressing discovery-related matters on behalf of the Class, such as: e-discovery and the preservation of documents; negotiation of confidentiality orders, non-waiver agreements, and expert stipulations; serving and negotiating the scope of document requests; and the schedule for merits- and class-related discovery.  *See* Mem. at 10-11; Joint Decl. ¶ 12-18.  A wide variety of prospective Class members, including the PL/B Plaintiffs, Tur, Cal IV, Grisman, the Music Force LLC (which has filed an appearance in this action), French soccer, French tennis, and the 500 teams comprising the European Professional soccer league, have declared that they are relying on the Firms, under the direction of the PL/B Plaintiffs, to lead this effort.  *See* Joint Decl. ¶¶ 9-10; Tur Decl. ¶ 3; Grisman Decl. ¶ 2; Marx Decl. ¶ 4; Hill Decl. ¶ 7-8.

Neither Rule 23(g)(2)(A) nor the Advisory Committee Notes preclude interim appointment of Class counsel merely because proposed interim Class counsel has (to date) been successful in avoiding fractious in-fighting among Class counsel.  Where, as here, there is a need

4

to "protect the interests of the putative class," appointment of interim Class counsel is appropriate, even absent a current rivalry. *See, e.g., Carrier v. Am. Bankers Life Assur. Co. of Florida*, 2006 U.S. Dist. LEXIS 76346, at *2 (D.N.H. 2006) (attorneys may be appointed interim counsel absent rival actions if necessary to facilitate pre-certification discovery and communication with putative class members). This need is especially present in this case; Defendants' continuing infringement of the Class' copyrighted works requires that the Class' claims be prosecuted as efficiently and as quickly as this Court can accommodate.

## CONCLUSION

Appointment of the Firms now as interim Class counsel, although subject to revisiting by the Court at any time, will reduce the number of outside distractions and delay that may prejudice the Class' interests and will allow pressing discovery and other activities to proceed quickly and efficiently, to the benefit of the proposed Class and this Court. Accordingly, the PL/B Plaintiffs respectfully request that this Court act now to appoint Proskauer Rose and Bernstein Litowitz as interim Class counsel on behalf of the putative Class.

Respectfully submitted,

Dated: July 11, 2007
New York, New York

/s/Louis M. Solomon
Louis M. Solomon (LS-7906)
William M. Hart (WH-1604)
Noah S. Gitterman (NG-0106)
Dolores F. DiBella (DD-9637)
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Phone: 212-969-3000

/s/John P. Coffey
Max W. Berger (MB-5010)
John P. Coffey (JC-3832)
John C. Browne (JB-0391)
Eric T. Kanefsky (EK-3511)
BERNSTEIN LITOWITZ
BERGER & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
PHONE: 212-554-1400

*Attorneys for Lead Plaintiffs Premier League and Bourne
and the Prospective Class*

5