ORIGINAL

STANTON J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/07

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

----

THE FOOTBALL ASSOCIATION PREMIER )
LEAGUE LIMITED and BOURNE CO., on )
behalf of themselves and all others similarly )
situated, )
)
)
Plaintiffs, )
)  Case No. 07 Civ. 3582 (LLS)
v. )
)
YOUTUBE, INC., YOUTUBE, LLC, and )
GOOGLE INC., )
)
Defendants. )
)

----

## PROPOSED JOINT RULE 16(b) SCHEDULING ORDER

I. **THE DATE OF THE CONFERENCE AND APPEARANCES FOR THE PARTIES**

   A. Conference Date: July 27, 2007, continued to August 6, 2007.

   B. Plaintiffs' statement concerning Plaintiffs:

   1. The Football Association Premier League Limited and Bourne Co. ("Class Plaintiffs, or "Lead Plaintiffs") and the Proposed Class (references herein to a "class," "class plaintiffs," or "class counsel" are the proposed class):

      (a) Lead Plaintiffs

         (i) Class Plaintiffs for the proposed Class are currently Premier League and Bourne. Counsel for the Lead Plaintiffs are Proskauer Rose LLP and Bernstein Litowitz Berger & Grossmann LLP (collectively "Class Lead Counsel"). Class Lead Counsel reserve the right in the future to propose one or more additional class members as lead plaintiffs or class representatives.

      (b) Additional Named Plaintiffs. Plaintiffs have advised Defendants that, absent stipulation by Defendants concerning the adequacy of

1

the Named Plaintiffs (while reserving all other objections to Class certification), plaintiffs intend to amend the complaint to join additional named plaintiffs. Plaintiffs have advised Defendants that, currently, the additional named plaintiffs who will be added to an amended complaint include class member Cherry Lane Music Publishing Company, Inc., who is represented by Class Lead Counsel, and Class member Cal IV, who is represented by Girard Gibbs LLP; Barrett, Johnson & Parsley; and Burr & Forman, LLP.

C. Defendants' statement concerning Plaintiffs:

1. Defendants' position is that the Plaintiffs in this case currently are those named in the complaint, Premier League and Bourne. References herein to a "class," "class plaintiffs," or "class counsel" are made at the choice of Plaintiffs' counsel, and do not indicate that Defendants agree that a class can or should be certified in this case.

2. Defendants will work in good faith to accommodate reasonable and timely amendment to add Named Plaintiffs. But Defendants have agreed to the current scheduling order based upon the current configuration of parties. Defendants reserve the right to oppose the addition of Named Plaintiffs, or to seek a revised schedule or revised discovery limits, if Defendants would otherwise be prejudiced by the addition of Named Plaintiffs.

D. Defendants:
1. YouTube, Inc., YouTube, LLC, and Google Inc. ("YouTube" or "Defendants") are represented by Bartlit Beck Herman Palenchar & Scott LLP and Wilson Sonsini Goodrich & Rosati, P.C.

## II. A CONCISE STATEMENT OF THE ISSUES AS THEY NOW APPEAR

A. CLASS PLAINTIFFS' STATEMENT:

1. Lead Plaintiffs and the proposed Class (for convenience, Class Plaintiffs) allege that Defendants' creation and operation of their YouTube website willfully violates the intellectual property rights that were created and made valuable by the investment of creativity, time, talent, energy, and resources of content producers other than Defendants.

2. Class Plaintiffs assert several legal claims against Defendants, including direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement.

3. Class Plaintiffs seek damages and an injunction to prohibit Defendants from continuing to violate copyright protection laws.

4. Class Plaintiffs believe that the principal issue in this lawsuit is whether Defendants are entitled to the protections of the Digital Millennium

Copyright Act. Class Plaintiffs intend to establish that Defendants' infringement is not protected by the DMCA, both because Defendants are not eligible for the DMCA's partial defense as a matter of law and because, even were Defendants eligible, they cannot bear their burden of proving each of the nine elements required to qualify for the safe-harbor (e.g., Cmplt ¶¶ 77-86).

5. Class Plaintiffs believe that this case presents a paradigmatic case for class treatment. YouTube is committing massive and widespread copyright infringement against many thousands of copyright holders worldwide. The members of the Class are so numerous that joinder of all members is impracticable. Nor would it be practicable, or in the interests of justice, to require each class member to bring a separate case against YouTube. Lead and Named Plaintiffs hold claims that are typical of Class members generally, and will adequately protect the interests of the Class as this case proceeds. Further, common issues of fact and law predominate over individualized issues. For example, YouTube has consistently asserted that its copyright infringements are not actionable based on the purported safe harbors of the DMCA. This single legal issue is common across class members, will ultimately determine whether YouTube can be liable to any class member, and will by itself predominate over any individualized issues.

B. YOUTUBE'S STATEMENT:

1. Plaintiffs' claims in this lawsuit threaten to silence communications by hundreds of millions of people across the globe who exchange information, news, and entertainment through YouTube's video hosting service.

2. At issue in this case is whether Plaintiffs may properly certify a class consisting of every copyright holder in the world who holds copyrights, whether registered or not, that they claim, whether today or in the future, were infringed by a clip uploaded to YouTube's service. YouTube claims that this proposed class is improper for a host of reasons, including the number of individual issues associated with even a single plaintiff's claim. For example, each plaintiff's claim would require an inquiry into whether the work was properly registered; whether the registration preceded the alleged infringement; whether the work is copyrightable and whether the clip is a fair use of the work; whether the plaintiff has properly preserved the copyright by renewing and providing notice with publication; whether the work was owned by the claimant at the time of the alleged infringement; who uploaded the clip and whether the uploader was authorized by the copyright holder to do so; whether the plaintiff took any action to have the clip removed after it was available on YouTube; and individual damage issues associated with each copyrighted work.

3

3. Plaintiffs claim that YouTube has directly or indirectly infringed plaintiffs' copyrights. An important part of the case will be plaintiffs' identification of the universe of copyrighted works and alleged infringement at issue so that the parties can determine whether plaintiffs own and have registered each of the copyrighted material it claims to have been infringed.

4. Plaintiffs' claims are barred or defeated by the Digital Millennium Copyright Act's (DMCA) Safe Harbor provisions, including 17 U.S.C. § 512(c) and (d). YouTube will show that it respects the importance of intellectual property rights by not only complying with the DMCA's safe harbor obligations but by going well beyond its requirements to protect intellectual property rights, including those of Plaintiffs. By this lawsuit, plaintiffs seek to upset the careful balance that Congress constructed in the DMCA which balances the rights of copyright holders and the need to protect communications on the internet.

5. YouTube asserts the following additional defenses against Plaintiffs' claims: the doctrine of fair use, the doctrine of substantial non-infringing use, estoppel, waiver, laches, lack of standing, preemption, lack of subject matter jurisdiction, failure to state a claim, and express or implied licenses granted by Plaintiffs (e.g., plaintiffs putting their own works on YouTube or permitting others to do the same).

6. Plaintiffs claim actual or statutory damages, as well as injunctive relief. At issue will be Plaintiffs' entitlement to any damages, including whether Plaintiffs have financially benefited from exposure on YouTube, and whether Plaintiffs have failed to mitigate any of their alleged damages.

7. This statement of issues assumes that Plaintiffs are not asserting any claims under foreign copyright law given that none are alleged in plaintiffs' complaint.

## III. IDENTIFICATION OF WORKS IN SUIT

A. In part because Class Plaintiffs contend that discovery from YouTube is necessary to identify the universe of works at issue or instances of infringement, the parties will work in good faith so that the asserted copyrights and alleged infringing works are identified in sufficient time for YouTube to take discovery concerning those asserted copyrights and alleged infringements. If the volume or timing of Plaintiffs' identification of the copyrights or works at issue would prevent requisite discovery, YouTube reserves the right to oppose the addition of such works or alleged infringements, or to seek modification of this order to permit sufficient discovery.

## IV. SCHEDULE

| Event | Date |
|---|---|
| Initial Disclosures | July 19, 2007. Additional Named Plaintiffs shall make initial disclosures within fourteen days of being added to the caption. |
| Amend pleadings in accordance with the Federal Rules (other than to identify additional copyrighted works or parties) | December 31, 2007 |
| **ESI ISSUES** | |
| Complete 30b6 deps on ESI | September 14, 2007 |
| Parties submit ESI Plan to the Court or stipulated by the parties | September 25, 2007 |
| **DISCOVERY** | |
| Parties to exchange documents | Rolling basis commencing 30 days from ESI plan |
| Deadline for document production | March 7, 2008 - Each party agrees to produce 30-40 custodians' documents by this date, such custodians to be identified (to the extent they exist) by the requesting party and/or the disclosing party, at the requesting party's option, and jointly negotiated by the parties to this and the Viacom case, such negotiations to have concluded no later than November 27, 2007. After March 7, 2008, the parties will use their best efforts to produce documents for remaining custodians to be identified as soon as practicable after March 7, 2008. March 7, 2008 will be a "best efforts" date for other non-individual custodial sources. The parties agree that document production will be completed so that the parties will have adequate time to complete depositions by the agreed September 7, 2008 date. Document Production shall be complete by July 7, 2008 |
| Start Third-Party Depositions | November 7, 2007 |
| Start Party depositions | March 7, 2008 |
| Finish fact depositions | September 7, 2008 |
| Fact discovery, including third party discovery, closed | September 7, 2008 |
| Expert reports exchanged | October 7, 2008 |
| Rebuttal reports | November 7, 2008 |
| Expert Depositions completed | December 7, 2008 |
| All discovery completed | December 7, 2008 |
| **CLASS CERTIFICATION** | |

5

| | |
|---|---|
| Class certification motion due | By January 4, 2009[1] |
| Briefing schedule for class certification motion | To be agreed by the parties or determined by the Court at a later scheduling conference. |
| **DISPOSITIVE MOTIONS** | |
| Deadline for filing of dispositive motions | To be agreed by the parties or determined by the Court at a later scheduling conference. |
| **PRE-TRIAL AND TRIAL** | To be agreed by the parties and proposed for the Court's consideration or determined by the Court at a later scheduling conference. |

V.   **THE NAMES OF THE PERSONS TO BE DEPOSED:**

    A.   CLASS PLAINTIFFS:

        1.   The Class will identify persons to be deposed in ample time to complete all fact discovery by December 7, 2008. For present purposes, the Class lists the following:

            (a)   Those persons listed in Defendants' initial disclosures

            (b)   Other relevant fact witnesses to be identified during the discovery period, including 30(b)(6) witnesses on certain topics

    B.   YOUTUBE:

        1.   After document discovery has been exchanged, YouTube intends to depose the following people. This list may be modified as the case progresses. In addition to the list below, YouTube also intends to take 30(b)(6) depositions on ESI topics for Premier League and Bourne Co., will depose third parties with relevant knowledge, and may depose former Premier League and Bourne Co. employees.

            (a)   Richard Scudamore

            (b)   Dave Richards

---

[1] Plaintiffs reserve the right to file the class certification motion earlier if the pace and focus of discovery in the case permits them to determine that is appropriate and provided that in the event the motion is filed substantially earlier than is now contemplated some time after the close of fact discovery the parties will work together to ensure that both parties have the discovery they reasonably need in connection with the motion. Defendants are agreeing to the current schedule on the understanding that class certification will occur at the end of discovery (including expert discovery). Defendants reserve the right to seek (and plaintiffs reserve the right to oppose) a revision to the discovery schedule should Plaintiffs seek class certification at an earlier date.

      (c)    Phil Lines

      (d)    Oliver Weingarten

      (e)    Tammy Knox

      (f)    Mario Berrocal

      (g)    Paul Molnar

      (h)    Dan Johnson

      (i)    Jerry Horan

      (j)    Erik Manson

      (k)    Jordan Pasternak

      (l)    Other relevant fact witnesses to be identified during the discovery period, including 30(b)(6) witnesses on certain topics

## VI. STATEMENT OF ANY LIMITATIONS TO BE PLACED ON DISCOVERY, INCLUDING ANY PROTECTIVE OR CONFIDENTIALITY ORDERS:

  A.  Protective Order Issues:

      1.  The parties have reached agreement on all items in the Protective Order.

      2.  Class Plaintiffs reserve the right to seek to modify the protective order in order to be permitted to share Confidential information with class members who sign a certification to maintain confidentiality, or with persons authorized to receive or review such documents or other materials under a protective order entered in any other action, when such issues become ripe for the Court to decide. Defendants contend that it is not appropriate for anyone other than parties to this case and the Viacom case to have access to the confidential materials disclosed under the joint protective order entered in these cases.

  B.  The parties have agreed to a stipulation regarding the exchange of expert drafts and communications and a non-waiver stipulation.

  C.  Discovery:

      1.  Class Plaintiffs and YouTube have agreed that, to the extent practicable, discovery will be coordinated with the Viacom Action. The plaintiffs in the Viacom Action ("Viacom Plaintiffs") and the Class Plaintiffs are jointly referred to as "the Collective Plaintiffs" for purposes of this section.

7

2. All parties to this action and the Viacom Action agree that (i) documents produced in one action shall be deemed produced in both actions, (ii) depositions taken in one action shall be deemed taken in both actions, and (iii) interrogatories asked and answered in one action shall be deemed asked and answered in both actions.

3. Format of discovery. The parties will negotiate an ESI Plan, together with the Viacom Plaintiffs.

4. Expert Depositions:

No subpoenas need be served on any testifying expert for whom a report is provided. Instead, the party or parties retaining such expert will make such expert available for deposition, at a time mutually agreed to by the parties, consistent with the Court's scheduling order. Unless otherwise agreed between the parties, depositions of experts will be held at a location specified by counsel for the party producing the witness.

D. The parties jointly propose the following additional limitations on discovery:

1. In an effort to coordinate their efforts and streamline discovery, the parties have agreed to the following limits on the time of depositions and interrogatories.

2. Fact depositions: The Collective Plaintiffs may together take up to 225 hours of deposition testimony of YouTube witnesses. The Collective Plaintiffs may together take up to 150 hours of deposition testimony of third parties. YouTube may take up to 225 hours of deposition testimony of the Collective Plaintiffs, and 150 hours of deposition testimony of third parties. This proposal:

   (a) Includes a *maximum of 25 hours for each side for ESI depositions* under Rule 30(b)(6); for example, YouTube may take up to 25 hours of ESI related depositions of the Collective Plaintiffs, and the Collective Plaintiffs in aggregate may take up to 25 hours of ESI related depositions of YouTube.

   (b) Limits each fact witness deposition to 7 hours, except 30(b)(6) depositions; *provided*, that the parties may extend this limitation by agreement for specific depositions and will cooperate in good faith to reach such agreement, and provided that if the parties cannot reach agreement in a particular case the noticing party may seek such extension from the Court for good cause;

   (c) Assumes that cross-examination of a party counts against the cross examining party's time limits (not the party that noticed the deposition);

  (d) Assumes that each party shall give a good faith estimate of how long it will take with each witness 48 hours prior to the deposition;

  (e) Assumes that there shall be no speaking objections and no excessive colloquy of opposing counsel counted in the time allotments.

 3. Interrogatories

  (a) Defendants may serve 25 interrogatories on Class Plaintiffs, and the Class Plaintiffs together may serve a total of 25 interrogatories on Defendants.

   (i) An interrogatory that asks for a certain piece of information for each plaintiff counts as one interrogatory.

## VII. ANTICIPATED FIELDS OF EXPERT TESTIMONY, IF ANY

A. Plaintiffs

1. Expert testimony includes, but is not limited to the following fields: statistician(s), economist(s), information technology, internet advertising expert(s), and industry expert(s). Note that this listing is based on Class Plaintiffs' understanding of YT/G's defenses under the DMCA.

B. YouTube

1. Technological issues, including methods of screening for copyrighted content and Plaintiffs' failure to take reasonable measures to protect their copyrighted works.

2. Industry practices re: DMCA compliance.

3. Internet issues (e.g., Internet advertising).

4. Statistics.

5. Damages, including alleged damages to plaintiffs and alleged benefit to defendants.

## VIII. AMENDMENT AND ALTERING OF SCHEDULING ORDER:

A. This Scheduling Order may be altered or amended in accordance with Fed. R. Civ. P. 16.

9

IX. NAMES, ADDRESS, PHONE NUMBERS AND SIGNATURES OF COUNSEL

   A. Class Plaintiffs:[2]

   1.  Louis M. Solomon (LS-7906)
       William M. Hart (WH-1604)
       Colin A. Underwood (CU-3445)
       Noah S. Gitterman (NG-0106)
       Dolores F. DiBella (DD-9637)
       PROSKAUER ROSE LLP
       1585 Broadway
       New York, NY 10036-8299
       Phone: 212-969-3000
       John P. Coffey (JC-3832)
       Max W. Berger (MB-5010)
       John C. Browne (JB-0391)
       Eric T. Kanefsky (EK-3511)
       Lauren A. McMillen (LM-1687)
       BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP
       1285 Avenue of the Americas, 38th Floor
       New York, NY 10019
       Phone: 212-554-1467

   2.  Cal IV Music
       Daniel C. Girard
       Aaron Sheanin
       GIRARD GIBBS LLP
       601 California Street
       Suit 1400
       San Francisco, CA 94108
       Telephone (415) 981-4800

       Gerald E. Martin
       Laurel Alyson Johnston
       BARRETT, JOHNSON & PARSLEY
       217 Second Avenue, N
       Nashville, TN 37201
       Telephone (615) 244-2202, (615) 252-3798
       Facsimile (615) 252-3798

       Kevin Doherty
       BURR & FORMAN, LLP
       700 Two American Center

---

[2] Includes all counsel who have indicated an intent to appear in the Class Action on behalf of Lead, Named or other Class Plaintiffs.

        3102 West End Avenue
        Nashville, TN 37203
        Telephone (615) 724-3211
        Facsimile (615) 724-3290

3.    The Music Force LLC
        Christopher Lovell
        Lovell Stewart Halebian LLP
        500 Fifth Avenue
        New York, NY 10110
        (212) 608-1900
        Fax: (212) 719-4677

B.    YouTube:

        David H. Kramer
        Bart E. Volkmer
        Wilson Sonsini Goodrich & Rosati P.C.
        650 Page Mill Road
        Palo Alto, CA 94304
        Telephone (650) 493 9300
        Facsimile (650) 493-6811

        Tonia Marie Ouellette Klausner
        Emily Alice Smith
        Wilson Sonsini Goodrich & Rosati P.C.
        1301 Avenue of the Americas
        40th Flr.
        New York, NY 10019
        Telephone (212) 999-5800
        Facsimile (212) 999-5899

        Philip S. Beck (pro hac pending)
        Mark S. Ouweleen (pro hac pending)
        Rebecca Weinstein-Bacon (pro hac pending)
        Shayna S. Cook (pro hac pending)
        Carrie A. Jablonski (pro hac pending)
        Bartlit Beck Herman Palenchar & Scott LLP
        Courthouse Place
        54 W. Hubbard St.
        Suite 300
        Chicago, IL 60610
        Telephone (312) 494-4465
        Facsimile (312) 494-4440

**JOINTLY SUBMITTED BY THE PARTIES:**

August 4, 2007

_____
Attorney for Plaintiffs

_____
Attorney for Defendants

X.  PROVISION FOR APPROVAL OF THE COURT AND SIGNATURE LINE FOR THE COURT

ORDERED, that this proposed scheduling order has been agreed to by parties in the above-captioned actions, and is deemed sufficient.

Dated: New York, New York

August 8, 2007

SO ORDERED:

_____
HONORABLE LOUIS L. STANTON, U.S.D.J.