*YouTube may file a sur-reply.*
*So ordered.*

*Louis L. Stanton*
*3/31/08*

MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrown.com

March 28, 2008

3/31/08

Andrew H. Schapiro
Direct Tel (212) 506-2672
Direct Fax (212) 849-5895
aschapiro@mayerbrown.com

The Honorable Louis L. Stanton
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2250
New York, NY 10007

Re:   *Viacom Int'l Inc. et al. v. YouTube, Inc., et al.*,
      Case No. 07-cv-2103 (LLS); *The Football Ass'n
      Premier League Ltd. and Bourne Co., et al. v.
      YouTube, Inc. et al.*, Case No. 07-cv-3582 (LLS)

Dear Judge Stanton:

On behalf of Defendants YouTube, Inc., YouTube LLC, and Google Inc. ("YouTube"), we write to object to the presentation of new evidence and legal arguments in Plaintiffs' Joint Reply in Support of Plaintiffs' Joint Motion to Compel ("Pls. Reply"). YouTube requests permission to file a short sur-reply responding to the new material that Plaintiffs have presented. Alternatively, YouTube ask that this improper material not be considered by the Court.

In support of their 37 page Motion to Compel, Plaintiffs filed a 62 page reply brief along with new declarations from expert and fact witnesses, and more than a dozen new exhibits. Plaintiffs' brief also includes a variety of new arguments and evidence that could and should have been presented in connection with their original motion. In so doing, Plaintiffs have disregarded this Court's established rules governing the introduction of new material for the first time in reply briefs.

A few examples illustrate the problem. *First*, Plaintiffs' reply includes a number of entirely new legal arguments not made in their opening brief. *See, e.g.*, Pls. Reply 6 (arguing for the first time that CMS source code is relevant to show what YouTube theoretically could do to prevent infringement, and offering new expert declaration of Randall Davis as support); *id.* at 37 (arguing that YouTube's proposal to produce a subset of removed videos rather than the entire universe would invade Plaintiffs' work product privilege and "internal investigatory efforts"); *id.* at 50-51 (arguing new theories of relevance for Google Ads Database schema, including its alleged relevance to "Plaintiffs' secondary infringement claims, and to a showing of willfulness.").

*Second*, as support for their argument concerning private videos, Plaintiffs offered new evidence in the form of the "Content Identification and Management Agreement" between Google and Viacom. *See* Reply Declaration of Scott B. Wilkens In Support of Plaintiffs' Motion

The Honorable Louis L. Stanton
March 28, 2008
Page 2

to Compel ("Wilkens Reply Decl."), Ex. T. Under this agreement, Viacom is now a participant in YouTube's Content Management System ("CMS") and has the ability to use YouTube's Video ID technology to take down clips that match reference samples that Viacom provides to YouTube. Plaintiffs argue that this Agreement is evidence that "Defendants disclose [private] videos to third party content owners as part of their regular business dealings." Pls. Reply 57. If Plaintiffs intended to make this argument, they were obliged to do so (and submit any supporting evidence) with their opening motion. Instead, Plaintiffs waited until their reply, thereby denying YouTube the opportunity to respond to Plaintiffs' mischaracterization of the evidence. Had Plaintiffs done so, YouTube would have been able to explain that it does not provide private videos to content partners without express user consent. If a private video is flagged as a "match" to a reference sample, YouTube does not provide the video to the copyright owner unless and until the user who uploaded the video affirmatively and specifically consents to the disclosure. Thus, contrary to the argument that Plaintiffs present in their reply, the CMS Agreement actually undermines their consent theory under the Electronic Communications Privacy Act.

*Third*, in their opening brief, Plaintiffs argued that they need actual copies of the removed videos because CMS is not sufficient to allow them to identify alleged infringements. *See* Memorandum of Law in Support of Plaintiffs' Joint Motion to Compel 12. They cited no evidence in support of that claim. Only on reply did Plaintiffs offer such evidence – in the form printouts from the YouTube website that Plaintiffs say depict public videos on YouTube that are purportedly "infringing" (though *none* of these clips has been identified as a work-in-suit). Pls. Reply 30; Wilkens Reply Decl., Ex. B. There is no reason why Plaintiffs could not have submitted this evidence in connection with their original motion, and no justification for only doing so now. And Plaintiffs' tactic is unfair. Had the material been submitted in a timely manner, YouTube would have been able to point out that "thumbnails" from videos as shown in the printouts are exactly the type of information Plaintiffs could view in CMS Descriptive Text Search and use as a basis for requesting copies of the videos.

It is inappropriate for Plaintiffs to make only skeletal arguments in their opening brief, while fleshing out and providing evidentiary support for those arguments only on reply. YouTube therefore asks the Court to allow the filing of a sur-reply. Alternatively, the Court should decline to consider the new matter submitted for the first time in Plaintiffs' reply. *See, e.g., Wolters Kluwer Fin. Svcs. Inc. v. Scivantage*, 2007 WL 1098714, at *1 (S.D.N.Y. Apr. 12, 2007); *Viacom Int'l Inc. v. Kearney*, 1999 WL 92601, at *5 n. 2 (S.D.N.Y. Feb. 22, 1999).

                                                                                                                Respectfully submitted,

                                                                                                                Andrew H. Schapiro

cc: All counsel