**JENNER&BLOCK**

BY HAND

April 1, 2008

Honorable Louis L. Stanton
United States District Judge
United States Court House
500 Pearl Street, Rm. 2250
New York, NY 10007

Jenner & Block LLP        Chicago
919 Third Avenue          Dallas
37th Floor                New York
New York, NY 10022        Washington, DC
Tel 212-891-1600
www.jenner.com

Susan J. Kohlmann
Tel 212 891-1690
Fax 212 909-0821
skohlmann@jenner.com

DATE: 4/2/08

Re: *Viacom Int'l Inc. et al. v. YouTube, Inc., et al.*, Case No. 1:07-cv-02103 (LLS)
*The Football Ass'n Premier League, et al. v. YouTube, Inc., et al.*, 07 Civ. 3582 (LLS)

Dear Judge Stanton,

I write on behalf of the Plaintiffs in the above-referenced actions to respectfully request that the Court reconsider its order granting Defendants leave to file a surreply in opposition to Plaintiffs' motion to compel.

*Denied.*
*Louis L. Stanton*
*4/1/08*

At the outset, we feel constrained to note that Defendants did not send a copy of their March 28 letter to Plaintiffs until almost 7 p.m. on Friday evening, even though they indicated that they delivered it to the Court earlier that afternoon. That was the first time Plaintiffs learned of Defendants' asserted objection to Plaintiffs' reply brief or Defendants' desire to file a surreply. Even though Plaintiffs filed their reply two weeks ago (on March 14), at no point did Defendants raise this issue with Plaintiffs, despite numerous communications between the parties. Plaintiffs respectfully request an opportunity to be heard on this matter and ask that the Court reconsider its order in light of the arguments presented herein.

Defendants have already filed what is in effect a surreply to a substantial portion of Plaintiffs' motion to compel. Defendants combined their opposition to Plaintiffs' motion to compel with a self-styled "motion for protective order" against production of source code for the YouTube search function. As a result, Defendants added a new round of briefing to the schedule previously negotiated by the parties and "so ordered" by the Court, because they were able to use their reply in support of the "motion for a protective order" to respond to the arguments Plaintiffs made in their reply in support of their motion to compel – in effect a surreply to Plaintiffs' motion to compel on the search code issue. Rather than burden the Court by objecting to Defendants' strategem, Plaintiffs agreed to a schedule for Defendants to file their additional round of briefing after Plaintiffs filed their reply on March 14 – *more than two weeks ago*. In fact, after Plaintiffs filed their reply on March 14, Defendants requested, and Plaintiffs agreed to, a further extension of time for Defendants to file their reply in support of their "motion for protective order" because Defendants stated that they needed more time *to respond to Plaintiffs' reply brief*. This request was so ordered by the Court based on my joint letter of March 19. At the time, Plaintiffs had no idea that Defendants intended to ask on March 28 for an *additional* extra round of briefing that would further delay resolution of these motions.

MEMORANDUM ENDORSED

16514.1

Honorable Louis L. Stanton
April 1, 2008
Page 2

Against this background, it is difficult to understand Defendants' request for additional briefing as anything other than an effort to further delay resolving the outstanding motions to compel. There is simply no merit to Defendants' claim that Plaintiffs presented inappropriate "new material" in their reply brief, and certainly nothing that warrants a further round of briefing. Plaintiffs' reply papers did nothing more than respond to issues raised by Defendants in opposition and amplify points already made in Plaintiffs' opening brief. Defendants can hardly take issue with this approach given that their own reply in support of their own motion to compel includes new arguments, a new attorney affidavit, and new exhibits, See Reply in Support of Defendants' Motion to Compel and the supporting Declaration of Michael H. Rubin, filed March 14, 2008. Similarly, Defendants reply in support of their motion for a protective order includes new arguments and new attorney and fact witness affidavits. Reply in Support of Defendants' Cross-Motion for Protective Order and supporting Declaration of Michael H. Rubin and Declaration of Amit Singhal, dated March 28, 2008. Plaintiffs have not sought leave to file surreplies to those motions because they do not wish to burden the Court with additional rounds of briefing.

In all events, the request for a surreply lacks any basis. Although Defendants claim that Plaintiffs "have disregarded this Court's established rules governing the introduction of new material for the first time in reply briefs," Defendants never state what those established rules are. That is unsurprising, because under the established rules the arguments and evidence presented in Plaintiffs' reply papers are entirely proper. It is clear that "[r]eply papers may properly address new material issues raised in the opposition so as to avoid giving unfair advantage to the answering parties." *Bayway Refining Co. v. Oxygenated Marketing and Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (quoting *Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y.1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992)).[1] Plaintiffs' reply brief properly responds to matters placed in issue by Defendants in their opposition papers and amplifies points made in Plaintiffs' opening brief. *See Litton*, 767 F. Supp. at 1235; *Travelers Ins. Co.*, 735 F. Supp. at 495. Defendants' request for leave to file a surreply, or for the Court to disregard Plaintiffs' arguments and evidence should be denied. *Travelers Ins. Co.*, 735 F. Supp. at 495-96 (denying request to file a surreply); *Bonnie*, 945 F. Supp. at 708-09 (same).

Defendants are simply incorrect in asserting that in their reply brief Plaintiffs "argued for the first time that CMS source code is relevant to show what YouTube theoretically could do to prevent infringement." Defs. Ltr. at 1. In fact, Plaintiffs argued in their opening brief that the CMS source code "is relevant to Defendants' ability to identify Plaintiffs' copyrighted content, as well as other unauthorized content, on the YouTube website," and to "Defendants' right and ability to control that infringement" Pls. Mot. at 27. Plaintiffs' reply brief amplifies this point and responds to extensive arguments made in Defendants' opposition regarding the relevance of the CMS source code. Defs. Opp. at 5-14.

---

[1] *See also Mattera v. Clear Channel Comm'cns*, 239 F.R.D. 70, 74 n.4 (S.D.N.Y. 2006); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F.Supp. 492, 495 (S.D.N.Y.), *vacated in part on other grounds*, 739 F.Supp. 209 (S.D.N.Y.1990); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F.Supp. 693, 708 (S.D.N.Y. 1996).
16514.1

Honorable Louis L. Stanton
April 1, 2008
Page 3

      Defendants are also incorrect in claiming that Plaintiffs argued "new theories of relevance for [the] Google Ads Database schema, including its relevance to 'Plaintiffs' secondary infringement claims, and to a showing of willfulness.'" Defs. Ltr. at 1. In fact, Plaintiffs' opening brief argues that the Google Ads Database schema is relevant to "whether YouTube received 'a benefit directly attributable to the infringing activity on its website,'" which is a component of Plaintiffs' claims for vicarious copyright infringement and Defendants' DMCA defense. Pls. Mot. at 21-22. Plaintiffs also argued in their opening brief that the schema is "relevant to . . . whether Defendants have willfully infringed Plaintiffs' copyrighted works." *Id.* Again, Plaintiffs' reply brief simply amplifies these points and responds to arguments made in Defendants' opposition regarding the relevance of the schema. Defs. Opp. at 24-25.[2]

      Plaintiffs' reply filing also properly included the "Content Identification and Management Agreement" between Google and Viacom. In their letter, Defendants fail to mention that the agreement was not entered into by Viacom and Google until twelve days *after* Plaintiffs filed their motion to compel, and thus could not have been included in the original motion papers. Although the agreement had been entered into by the time Defendants filed their opposition to Plaintiffs' motion, Defendants failed to inform the Court of the agreement – presumably because it contradicted the arguments set forth in their opposition. Plaintiffs submitted the contract in reply to Defendants' assertion in their opposition papers that "[o]nly individuals specifically identified by the user are authorized to access his or her private videos." Defs. Opp. at 36. Defendants cannot plausibly contend that they were blindsided, given that they are a party to the contract and expressly agreed under the terms of the contract that it could be submitted as evidence before this Court. Furthermore, any claimed need to submit a surreply is now moot, given that Defendants have already responded on the merits in their letter to the Court. *See* Defs. Ltr. at 2.

      As a justification for their request for leave to file a surreply, Defendants assert that Plaintiffs' opening brief "cited no evidence in support of [their] claim" that "CMS is not sufficient to allow [Plaintiffs] to identify alleged infringements." Defs. Ltr. at 1. In fact, Plaintiffs' opening brief cited an attorney declaration and attachments thereto in support of the argument that CMS is inadequate. Pls. Mot. at 12. The material included in Plaintiffs' reply papers responds directly to arguments and statements made in Defendants' opposition papers. *See* Defs. Opp. at 28-29. Again, any claimed need to submit a surreply is now moot, given that Defendants have already responded on the merits in their letter to the Court. *See* Defs. Ltr. at 2.

---

[2] In arguing in reply that Defendants' proposal regarding removed videos is inadequate because it would invade Plaintiffs' work product privilege and "internal investigatory efforts," Plaintiffs were responding to arguments that Defendants made in their opposition papers about the reasonableness of their proposal. *See* Defs. Opp. at 28-30.
16514.1

Honorable Louis L. Stanton
April 1, 2008
Page 4

Thus, for all of the above stated reasons, Plaintiffs respectfully request that this Court deny the requests made in Defendants' March 28 letter.

Respectfully submitted,

Susan J. Kohlmann

CC:   All counsel in the *Viacom* and the *Premier League* actions

16514.1