**ORIGINAL**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

VIACOM INTERNATIONAL INC.,
COMEDY PARTNERS,
COUNTRY MUSIC TELEVISION, INC.,
PARAMOUNT PICTURES CORPORATION,
and BLACK ENTERTAINMENT TELEVISION
LLC,

Plaintiffs,

v.

YOUTUBE, INC., YOUTUBE, LLC, and
GOOGLE INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 07-CV-2103
Judge Stanton

**SECOND AMENDED
STIPULATED PRE-TRIAL
PROTECTIVE ORDER**

THE FOOTBALL ASSOCIATION PREMIER
LEAGUE LIMITED, BOURNE CO. (together
with its affiliate MURBO MUSIC PUBLISHING,
INC.), CHERRY LANE MUSIC PUBLISHING
COMPANY, INC., CAL IV ENTERTAINMENT
LLC, ROBERT TUR d/b/a LOS ANGELES
NEWS SERVICE, NATIONAL MUSIC
PUBLISHERS ASSOCIATION, THE RODGERS
& HAMMERSTEIN ORGANIZATION, STAGE
THREE MUSIC (US), INC., EDWARD B.
MARKS MUSIC COMPANY, FREDDY
BIENSTOCK MUSIC COMPANY d/b/a
BIENSTOCK PUBLISHING COMPANY,
ALLEY MUSIC CORPORATION, X-RAY DOG
MUSIC, INC., FEDERATION FRANCAISE DE
TENNIS, THE SCOTTISH PREMIER LEAGUE
LIMITED, THE MUSIC FORCE MEDIA
GROUP LLC, THE MUSIC FORCE LLC, and
SINDROME RECORDS, LTD. on behalf of
themselves and all others similarly situated,

Plaintiffs,

v.

YOUTUBE, INC., YOUTUBE, LLC and
GOOGLE, INC.,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 07-CV-3582
Judge Stanton

WHEREAS Viacom International, Inc., Comedy Partners, Country Music Television, Inc.,

Paramount Pictures Corporation, Black Entertainment Television LLC; The Football Association Premier League Limited, Bourne Co. (together with its affiliate Murbo Music Publishing, Inc.), Cherry Lane Music Publishing Company, Inc., Cal IV Entertainment, LLC, Robert Tur d/b/a/ Los Angeles News Service, National Music Publishers Association, The Rodgers & Hammerstein Organization, Stage There Music (US), Inc., Edward B. Marks Music Company, Freddy Bienstock Music Company d/b/a Bienstock Publishing Company, Alley Music Corporation, X-Ray Dog Music, Inc., Federation Francaise de Tennis, The Scottish Premier League Limited, The Music Force Media Group LLC, The Music Force LLC, and Sindrome Records, Ltd.; and YouTube, Inc., YouTube, LLC and Google Inc., the parties to these actions (collectively, the "parties" and individually a "party"), believe that in the course of these actions certain information, documents, and testimony are likely to be disclosed and produced through discovery that may constitute or incorporate trade secrets and other confidential research, development, or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure.

WHEREAS the parties believe that entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure is necessary to protect such trade secrets and other confidential research, development, or commercial information; and

WHEREAS, the Court finds that good cause exists for the entry of this protective order in this action pursuant to Rule 26(c) of the Federal Rules of Civil Procedure in order to protect trade secrets and other confidential research, development, or commercial information,

IT IS HEREBY AGREED AND ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the discovery taken by the parties in the above captioned cases, or by any parties that are added to either of the above-captioned cases, shall be conducted under the following terms:

2

1.      Any documents, things or information produced or otherwise furnished by any of the parties in discovery that is not generally known and that the producing party would normally not reveal to third parties, or if disclosed, would require such third parties to maintain in confidence, may be designated CONFIDENTIAL by the producing party or a party who is the original source of the document or information. The producing party shall effectuate the designation of CONFIDENTIAL documents or information by stamping or marking on the documents or other material the term CONFIDENTIAL or if the material cannot be so marked, by stamping or marking the term CONFIDENTIAL on the CD-ROM or DVD-ROM containing the documents or other material. Those documents or information shall be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this case. To the extent that any such items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents. As provided by Paragraph 21, use of such documents and information at trial shall be governed by the Pretrial Order, not this provision.

2.      Documents or other materials designated as CONFIDENTIAL by the parties shall be restricted to the following persons:

        a.      The Court and its employees;

        b.      outside counsel retained by a party for representation in this case, including associated personnel necessary to assist outside counsel in the case, such as paralegals, litigation assistants, clerical staff, technical staff, and vendors who are actively engaged in assisting such counsel with respect to this litigation;

3

   c. any certified shorthand or court reporters retained to report a deponent's testimony taken in this litigation;

   d. experts or any person retained or used by counsel for any party to assist counsel with respect to this litigation, and clerical, administrative or support staff (including staff such as research assistants and analysts) of such experts

   e. persons shown on the face of the document to have authored or received it,

   f. deposition or trial witnesses (including use in connection with the preparation of said witnesses) to the extent necessary in connection with this matter;

   g. any person whom the parties agree, in advance and in writing, may receive such protected information;

   h. employees of any party, as reasonably necessary for purposes of this litigation, for use only in connection with this litigation;

Documents or other material that a non-party designates as CONFIDENTIAL shall be restricted to the persons listed in ¶ 2(a) - (f) and ¶ 2(h). Such material may also be shared with any person whom the producing non-party agrees in advance and in writing may receive such protected information.

   3. Any documents, things or information produced or otherwise furnished by any of the parties in discovery that the producing party reasonably believes in good faith to contain source code; nonpublic patent applications or related things and documents; technical research and development information; revenue share or confidential pricing information; confidential commercial, material or other non-public terms in business agreements with third parties; competitive business strategies and forward-looking business plans, including identification of targets for potential investments, marketing plans, forecasts, and financial performance

targets for potential investments. marketing plans, forecasts, and financial performance parameters; market share and revenue projections; valuation of investments or potential investments (including licensing agreements, equity investments and acquisitions); due diligence materials related to investments or potential investments (including licensing agreements, equity investments and acquisitions); nonpublic concepts and plans for new entertainment programming; personally identifying information concerning users (which shall not be construed to include any information a user posts or uploads for public viewing on any website); advertising rates (e.g., cost per mille, click, or action); proprietary information regarding web site traffic; or commercially sensitive database schemas, may be designated HIGHLY CONFIDENTIAL by the producing party or a party who is the original source of the document or information. Such designation shall be made by marking the documents or material (or part(s) thereof) in a conspicuous manner or if the material cannot be so marked, by stamping or marking the term HIGHLY CONFIDENTIAL on the CD-ROM or DVD-ROM containing the documents or other material. The marking shall state HIGHLY CONFIDENTIAL or some similar marking. Access to materials designated HIGHLY CONFIDENTIAL and to any portion of any transcript, brief, affidavit, memorandum or other paper that contains, reveals or refers to materials so designated is limited to those persons set forth in paragraphs 2(a) – (g) above. To the extent that any such items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked HIGHLY CONFIDENTIAL and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents. As provided by Paragraph 21, use of such documents and information at trial shall be governed by the Pretrial Order, not this provision. Documents or other material that a non-party designates as HIGHLY CONFIDENTIAL shall be restricted to the persons listed in ¶ 2(a) - (f). Such material may also

5

be shared with any person whom the producing non-party agrees in advance and in writing may receive such protected information.

4.     Any documents, things or information produced or otherwise furnished by any of the parties in discovery that are designated "Confidential" or "Highly Confidential" and contain a party's Source Code may be designated "RESTRICTED CONFIDENTIAL-SOURCE CODE."

    a.     Source Code will be produced to designated outside counsel for the requesting party ("Source Code Custodian") on a portable hard disk drive ("HDD"). Any supplemental production of Source Code shall be made consistent with the means for production provided herein, or by a means agreed to by the parties, at the option of the producing party. No party can request that more than three (3) duplicate HDDs be produced to the Source Code Custodian.

    b.     At the producing party's option, the Source Code, HDD, or both may be encrypted prior to production. Information necessary to gain access to encrypted Source Code or an encrypted HDD shall be provided by counsel for the producing party to the Source Code Custodian by reasonable means meeting the security interests of the producing party;

    c.     Access to information designated RESTRICTED CONFIDENTIAL-SOURCE CODE shall be limited to Source Code Custodians and experts retained or used by counsel for any party to assist counsel with respect to this litigation.

    d.     The Source Code shall be viewed only on non-networked computers in secure, locked areas within the confines of a United States office of the individuals identified in Paragraph 4(c);

    e.     Electronic copies of Source Code shall only be made within the confines

6

of the HDD, however a Source Code Custodian may include excerpts of Source Code of length no more than necessary for purposes of the litigation in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("Restricted Confidential Documents").

      f.    To the extent excerpts of Source Code are quoted in a Restricted Confidential Document, Source Code Custodians and the persons described in paragraphs 2(a)-(d), shall be permitted to store and access Restricted Confidential Documents on a computer and on a computer network that limits access to only necessary viewers; Source Code Custodians and the persons described in paragraph 2(a)-(d), may also send Restricted Confidential Documents to authorized persons via electronic mail;

      g.    To the extent portions of Source Code are quoted in a Restricted Confidential Document, those pages or exhibits containing quoted Source Code will be separately bound, stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE. When any Restricted Confidential Document is filed with the Court, the separately bound portion stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE shall be filed under seal. When hard copies of any Restricted Confidential Document are retained in the offices of the Source Code Custodian, the Source Code Custodian shall keep the separately bound portions stamped and treated as RESTRICTED CONFIDENTIAL-SOURCE CODE in a secure, locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration;

      h.    Each Restricted Confidential Document or draft thereof containing Source Code stored on a computer or computer network shall be individually password-protected

7

so as to limit access to authorized persons;

      i.      Any and all printouts or photocopies of Restricted Confidential Documents or documents that otherwise contain Source Code shall be marked "RESTRICTED CONFIDENTIAL-SOURCE CODE." Should such printouts or photocopies be transferred back to electronic media, such media shall continue to be labeled "RESTRICTED CONFIDENTIAL-SOURCE CODE" and shall continue to be treated as such.

      j.      The Source Code Custodian shall maintain a log of all Restricted Confidential Documents  or other files containing Source Code that are printed or photocopied.

      k.      If the Source Code Custodian or a party's expert, described in paragraph 2(d), makes printouts or photocopies of portions of Source Code, the Source Code Custodian shall keep the printouts or photocopies in a secured locked area of the office of the Source Code Custodian or destroy them in a manner that ensures they cannot be salvaged, such as cross-shred shredding or incineration.

      l.      The Source Code Custodian may temporarily keep or view the HDD or other materials containing Source Code at:  (i) the sites where any depositions relating to the Source Code are taken for the dates associated with the taking of the deposition; (ii) the Court; or (iii) any intermediate location reasonably necessary to transport the information (e.g., a hotel prior to a deposition), provided that the Source Code Custodian takes all necessary precautions to protect the confidentiality of the HDD or other materials containing Source Code while the materials are in such intermediate locations.

5.      Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated in the same manner as material marked CONFIDENTIAL or HIGHLY CONFIDENTIAL.

6.      In the case of a deposition:

a.      Deposition transcripts shall be deemed temporarily designated as HIGHLY CONFIDENTIAL, provided that within thirty (30) days after receipt of the transcript, counsel shall review the transcript and designate only those pages of the transcript that the designating party believes constitute, reflect, or disclose HIGHLY CONFIDENTIAL information. If no specific designation is made, the entire transcript will be deemed CONFIDENTIAL. Notwithstanding any automatic or specific designations under this paragraph, the other parties may object to HIGHLY CONFIDENTIAL or CONFIDENTIAL designations pursuant to paragraph 11.

b.      Counsel for any party or the witness may also designate during a deposition that certain information disclosed during a deposition is to be treated as HIGHLY CONFIDENTIAL by indicating on the record of the deposition and shall be part of a separate transcript of such material.

c.      Notwithstanding the automatic designation of the deposition transcript as HIGHLY CONFIDENTIAL pursuant to Paragraph 6(a), in-house counsel may attend any depositions. In-house counsel may be required to leave for portions of the deposition at the request of counsel taking or defending the deposition, or at the request of counsel for the deponent if the deponent is a non-party, if that portion of the deposition involves information designated on the record as HIGHLY CONFIDENTIAL.

9

     d.     When information or documents designated HIGHLY CONFIDENTIAL are disclosed or discussed during a deposition, counsel for the witness or any party who may be affected by disclosure shall have the right to exclude from attendance during that portion of the deposition any person who is not entitled to receive such HIGHLY CONFIDENTIAL information or documents pursuant to this Order. The presence of in-house counsel at a deposition (or the failure to request in-house counsel to leave for portions of a deposition when HIGHLY CONFIDENTIAL information is discussed) does not constitute a waiver or preclude a party from designating all or part of the transcript of that deposition HIGHLY CONFIDENTIAL.

     7.     An expert or any person retained or used by counsel for any party to assist counsel with respect to this litigation ("expert") may be shown Highly Confidential documents, things and information after compliance with this provision. (This provision does not apply to employees of a party who may provide expert advice or testimony but who will not see any other party's Highly Confidential information.) Any person working to support an expert shall be subject to this disclosure procedure if that person has himself served as a consultant or expert directly (rather than in a supporting capacity) on consulting or litigation matters that must be included on a CV under subparagraph a.

     a.     Before an expert reviews Highly Confidential information produced by any party in these cases (including any information that the retaining party has designated or intends to designate as Highly Confidential), the retaining party must disclose the identity of the expert to the other parties, along with a copy of the expert's curriculum vitae, including a list of non-litigation consulting retentions and list of matters in which the expert has been retained as a testifying expert (including testifying by deposition)

10

within the preceding 5 years. Within 7 calendar days of such disclosure, another party may object to the expert if the objecting party believes that additional protections beyond those set forth in this Protective Order are necessary to protect that party's Highly Confidential information with respect that expert. If no objection is made within 7 calendar days of the disclosure of the expert's identity, then any such objection is waived, and the expert may view all Highly Confidential information produced in the case. The identities of the experts disclosed under this provision shall be treated as CONFIDENTIAL information under this protective order.

b. If a timely objection is made under subparagraph (a), the parties shall meet and confer to attempt to resolve the objection during the following 10 calendar days. If an agreement is reached resolving the issue within the 10-day meet-and-confer period, the agreement shall be filed with the Court.

c. If no agreement is reached with the 10-day meet-and-confer period under subparagraph (b), the objecting party may file a motion within 5 calendar days for an additional protective order concerning the expert's access to that party's Highly Confidential documents. If no motion for additional protective order is made within 5 calendar days after the expiration of the 10-day meet-and-confer period provided by subparagraph (b), then any objection is waived and the expert may view all Highly Confidential information produced in the case.

d. If a motion for additional protective order is timely filed within the 5-day period provided by subparagraph (c), the party retaining the expert shall have 3 calendar days to respond. No discovery of any kind shall be permitted in connection with such motion. It shall be the duty of both the objecting party and the responding party to

11

request expedited resolution of the dispute by the Court. There shall be a rebuttable presumption that the existing provisions of this Protective Order are adequate, and the objecting party shall have the burden of persuasion to establish that additional protections, beyond the restrictions imposed by this Protective Order, are necessary under the standards of Fed. R. Civ. P. 26(c) to protect the party's Highly Confidential information. Relief that prohibits a retained expert's access to Highly Confidential information shall only be imposed if the Court is unable to impose other protections that reasonably safeguard the party's Highly Confidential information while also preserving the ability of the expert to access such information in order to assist counsel of the party retaining the expert.

       e.      No party shall be entitled to take any discovery of or regarding any expert disclosed hereunder, unless such expert is disclosed as a testifying expert pursuant to Fed. R. Civ. P. 26(a)(2)(A). Discovery of such testifying experts shall be governed by the Stipulations Regarding Expert Discovery entered into by the parties in these cases. All other experts whose identities are disclosed hereunder shall be deemed to be consulting experts, and the activities, communications, impressions, and opinions of such experts shall be deemed to be privileged work product as to which no discovery may be had. An expert who is an employee of a party shall not have access to documents or information designated by a producing non-party as HIGHLY CONFIDENTIAL. An expert other than a party employee may be shown Highly Confidential information produced by a non-party, provided that the party retaining the expert must disclose the identity of the expert to the non-party, along with the materials listed in ¶ 7(a). The non-party shall have the same right as a party to object to the expert, as related to disclosure of the non-party's Highly Confidential

12

information, pursuant to the procedures in this paragraph except that a non-party's time to object as provided in ¶ 7(a) shall be 10 days from receipt of the disclosure.

8.      Notwithstanding anything herein to the contrary, (a) the filing of any information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under seal shall be governed by the applicable Rules of the United States District Court for the Southern District of New York; (b) the party who designated the document, interrogatory answer, response to request for admission, or transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be deemed to be the party requesting the record be filed under seal; and (c) the other parties shall have no obligation hereunder with respect to the requirements of any applicable rule other than to cooperate in the request. Any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL may be introduced in any pretrial court proceeding in this case in open court unless the producing party obtains an appropriate protective order from the Court, and provided the party seeking to introduce the material has provided sufficient notice to the producing party of the intent to introduce or file the confidential material in open court to enable the producing party to obtain such an order. It shall be the duty of the parties to ensure that all documents produced to them by non-parties and marked CONFIDENTIAL or HIGHLY CONFIDENTIAL are filed under seal pursuant to the applicable Rule of the United States District Court for the Southern District of New York. In addition, any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by a non-party may be introduced in a pretrial court proceeding in this case in open court only if the party seeking to introduce the material first seeks the advance written permission of the producing non-party. If the producing non-party declines to grant such permission or fails to respond within 5 calendar days, the party seeking to introduce the material may seek an order from the Court permitting the introduction of such information. In the

13

motion, the party seeking to introduce the material must inform the Court of the non-party's lack of consent. The party seeking to introduce the material must also serve a copy of the motion on the non-party on the same day that the motion is filed with the Court. If the Court declines to grant the motion, the material may not be introduced at the pretrial court proceeding in open court.

9.      Except for individuals designated in paragraphs 2. a., b., c., c., and f., all persons to whom any information subject to this Protective Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Protective Order and execute a protective agreement in the form attached as Exhibit A to this Protective Order.

10.     Any person provided CONFIDENTIAL or HIGHLY CONFIDENTIAL information or documents pursuant to the terms of this protective order will maintain that information and documents in confidence and use it only for the purposes of this litigation.

11.     No party shall be obligated to challenge the propriety of a designation of Discovery Materials as Confidential or Highly Confidential when initially received, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Designated Discovery Materials as Confidential or Highly Confidential under this Stipulation and Order, the objecting party shall notify the Disclosing Party in writing. Within 10 calendar days of the receipt of such notification, counsel for the Disclosing Party and the objecting party shall meet-and-confer in an effort to resolve any disagreement regarding those Designated Discovery Materials. If, for whatever reason, the parties do not resolve their disagreement within that time period, the Disclosing Party may apply within 10 days from the conclusion of the meet and confer period for a ruling on the Disclosing Party's designation of the Designated Discovery Materials as Confidential or Highly Confidential. While any such

14

application is pending, the documents or materials subject to that application will remain Confidential or Highly Confidential until the Court rules. If the parties do not resolve their disagreement and the Disclosing Party does not apply to the court for a ruling on its designation of Designated Discovery Materials as Confidential within 20 calendar days from the date of receipt of the notification, the Discovery Materials in question will no longer be deemed Confidential or Highly Confidential. The Disclosing Party shall have the burden of showing that the document or information is Confidential or Highly Confidential. Non-parties who have designated Discovery Materials as Confidential or Highly Confidential shall be treated in the same manner as Disclosing Parties, except as follows. If, for whatever reason, the objecting party and the non-party do not resolve their disagreement within the meet and confer period specified in this paragraph, the objecting party may apply within 10 days from the conclusion of the meet and confer period for a ruling on the non-party's designation of the Discovery Materials as Confidential or Highly Confidential. While any such application concerning non-party Discovery Materials is pending, the documents or materials subject to that application will remain Confidential or Highly Confidential until the Court rules. If the objecting party and non-party do not resolve their disagreement and the objecting party does not apply to the Court for a ruling on the non-party's designation of Discovery Materials as Confidential or Highly Confidential, the Discovery Materials in question will continue to be deemed Confidential or Highly Confidential.

12.     The inadvertent or unintentional production or failure to designate any information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall not be deemed a waiver of the producing party's claim of confidentiality as to such information and the producing party

15

may thereafter designate such information as CONFIDENTIAL or HIGHLY CONFIDENTIAL as appropriate.

13.     The inadvertent or unintentional production of documents or other information containing privileged information or attorney work product shall be governed by the terms of the parties' nonwaiver agreement dated August 3, 2007, which is incorporated herein by reference, and made applicable to any parties subsequently added.

14.     CONFIDENTIAL or HIGHLY CONFIDENTIAL information, including all copies and/or extracts thereof, and all information derived therefrom, shall be held in strict confidence by the receiving party in accordance with the terms of this Order and shall not be disclosed other than as necessary for, or used for any purpose other than, the prosecution or defense of this action by the original parties to the Original Complaint or the parties named in a later amended Complaint, in the action styled VIACOM INTERNATIONAL INC., COMEDY PARTNERS, COUNTRY MUSIC TELEVISION, INC., PARAMOUNT PICTURES CORPORATION, and BLACK ENTERTAINMENT TELEVISION LLC, Plaintiffs, v. YOUTUBE, INC. YOUTUBE, LLC, AND GOOGLE INC., Defendants, No. 07-CV-2103, filed with this Court on March 13, 2007, and the action styled THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY d/b/a BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FEDERATION

16

FRANCAISE DE TENNIS, THE SCOTTISH PREMIER LEAGUE LIMITED, THE MUSIC FORCE MEDIA GROUP LLC, THE MUSIC FORCE LLC, and SINDROME RECORDS, LTD. on behalf of themselves and all others similarly situated, Plaintiffs, v. YOUTUBE, INC. YOUTUBE, LLC, AND GOOGLE INC., Defendants. No. 07-CV-3582, filed with this Court on May 4, 2007, and Amended Complaint filed with this Court on November 7, 2007. In particular, neither CONFIDENTIAL nor HIGHLY CONFIDENTIAL, nor any copies and/or extracts thereof nor anything derived therefrom shall be disclosed in any way to any person, attorney, government agency, or expert for use in any other litigation or contemplated litigation, or for any other purpose extraneous to this litigation.

15.    In the event a receiving party is served with legal process seeking production of CONFIDENTIAL or HIGHLY CONFIDENTIAL material obtained through discovery and protected hereunder, the receiving party shall promptly notify the producing party or non-party whose material is sought, of the service of legal process and afford the producing party or non-party the opportunity to object thereto.

16.    In the event that a party inadvertently discloses CONFIDENTIAL or HIGHLY CONFIDENTIAL materials or information in a manner that is inconsistent with this Protective Order, the disclosing party shall promptly: 1) request the return or destruction of the inadvertently disclosed documents or materials from the possessing parties and request that any other document or materials derived from such be expunged of protected information; 2) inform the producing non-party and the other parties of the circumstances of the inadvertent disclosure, including which documents or materials were disclosed, to whom disclosure was made, and when the disclosure took place; 3) request written confirmation of the destruction or return of all inadvertently disclosed documents from the possessing parties; and 4) within five (5) business

17

days provide the producing non-party and other parties in writing, confirmation that the provisions of this paragraph have been effectuated, an explanation of when the provisions of this paragraph will be effectuated, or an explanation of why the provisions of this paragraph cannot be effectuated.

17.     Within 60 days of the final conclusion of this proceeding, including any appeal, or upon the settlement and/or dismissal of the proceeding, all documents and things or information subject to this Protective Order shall be returned to the party or to the non-party that produced them, or shall be destroyed. Counsel for each party will certify in writing their compliance with the provisions of this section. Counsel for the parties may preserve work product and privileged documents, and one hard copy and one electronic copy of each pleading, correspondence and deposition transcript, in their permanent files even though such documents may reflect or contain confidential documents or information. The conclusion of this proceeding shall not relieve any person or party from any of the requirements imposed by this Protective Order.

18.     Any non-party subpoenaed or requested to produce documents and things or information, or to give deposition testimony, shall have the full benefits and protections of this Protective Order, and may designate documents or deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL in the manner, and subject to the same protections, set forth above.

19. Nothing contained in this Protective Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not CONFIDENTIAL or HIGHLY CONFIDENTIAL matter within the contemplation of the law or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order. Further, nothing contained in this Protective Order

18

shall operate as an admission by any party or third party as to the relevance, discoverability, authenticity or admissibility of any information or category or information addressed herein.

20.     The relevance or admissibility of this Order for any purpose in this proceeding is reserved for the future decision of the Court.

21.     The use of information designated by any party as CONFIDENTIAL or HIGHLY CONFIDENTIAL at trial shall be governed by the Pretrial Order entered in the action. Non-parties who have produced documents designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be given notice of the Pretrial Order as soon as it is entered. If a non-party objects to the terms of the Pretrial Order with respect to the use at trial of documents designated by the non-party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the non-party may file a motion for an additional protective order within 5 calendar days of receiving the Pretrial Order. If no motion for an additional protective order is made within 5 calendar days after the non-party receives the Pretrial Order, then any objection is waived and the non-party's information may be used at trial pursuant to the terms of the Pretrial Order.

22.     Nothing herein shall impose any restrictions on the use or disclosure by a party of its own CONFIDENTIAL or HIGHLY CONFIDENTIAL information.

23.     The provisions of this Order shall not preclude any party or non-party from seeking from the Court, for good cause shown, additional protections, limitations or other modifications on the use of certain documents or information as permitted by Fed. R. Civ. P. 26(c), with notice to parties and non-parties.

24.     All notices or disclosures to a non-party under this Amended Stipulated Pre-Trial Protective Order shall be made by overnight delivery via a commercial carrier to an address or

19

representative designated in writing by the non-party, or as otherwise agreed with the non-party.

Any such notices shall be deemed received by the non-party on the following business day.

AGREED and STIPULATED

nAy 1 , 2008

*Attorney for Viacom International Inc.,
Comedy Partners, Country Music Television,
Inc., Paramount Pictures Corporation, and
Black Entertainment Television, LLC*

By: _____

Donald B. Verrilli, Jr. (No. DV-2252)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, DC 20005-3823
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Stuart J. Baskin (SB-9936)
SHERMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022
Telephone (212) 848-4000
Facsimile (212) 848-7179

20

AGREED and STIPULATED

_May 1_____, 2008

*Attorney for YouTube, Inc., YouTube, LLC and Google Inc.*

By: _____

Richard Ben-Veniste
Andrew H. Schapiro
A. John P. Mancini
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone:  (212) 506-2500
Facsimile:  (212) 262-1910

David H. Kramer
Maura L. Rees
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH &
ROSATI
PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

21

AGREED and STIPULATED

_____ _____, 2008

*Attorneys for Lead Plaintiffs The Football*
*Association Premier League Limited and*
*Bourne Co., Named Plaintiffs Murbo Music*
*Publishing, Inc., Cherry Lane Music*
*Publishing Company, Inc., Robert Tur d/b/a*
*Los Angeles News Service, X-Ray Dog Music,*
*Inc., Fédération Française de Tennis, and The*
*Scottish Premier League Limited, and the*
*Prospective Class*

By: _____

Louis M. Solomon
PROSKAUER ROSE
1585 Broadway
New York, NY 10036-8299
Telephone:  (212) 969-3000
Facsimile:  (212) 969-2900

By: _____

John P. Coffey
BERNSTEIN LITOWITZ BERGER &
GROSSMAN LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone:  (212) 554-1400
Facsimile:  (212) 554-1444

*Attorneys for Cal IV Entertainment LLC*

Daniel Girard
Aaron Sheanin
Christina H. Connolly
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108

*-and-*

Gerald E. Martin
Laurel Johnston
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201

22

*-and-*

Kevin Doherty
BURR & FORMAN
700 Two American Center
3102 West End Avenue
Nashville, TN 37203

*Attorneys for the National Music Publishers'
Association, Rodgers & Hammerstein
Organization, Stage Three Music (US), Inc.,
Edward B. Marks Music Company, Freddy
Bienstock Music Company d/b/a Bienstock
Publishing Company, and Alley Music
Corporation.*

David S. Stellings
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile:  (212) 355-9592-*and-*

James E. Hough
MORRISON & FOERSTER
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8158
Facsimile: (212) 468-7900

*Attorneys for The Music Force Media Group
LLC, The Music Force LLC, and Sin-Drome
Records, Ltd.*

Christopher Lovell (CL-2595)
Christopher M. McGrath (CM-4983)
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, 58th Floor
New York, New York 10110
Telephone: (212) 608-1900 Facsimile:
(212) 719-4677

*-and-*

Jeffrey L. Graubart (JG-1338)

23

LAW OFFICES OF JEFFREY L.
GRAUBART
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105-1855
Telephone: (626) 304-2800
Facsimile: (626) 304-2807

*-and-*

Steve D'Onofrio (SD-8794)
5335 Wisconsin Avenue, N.W. Suite 950
Washington, D.C. 20015
Telephone: (202) 686-2872
Facsimile: (202) 686-2875

**ORDER**

The foregoing Stipulation is hereby approved and IT IS ORDERED that the terms of the

foregoing Stipulation are hereby adopted and shall govern this action unless otherwise ordered

by the Court.

BY THE COURT:

Dated: *May 14, 2008*                    *Louis L. Stanton*

25

## EXHIBIT A
## PROTECTIVE AGREEMENT ACKNOWLEDGEMENT

I hereby acknowledge that I am being given access to Confidential and/or Highly Confidential information that is the subject of a Protective Order in the case entitled Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television LLC v. YouTube, Inc., YouTube, LLC, and Google, Inc., Civil File No. 07-CV-2103 (LLS) (FM); or The Football Association Premier League Limited, Bourne Co. (together with its affiliate Murbo Music Publishing, Inc.), Cherry Lane Music Publishing Company, Inc., Cal IV Entertainment, LLC, Robert Tur d/b/a/ Los Angeles News Service, National Music Publishers Association, The Rodgers & Hammerstein Organization, Stage There Music (US), Inc., Edward B. Marks Music Company, Freddy Bienstock Music Company d/b/a Bienstock Publishing Company, Alley Music Corporation, X-Ray Dog Music, Inc., Federation Francaise de Tennis, The Scottish Premier League Limited, The Music Force Media Group LLC, The Music Force LLC, and Sindrome Records, Ltd., on behalf of themselves and all others similarly situated, v. YouTube, Inc. YouTube, LLC, and Google Inc., Civil File No. 07-CV-3582 (LLS), pending before the United States District Court for the Southern District of New York. I agree that I shall maintain that Confidential and/or Highly Confidential information in confidence and will use it for no other purpose than as provided in paragraph I of the Protective Order. I understand that I can be subject to sanctions for violation of this agreement, and I hereby submit myself to the jurisdiction of the United States District Court for the Southern District of New York, for the purpose of any proceeding arising out of a purported violation by me of the Protective Order. I further agree that upon the conclusion of my having any need for further access to confidential information provided to me, or upon request by the person making them available to me or Order of the Court, I shall return to the person making them available to me all Confidential and Highly Confidential items provided and all copies thereof.

_____          _____
*Printed Name*                                          *Signature*

_____          _____
*Date*                                                      *Address*

26