**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS' ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY D/B/A BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FÉDÉRATION FRANÇAISE DE TENNIS, THE MUSIC FORCE MEDIA GROUP LLC, THE MUSIC FORCE LLC, and SIN-DROME RECORDS, LTD. on behalf of themselves and all others similarly situated, | 07 Civ. 3582 (LLS) <br><br> **DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
|     Plaintiffs, | |
|      v. | |
| YOUTUBE, INC., YOUTUBE, LLC and GOOGLE INC., | |
|     Defendants. | |

Plaintiffs and their class action lawyers challenge the protections of the Digital Millennium Copyright Act ("DMCA") that Congress enacted a decade ago to encourage the development of services like YouTube. Congress recognized that such services could not and would not exist if they faced liability for copyright infringement based on materials users uploaded to their services. It chose to immunize these services from copyright liability provided they are properly responsive to notices of alleged infringement from content owners.

Looking at the online world today, there is no question that Congress made the correct policy choice. Legitimate services like YouTube provide the world with <u>free</u> and <u>authorized</u> access to extraordinary libraries of information that would not be available without the DMCA – information created by users who have every right to share it. YouTube fulfills its end of the DMCA bargain, and indeed goes far beyond its legal obligations in assisting content owners to protect their works.

Defendants YouTube, Inc., YouTube, LLC and Google Inc. (collectively, "Defendants"), by their undersigned attorneys, hereby answer Plaintiffs' – The Football Association Premier League Limited ("Premier League"), Bourne Co. ("Bourne"), Murbo Music Publishing, Inc. ("Murbo"), Cherry Lane Music Publishing Company, Inc. ("Cherry Lane"), Cal IV Entertainment LLC ("Cal IV"), Robert Tur d/b/a Los Angeles News Service ("Tur"), National Music Publishers' Association ("NMPA"), The Rodgers & Hammerstein Organization ("RHO"), Stage Three Music (US), Inc. ("Stage 3"), Edward B. Marks Music Company ("EBMMCo"), Freddy Bienstock Music Company d/b/a Bienstock Publishing Company ("Bienstock"), Alley Music Corporation ("Alley"), X-Ray Dog Music, Inc. ("X-Ray Dog"), Fédération Française de Tennis ("FFT"), The Music Force Media Group LLC, The Music Force LLC, and Sin-Drome Records, Ltd.'s (collectively, "Music Force") (and collectively, "Plaintiffs") – Second Amended Class Action Complaint (the "Complaint"), as follows:

<u>NATURE OF ACTION</u>

1. Defendants admit that YouTube LLC and Google today operate an online service called "YouTube" which can be accessed at the website www.youtube.com. Defendants deny that they have knowingly misappropriated and exploited Plaintiffs' property for their own gain without payment or license to the owners of the intellectual property. Defendants are without

information sufficient to form a belief as to the remaining allegations of paragraph 1 of the Complaint, in part because such allegations are not simple, concise and direct averments as required by Federal Rule of Civil Procedure 8(e), and on that basis Defendants deny such allegations.

2.     Defendants admit that the Plaintiffs purport to bring claims on behalf of a class that consists of copyright owners (together with the owners of exclusive rights in sound recordings protected under the state law).  Defendants deny the remaining allegations of paragraph 2 of the Complaint.

3.     Defendants deny the allegations of paragraph 3 of the Complaint.

4.     Defendants admit that the YouTube service is popular, having millions of users as of July 2006.  Defendants deny the remaining allegations of paragraph 4 of the Complaint.

5.     Defendants deny the allegations of paragraph 5 of the Complaint.

6.     Defendants deny the allegations of paragraph 6 of the Complaint.

7.     Defendants deny the allegations of paragraph 7 of the Complaint.

8.     Defendants admit that Google acquired YouTube, Inc. in a transaction announced on October 9, 2006 and closed on November 13, 2006 and that YouTube has noted that it was "one of the most talked-about acquisitions to date."  Defendants admit that at the time of the acquisition, Google operated its own video site called "Google Video."  Defendants deny the remaining allegations of paragraph 8 of the Complaint.

9.     Defendants admit that Plaintiffs seek injunctive and other equitable relief and damages, but deny that Plaintiffs are entitled to any such relief.  Defendants deny the remaining allegations of paragraph 9 of the Complaint.

## THE PARTIES

### A.    Plaintiffs

10.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 10 of the Complaint, and therefore deny them.

11.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the "re-posting" of specific content to the site, and therefore deny those allegations.  Defendants deny the remaining allegations of paragraph 11 of the Complaint.

12.    Defendants are without sufficient information to form a belief as to the truth of the allegations of paragraph 12 of the Complaint concerning the knowledge or intentions of users, and therefore deny those allegations.  Defendants deny the remaining allegations of paragraph 12 of the Complaint.

13.    Defendants deny the allegations of paragraph 13 of the Complaint.

14.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 14 of the Complaint, and therefore deny them.

15.    Paragraph 15 of the Complaint contains legal conclusions as to which no response is required.  To the extent a response is required, Defendants dispute Plaintiffs' conclusions and deny that Plaintiffs are entitled to any remedies.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 15 of the Complaint, and therefore deny them.

16.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 16 of the Complaint, and therefore deny them.

17.     Defendants admit that Bourne identified five of the listed works in an Exhibit to the original Complaint in this action dated May 4, 2007 and in the First Amended Complaint, dated November 7, 2007.  Defendants deny the remaining allegations of paragraph 17 of the Complaint.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 18 of the Complaint, and therefore deny them.

19.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 19 of the Complaint, and therefore deny them.

20.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 20 of the Complaint, and therefore deny them.

21.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 21 of the Complaint, and therefore deny them.

22.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 22 of the Complaint, and therefore deny them.

23.      Paragraph 23 of the Complaint contains legal conclusions as to which no response is required.  To the extent a response is required, Defendants dispute Plaintiffs' conclusions.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations regarding the central purpose of the NMPA, and therefore deny them. Defendants deny the remaining allegations of paragraph 23 of the Complaint.

24.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, and therefore deny them.

25.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, and therefore deny them.

26.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore deny them.

27.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore deny them.

28.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore deny them.

29.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore deny them.

30.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore deny them.

31.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore deny them.

32.     Paragraph 32 of the Complaint contains legal conclusions as to which no response is required.  To the extent a response is required, Defendants dispute Plaintiffs' conclusions and deny that Plaintiffs are entitled to any remedies.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and therefore deny them.

33.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore deny them.

**B.     Defendants**

34.     Defendants admit that the YouTube service became available to the general public on or about December 15, 2005.  Defendants deny the remaining allegations of paragraph 34 of the Complaint.

35.     Defendants admit that YouTube, LLC is a limited liability company organized and existing under the laws of the State of Delaware and with its principal place of business at 1000 Cherry Avenue, San Bruno, California.  Defendants admit that YouTube, LLC is a wholly-owned subsidiary of Google and a successor to YouTube, Inc.  Defendants otherwise deny the allegations of paragraph 35 of the Complaint.

36.     Defendants deny the allegations of paragraph 36 of the Complaint.

37.     Defendants admit that Google is a publicly held corporation organized and existing under the laws of the State of Delaware and with its principal place ob business at 1600 Amphitheatre Parkway, Mountain View, California.  Defendants further admit that Google has a place of business in New York State and the Southern District of New York at 76 Ninth Avenue, New York, New York, and that on or about November 13, 2006, Google closed its acquisition of YouTube.  Defendants deny any remaining allegations of paragraph 37 of the Complaint.

38.     Defendants deny the allegations of paragraph 38 of the Complaint.

39.     Defendants deny the allegations of paragraph 39 of the Complaint.

## JURISDICTION AND VENUE

40.     Defendants admit that the Complaint purports to state a claim under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and under statutory and common law unfair competition laws, but deny that any such claims have been stated and that Plaintiffs are entitled to any relief and otherwise deny the allegations of paragraph 40 of the Complaint.

41.     Defendants admit that the Court has subject matter jurisdiction over claims by Plaintiffs in this action for alleged copyright infringement of their United States works that were registered with the United States Copyright Office as of the institution of this action.  Defendants

are without knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the Complaint, and therefore deny them.

42.     Defendants admit that this Court has personal jurisdiction over them for purposes of this action.  Defendants further admit that Google maintains an office and employs personnel in New York State and in this District, and is physically present in this state.  Defendants deny the remaining allegations of paragraph 42 of the Complaint.

43.     Defendants admit that this Court has personal jurisdiction over them for purposes of this action.  Defendants deny the remaining allegations of paragraph 43 of the Complaint.

44.     Defendants admit that venue is proper in this District.

## CLASS ACTION ALLEGATIONS

45.     Defendants admit that Plaintiffs purport to bring this action on behalf of themselves and as a class action.  Defendants deny the remaining allegations of paragraph 45 of the Complaint.

46.     Paragraph 46 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions.  To the extent that paragraph 46 contains factual allegations, Defendants deny the allegations of paragraph 46 of the Complaint.

47.     Paragraph 47 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions.  To the extent that paragraph 47 contains factual allegations, Defendants admit that YouTube, Inc. has stated in a court filing that over 20 million unique visitors came to YouTube's website during July 2006.  Defendants deny Plaintiffs' mischaracterizations of YouTube's press releases.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in

the sixth and eighth sentences of paragraph 47 of the Complaint, and therefore deny them. Defendants admit that the quotations from a document dated on or about February 28, 2006 are accurate, but deny Plaintiffs' mischaracterizations of such language and document. Defendants deny the remaining allegations of paragraph 47 of the Complaint.

48.    Paragraph 48 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions. To the extent that paragraph 48 contains factual allegations, Defendants deny the allegations of paragraph 48 of the Complaint.

49.    Paragraph 49 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions. To the extent that paragraph 49 contains factual allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 49, and therefore deny them.

50.    Paragraph 50 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions. To the extent that paragraph 50 contains factual allegations, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 50 of the Complaint, and therefore deny them.

51.    Paragraph 51 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions. To the extent that paragraph 51 contains factual allegations, Defendants deny the allegations of paragraph 51 of the Complaint.

52.     Paragraph 52 contains legal conclusions to which on response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions. To the extent that paragraph 52 contains factual allegations, Defendants deny the allegations of paragraph 52 of the Complaint.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

53.     Defendants admit that YouTube is a popular service that enables users to upload, view, and share video clips without charge. Defendants further admit that YouTube contains a wide variety of material, that YouTube enables users to post and view material without charge and that YouTube has grown rapidly since its founding in February 2005. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 53 concerning the growth rate of the service, its percentage of online video traffic and the Nielsen/Net Ratings online video traffic data, and therefore deny them. Defendants deny the remaining allegations of paragraph 53 of the Complaint.

54.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 54 of the Complaint, and therefore deny them.

55.     Defendants deny the allegations of paragraph 55 of the Complaint.

56.     Defendants admit that YouTube has received and complied with DMCA notices from the BBC, JASRAC and Viacom. Defendants deny the remaining allegations of Paragraph 56 of the Complaint.

57.     Defendants admit that the quotation from the document dated on or about September 3, 2005 is accurate, but deny Plaintiffs' mischaracterizations of such language and document. Defendants deny the remaining allegations of paragraph 57 of the Complaint.

58.     Defendants deny the allegations of paragraph 58 of the Complaint.

59. Defendants admit that the YouTube service has been localized for users in foreign countries including Brazil, France, Ireland, Italy, Japan, Netherlands, Poland, Spain, and the United Kingdom. Defendants deny the remaining allegations of paragraph 59 of the complaint.

60. Defendants admit they have an agreement with Apple to allow users to access YouTube's content through certain of Apple's devices and services. Defendants deny the remaining allegations of paragraph 60 of the Complaint.

61. Defendants deny the allegations of paragraph 61 of the Complaint.

62. Defendants deny the allegations of paragraph 62 of the Complaint.

63. Defendants admit that YouTube users are able to post comments in connection with certain materials accessible through its service. Defendants deny the remaining allegations of paragraph 63 of the Complaint.

64. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 64 of the Complaint, and therefore deny them.

65. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 65 of the Complaint, and therefore deny them.

66. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 66 of the Complaint, and therefore deny them.

67. Defendants admit that Google's website currently includes a capability for users to search for video clips and receive search results that include links to clips on YouTube's service. Defendants deny the remaining allegations of paragraph 67 of the Complaint.

68. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 68 of the Complaint, and therefore deny them.

69.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 69 of the Complaint, and therefore deny them.

70.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 70 of the Complaint, and therefore deny them.

71.     Defendants admit that a list of URLs is contained within Exhibit A to the Complaint.  Defendants deny the remaining allegations of paragraph 71 of the Complaint.

72.     Defendants deny the allegations of paragraph 72 of the Complaint.

73.     Defendants deny the allegations of paragraph 73 of the Complaint.

74.     Defendants deny the allegations of paragraph 74 of the Complaint.

75.     Defendants deny the allegations of paragraph 75 of the Complaint.

76.     Defendants deny the allegations of paragraph 76 of the Complaint.

77.     Defendants deny the allegations of paragraph 77 of the Complaint.

78.     Defendants deny the allegations of paragraph 78 of the Complaint.

79.     Defendants deny the allegations of paragraph 79 of the Complaint.

80.     Defendants admit that the quotations from the document dated on or about June 15, 2005 are accurate, but deny Plaintiffs' mischaracterizations of such language and document. Defendants deny the remaining allegations of paragraph 80 of the Complaint.

81.     Defendants admit that the quotations from the documents dated on or about July 10, 2005, August 9, 2005, and September 3, 2005 are accurate, but deny Plaintiffs' mischaracterizations of such language and documents.  Defendants deny the remaining allegations of paragraph 81 of the Complaint.

82.     Defendants admit that they meet the notice and takedown requirements of the Digital Millennium Copyright Act safe harbors.  Defendants deny the remaining allegations of paragraph 82 of the Complaint.

83.     Defendants admit that the quotations from the documents dated on or about September 7, 2005 and September 23, 2005 are accurate, but deny the Plaintiffs' mischaracterizations of such language and documents.   Defendants deny the remaining allegations of paragraph 83 of the Complaint.

84.     Defendants admit that the YouTube service enables users to designate video clips as private and thereby limit the audience of persons able to see video clips they upload to that service.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84 regarding users' supposed statements regarding private videos and re-posting on the site, and therefore deny them.  Defendants deny the remaining allegations of paragraph 84 of the Complaint.

85.     Defendants deny the allegations of paragraph 85 of the Complaint.

86.     Defendants deny the allegations of paragraph 86 of the Complaint.

87.     Defendants deny the allegations of paragraph 87 of the Complaint regarding Defendants' supposed non-responsiveness and delay in responding to notices from Premier League.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 87 of the Complaint, and therefore deny them.

88.     Defendants admit that the content verification program tool malfunctioned on or about October 28, 2008, during which time videos could not be removed using the tool. Defendants deny the remaining allegations of paragraph 88 of the Complaint.

89.     Defendants deny the allegations of paragraph 89 of the Complaint.

90.     Defendants deny the allegations of paragraph 90 of the Complaint.

91.     Defendants admit there is a ten-minute time limit on clips uploaded to the YouTube service.  Defendants deny the remaining allegations of paragraph 91 of the Complaint.

92.     Defendants admit that they do not enable downloading of copies of clips available through the YouTube service.  Defendants deny the remaining allegations of paragraph 92 of the Complaint.

93.     Defendants admit that the document dated on or about November 24, 2005 contains the language "copyright stuff," "Family Guy, South Park, and full-length anime episodes," but deny Plaintiffs' mischaracterizations of such language and document.  Defendants deny that there is a document dated September 3, 2005 with the language quoted.  Defendants deny the remaining allegations of paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint improperly references a privileged document which Defendants have clawed back and no response is made to such allegations.  Plaintiffs should remove all references to this document from the Complaint.  Defendants deny the remaining allegations of paragraph 94 of the Complaint.

95.     Defendants admit that the quotations from the documents dated on or about May 10, 2006 and July 17, 2006 are accurate, but deny Plaintiffs' mischaracterizations of such language and documents.  Defendants deny the remaining allegations of paragraph 95 of the Complaint.

96.     Defendants deny the allegations of paragraph 96 of the Complaint.

97.     Defendants admit that there were communications between Cherry Lane and Defendants on or about October 25, 2007, November 30, 2007, and February 19, 2008 concerning YouTube making certain technology available to content owners.  Defendants are

without sufficient knowledge or information to form a belief as to the truth of the allegations in the last two sentences in paragraph 97, and therefore deny them. Defendants deny the remaining allegations of paragraph 97 of the Complaint.

98.     Defendants deny the allegations of paragraph 98 of the Complaint.

99.     Defendants admit that the quotations from the *New York Times* article dated on or about August 16, 2008 are accurate, but are without sufficient knowledge of information to form a belief as to the truth of the remaining allegations of the third sentence of paragraph 99 of the Complaint, and therefore deny them. Defendants deny the remaining allegations of paragraph 99 of the Complaint.

100.    Defendants deny the allegations of paragraph 100 of the Complaint.

101.    Defendants deny the allegations of paragraph 101 of the Complaint.

102.    Defendants deny the allegations of paragraph 102 of the Complaint.

103.    Defendants admit that the quotation from the *Times (UK)* article dated on or about July 10, 2008 is accurate, but are without sufficient knowledge of information to form a belief as to the truth of the remaining allegations of the third sentence of paragraph 103 of the Complaint, and therefore deny them. Defendants deny the remaining allegations of paragraph 103.

104.    Defendants deny the allegations of paragraph 104 of the Complaint.

105.    Defendants admit that they have entered into license agreements with a number of major media companies. Defendants deny the remaining allegations of paragraph 105 of the Complaint.

106.    Defendants deny the allegations of paragraph 106 of the Complaint.

107.    Defendants deny the allegations of paragraph 107 of the Complaint.

108.    Defendants deny the allegations of paragraph 108 of the Complaint.

109.     Defendants deny the allegations of paragraph 109 of the Complaint.

110.     Defendants admit that they qualify for the protections of the Digital Millennium Copyright Act and satisfy the requirements of one or more of the Act's safe harbors.  Defendants deny the remaining allegations of paragraph 110 of the Complaint.

111.     Paragraph 111 contains legal conclusions to which no response is required, but to the extent a response is required, Defendants deny Plaintiffs' conclusions.  To the extent that paragraph 111 contains factual allegations, Defendants deny the allegations of paragraph 111 of the Complaint.

112.     Defendants deny the allegations of paragraph 112 of the Complaint.

113.     Defendants admit that they have entered into license agreements with a number of content companies.  Defendants deny the remaining allegations of paragraph 113 of the Complaint.

114.     Defendants deny the allegations of paragraph 114 of the Complaint.

115.     Defendants deny the allegations of paragraph 115 of the Complaint.

116.     Defendants deny the allegations of paragraph 116 of the Complaint.

117.     Defendants deny the allegations of paragraph 117 of the Complaint.

118.     Defendants deny the allegations of paragraph 118 of the Complaint.

119.     Defendants deny the allegations of paragraph 119 of the Complaint.

120.     Defendants deny the allegations of paragraph 120 of the Complaint.

121.     Defendants admit that they have announced and publicly-offered a video identification technological solution to provide content owners with yet another tool to control the use of their content online.  Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that "in the meantime" other websites have

implemented tools to block or filter uploads, and therefore deny it. Defendants deny the remaining allegations of paragraph 121 of the Complaint.

122. Defendants deny the allegations of paragraph 122 of the Complaint.

123. Defendants deny the allegations of paragraph 123 of the Complaint.

124. Defendants deny the allegations of paragraph 124 of the Complaint.

125. Defendants admit that Google has not placed a bid with Premier League for certain media rights to footage from football matches. Defendants deny the remaining allegations of paragraph 125 of the Complaint.

126. Defendants deny the allegations of paragraph 126 of the Complaint.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

127. Defendants incorporate by reference their responses to paragraphs 1-126 as if set forth herein.

128. Defendants deny the allegations of paragraph 128 of the Complaint.

129. Defendants deny the allegations of paragraph 129 of the Complaint.

130. Defendants deny the allegations of paragraph 130 of the Complaint.

131. Defendants deny the allegations of paragraph 131 of the Complaint.

## SECOND CLAIM FOR RELIEF

132. Defendants incorporate by reference their responses to paragraphs 1-131 as if set forth herein.

133. Defendants deny the allegations of paragraph 133 of the Complaint.

134. Defendants deny the allegations of paragraph 134 of the Complaint.

135. Defendants deny the allegations of paragraph 135 of the Complaint.

136.     Defendants deny the allegations of paragraph 136 of the Complaint.

137.     Defendants deny the allegations of paragraph 137 of the Complaint.

## THIRD CLAIM FOR RELIEF

138.     Defendants incorporate by reference their responses to paragraphs 1-137 as if set forth herein.

139.     Defendants deny the allegations of paragraph 139 of the Complaint.

140.     Defendants deny the allegations of paragraph 140 of the Complaint.

141.     Defendants deny the allegations of paragraph 141 of the Complaint.

142.     Defendants deny the allegations of paragraph 142 of the Complaint.

143.     Defendants deny the allegations of paragraph 143 of the Complaint.

## FOURTH CLAIM FOR RELIEF

144.     Defendants incorporate by reference their responses to paragraphs 1-143 as if set forth herein.

145.     Defendants deny the allegations of paragraph 145 of the Complaint.

146.     Defendants deny the allegations of paragraph 146 of the Complaint.

147.     Defendants deny the allegations of paragraph 147 of the Complaint.

148.     Defendants deny the allegations of paragraph 148 of the Complaint.

## DEFENSES

## FIRST DEFENSE (DMCA SAFE HARBORS)

Plaintiffs' claims are barred in whole or in part because Defendants are protected by one or more of the DMCA safe harbors in 17 U.S.C. § 512.

## SECOND DEFENSE (LICENSE)

Plaintiffs' claims are barred in whole or in part by licenses, express and implied, granted or authorized to be granted by Plaintiffs or others with rights to grant them.

## THIRD DEFENSE (FAIR USE)

Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

## FOURTH DEFENSE (LACK OF SUBJECT MATTER JURISDICTION)

The Court lacks subject matter jurisdiction in whole or in part.

## FIFTH DEFENSE (FAILURE TO STATE A CLAIM)

Plaintiffs' allegations fail to state a claim for copyright infringement under federal, foreign or state common law.

## SIXTH DEFENSE (INNOCENT INTENT)

Plaintiffs' damages, if any, are limited by Defendants' innocent intent.

## SEVENTH DEFENSE (COPYRIGHT PREEMPTION)

Plaintiffs' claims are barred in whole or in part by the doctrine of preemption.

## EIGHTH DEFENSE (ESTOPPEL)

Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

## NINTH DEFENSE (WAIVER)

Plaintiffs' claims are barred in whole or in part by the doctrine of waiver.

## TENTH DEFENSE (LACK OF STANDING)

Plaintiffs lack standing to pursue some or all of the claims they seek to pursue.

## ELEVENTH DEFENSE (LACHES)

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

## TWELFTH DEFENSE (SUBSTANTIAL NON-INFRINGING USE)

Plaintiffs' claims are barred in whole or in part based on the doctrine of substantial non-infringing use, although Defendants submit Plaintiffs bear the burden of proving the doctrine's inapplicability.

## THIRTEENTH DEFENSE (FAILURE TO MITIGATE)

Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to mitigate its damages, if any.

## FOURTEENTH DEFENSE (FOREIGN LAWS)

To the extent Plaintiffs seek to assert claims arising under or based upon the laws of foreign countries, they have failed to identify any such laws or countries. Defendants may have numerous affirmative defenses arising under such laws, but cannot identify them unless and until Plaintiffs identify any foreign copyrights they purport to assert and foreign laws under which they purport to bring their claims, and accordingly Defendants reserve their right to assert those affirmative defenses in a timely fashion.

## FIFTEENTH DEFENSE (PUTATIVE CLASS MEMBERS)

Defendants allege that this lawsuit cannot proceed as a class action. Should the Court determine otherwise, Defendants may have numerous affirmative defenses and counterclaims against individual members of any alleged class, and accordingly Defendants reserve their right to assert those affirmative defenses and counterclaims in a timely fashion.

## RELIEF REQUESTED

WHEREFORE, Defendants respectfully request the following relief:

1.      A judgment in favor of Defendants denying Plaintiffs and the putative plaintiff class all relief requested in their Complaint in this action and dismissing Plaintiffs' Complaint with prejudice;

2.      That Defendants be awarded their costs of suit, including reasonable attorney's fees; and

3.      That the Court award Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Defendants demand a trial by jury on all issues so triable.


Date:   January 16, 2009
        New York, New York


                        MAYER BROWN LLP


                        s/ A. John P. Mancini
                        Richard Ben-Veniste
                        Andrew H. Schapiro
                        A. John P. Mancini
                        Matthew D. Ingber
                        Brian M. Willen
                        MAYER BROWN LLP
                        1675 Broadway
                        New York, NY 10019
                        (212) 506-2500

David H. Kramer
Maura L. Rees
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants YouTube, Inc., YouTube, LLC and Google Inc.*