

ORIGINAL

Sandra Ann Bradshaw Lucas-Morrow
320 South Harrison Street, Apt. 9D
East Orange, NJ, 07018
(862) 520-2486
January 20, 2009

Honorable Louis L Stanton,
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
U.S.P.S.

To The Clerk of The Court:
Please docket and place this document in the public file.

L L S  2/20/09
Louis L. Stanton
U.S.D.J

Re: Viacom *International, Inc. et al v. Youtube, Inc.* Case No. 1:2007cv02103l,
and the related action:
*The Football Association Premier League Limited et al v. Youtube, Inc. et al*
Case No.1:2007cv03582

Dear Judge Stanton,

I, Sandra Ann Bradshaw Lucas-Morrow, pro se (Movant) seek the Court's permission to submit a motion to join both the United States Department of Justice (DOJ) and Movant as indispensable parties under Federal Rule 19 in the aforementioned two actions for the following reasons:

The Football Association Premier League Limited et al v. Youtube, Inc. et al    Doc. 115

(1) ASCAP issued to its members, Viacom and Cal IV, Public Performance Licenses, the validity of which is an issue in the pending DOJ investigations.

(2) The DOJ, and ASCAP members Cal IV and Viacom are parties to the consent decree controlled Public Performance License. Generally parties to a consent decree are indispensable parties.

(3) Cal IV alleges that Youtube infringed on its ASCAP Public Performance License. (See attachment)

(4) There is significant risk to Cal IV of maintaining its class member status should the DOJ issue an order that the Public Performance is invalid.

(5) There is significant risk of prejudice to the Movant should this Court issue an order or final decree based on the presumption that the ASCAP member's Public Performance Licenses are valid, i.e., ASCAP could then claim a res judicata defense in any future

litigation that Movant shall file alleging that ASCAP infringed on her statutory right to a Public Performance License.

(6) There is significant risk to Defendant of waiving its rights to dismiss both actions for failing to join an indispensable party/parties

Wherefore, Movant request that she be permitted to file a motion joining both the DOJ and Sandra Ann Bradshaw Lucas-Morrow as indispensable parties in the *Viacom v. Youtube,* and *The Football v. Youtube* actions.

Sincerely yours,

Sandra Ann Bradshaw Lucas- Morrow

cc: Jenner & Block LLP 919 Third Avenue, 37th Floor
 N.Y., New York 10022-3908 USPS

cc: WILSON SONSINI GOODRICH & ROSATI, 1301 Avenue of the Americas,
 40th Floor New York, New York 10019 USPS

cc: U.S. Attorney Ralph T. Giordano Antitrust Division,
 26 Federal Plaza, New York, NY 10278-0140, USPS

cc: Proskauer Rose, New York, NY 1585 Broadway New York, NY 10036-8299 USPS

cc: Mr. Charles B. McKenna, U.S. Attorney's Office
 970 Broad Street, 7th Floor, Newark, NJ 07102 USPS

cc: Hon. William C. Conner United States Courthouse
 300 Quarropas St., Room 63 White Plains, NY 10601 USPS

cc: Barrett, Johnston & Parsley 217 Second Avenue North, Nashville TN 37201 USPS

cc: Mayer Brown LLP 1675 Broadway New York, NY 10019-5820 USPS

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE, TENNESSEE

CAL IV ENTERTAINMENT, LLC,  )
on behalf of itself and all others similarly  )
situated,  )
 )
    Plaintiff  ) CASE NO _____
 )
v  ) JURY DEMAND
 )
YOUTUBE, INC., YOUTUBE, LLC,  )
and GOOGLE, INC.,  )
 )
    Defendants  )

## CLASS ACTION COMPLAINT

Plaintiff Cal IV Entertainment, LLC ("Cal IV") brings this class action, on behalf of itself and all others similarly situated, against Defendants YouTube, Inc., YouTube, LLC (collectively "YouTube"), and Google, Inc ("Google") (YouTube and Google are collectively referred to as "Defendants").

## INTRODUCTION

1. YouTube operates one of the most widely visited websites in existence. YouTube refers to itself in press releases as "a consumer media company for people to watch and share original videos through a Web experience."

2. YouTube's growth from startup company to $1.65 billion acquisition target in less than one year is one of the fastest and most dramatic growth stories in American economic history. The success of YouTube is based in substantial part upon the ability of YouTube users to post unauthorized copyrighted works, to view unauthorized copyrighted works posted by others, and to form networks or "communities" of YouTube users who exchange infringing works among

equity firm that in the previous year had supplied YouTube with $115 million in funding received a 30 percent stake in YouTube in exchange for its capital investment. Thus, that $115 million investment resulted in a $495 million stake in Google in less than one year.

### E. Cal IV's Copyrighted Works Continue To Be Infringed Despite the Company's Attempt to Avail Itself of YouTube's Content Verification Program.

41. Cal IV is an independent and privately held music publishing company. Cal IV owns valuable copyrights to numerous songs. These copyrights generate revenue for Cal IV because artists and other users record the songs for public distribution, and the various users of these songs pay royalties to Cal IV.

42. The principal ways that Cal IV licenses its songs in exchange for the payment of royalties are: (1) public performance rights for playing songs on the radio, in television programs, and in live venues (collected primarily on behalf of Cal IV by ASCAP, BMI, and SESAC); (2) mechanical rights for recording the songs and selling tangible recordings embodying the songs (CDs, DVDs, authorized and licensed internet downloads, cassette and video tapes, etc.); and (3) synchronization rights for the use of the songs in conjunction with moving pictures of any sort (feature films, television programs, DVDs, video tapes, etc.). These uses typically require a license or written permission from Cal IV in order to authorize such use, and any use comprising more than one of these rights typically requires a license for each and every such right.

43. Based on a review of YouTube's website, Cal IV determined that more than 60 of the copyrighted songs in its catalog appeared in various forms without the proper license or any authorization from Cal IV in violation of the Copyright Act.

44. On May 11, 2007, Cal IV wrote to YouTube identifying itself as the holder of copyrights in the following songs: