

ORIGINAL

Sandra Ann Bradshaw Lucas-Morrow
320 South Harrison Street Apartment 9D
East Orange, NJ 07018
Telephone (862) 520-2486
kissmekate909@yahoo.com
March 1, 2009

Honorable Louis L Stanton,
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
U.S.P.S.

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
MAR 05 2009
UNITED STATES DISTRICT JUDGE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-5-09

Re: Viacom *International, Inc. et al v. Youtube, Inc.* Case No. 1:2007cv02103l,
and the related action: *The Football Association Premier League Limited et al v. Youtube, Inc. et al* Case No.1:2007cv03582

Dear Judge Stanton,

I, Sandra Ann Bradshaw Lucas-Morrow, pro se, (Movant) respectfully request that the Court reconsider its order ("A") denying her motion ("B") leave to join Movant and the DOJ as indispensable parties in the above referenced actions.

Based on Exhibit "A" attached to Movant's, May 22, 2007, Motion to Intervene, (Below) and her September 15, 2006-request,("C" six pages) the DOJ has ordered an investigation into the validity of the Plaintiffs' Public Performance Licenses (the license's) held by ASCAP members Viacom and Cal IV.

Plaintiffs' in their opposition letter did not respond to the fact of the pending DOJ investigation, nor to the significant risk to Cal IV of maintaining its class member standing should the DOJ issue an order that the license held by Cal IV is invalid. ("D")

It is important, if not required, that Plaintiffs respond to Movant's motion, specifically points #1, and # 4, ("B").

| June 5, 2007 | 41 | ORDER PERMITTING FILING OF, AND DENYING, MOTION TO INTERVENE: Ms. Sandra Ann Bradshaw Lucas-Morrow's May 22, 2007 motion to intervene shall be accepted for filing and docketed by the clerk. The motion is denied. Ms. Lucas-Morrow's motion to intervene is accepted for filing, and is denied. SO ORDERED. (Signed by Judge Louis L. Stanton on 6/4/2007) (jmi) | June 6, 2007 |

This application for reconsideration is denied, for the reasons stated in my Feb 19, 2009 Memorandum Endorsement. So Ordered.
Louis L. Stanton 3/5/09

Copy mailed to Lucas-Morrow 3/5/09

Sincerely yours,

*Sandra Ann Bradshaw Lucas-Morrow* (signature)
Sandra Ann Bradshaw Lucas-Morrow

cc: Jenner & Block LLP 919 Third Avenue, 37th Floor
N.Y., New York 10022-3908 USPS

cc: WILSON SONSINl GOODRICH & ROSATl, 1301 Avenue of the Americas,
40th Floor New York, New York 10019 USPS

cc: U.S. Attorney Ralph T. Giordano Antitrust Division,
26 Federal Plaza, New York, NY 10278-0140, USPS

cc: Proskauer Rose, New York, NY 1585 Broadway New York, NY 10036-8299 USPS

cc: Mr. Charles B. McKenna, U.S. Attorney's Office
970 Broad Street, 7th Floor, Newark, NJ 07102 USPS

cc: Hon. William C. Conner United States Courthouse
300 Quarropas St., Room 63 White Plains, NY 10601 USPS

cc: Barrett, Johnston & Parsley 217 Second Avenue North, Nashville TN 37201 USPS

cc: Mayer Brown LLP 1675 Broadway New York, NY 10019-5820 USPS

<u>Viacom Int'l Inc. et al. v. Youtube Inc. et al.</u>, 07 Civ. 2103 (LLS) and <u>The Football Assoc'n Premier League Ltd. et al. v. Youtube Inc.</u>, 07 Civ. 3582 (LLS)

Treating Ms. Lucas-Morrow's letter dated January 20, 2009 as a <u>pro se</u> motion under Fed. R. Civ. P. 19 to join both herself and the United States Department of Justice ("DOJ") as necessary and indispensable parties in these related actions alleging violations of the Copyright Act of 1976 on the YouTube website, the motion is denied.

Ms. Lucas-Morrow claims that, as a child of the author of one of the musical compositions listed in the <u>Viacom</u> complaint, she is entitled by the principle of per stirpes to a share of the composition's earnings, which have not been paid her by ASCAP, the association which issued a public performance license on the composition to plaintiff Viacom. She further claims that public performance license is fraudulent and invalid because it identifies other descendants of that author, rather than her, as the successors entitled to receive royalties, and asserts that the DOJ is presently investigating the validity of that public performance license and another one which ASCAP issued to plaintiff CAL IV Entertainment LLC.

Ms. Lucas-Morrow's prior <u>pro se</u> motion to intervene in the <u>Viacom</u> action under Fed. R. Civ. P. 24 was denied by this Court's Order dated June 4, 2007, and her <u>pro se</u> motion for reconsideration of that decision was denied by this Court's Order dated June 28, 2007.

The issues Ms. Lucas-Morrow seeks to raise are outside the scope of these actions, which are about whether defendants' business activities and operations of the Youtube website violated the Copyright Act, "rather than the underlying validity of specific copyrights or licenses or ownership of the individual works" in suit (June 28, 2007 Order Denying Reconsideration at p. 1). The absence of Ms. Lucas-Morrow and the DOJ is no obstacle to the provision of complete relief among the present parties to these cases, nor is there a substantial risk that it will leave any existing party subject to double, multiple, or otherwise inconsistent obligations.

Ms. Lucas-Morrow's <u>pro se</u> application for leave to move to join herself and the DOJ as parties in these cases is denied.

So ordered.

Dated: February 19, 2009
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.



Sandra Ann Bradshaw Lucas-Morrow
320 South Harrison Street, Apt.9D
East Orange, NJ, 07018
(862) 520-2486
January 20, 2009

Honorable Louis L Stanton,
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312
U.S.P.S.

To The Clerk of The Court
Please docket and place
this document in the public file.

L L S  2/20/09
Louis L. Stanton
U.S.D.J

Re: Viacom *International, Inc. et al v. Youtube, Inc.* Case No. 1:2007cv021031,
and the related action:
*The Football Association Premier League Limited et al v. Youtube, Inc. et al*
Case No.1:2007cv03582

Dear Judge Stanton,
I, Sandra Ann Bradshaw Lucas-Morrow, pro se (Movant) seek the Court's permission to submit a motion to join both the United States Department of Justice (DOJ) and Movant as indispensable parties under Federal Rule 19 in the aforementioned two actions for the following reasons:

(1) ASCAP issued to its members, Viacom and Cal IV, Public Performance Licenses, the validity of which is an issue in the pending DOJ investigations.

(2) The DOJ, and ASCAP members Cal IV and Viacom are parties to the consent decree controlled Public Performance License. Generally parties to a consent decree are indispensable parties.

(3) Cal IV alleges that Youtube infringed on its ASCAP Public Performance License. (See attachment)

(4) There is significant risk to Cal IV of maintaining its class member status should the DOJ issue an order that the Public Performance is invalid.

(5) There is significant risk of prejudice to the Movant should this Court issue an order or final decree based on the presumption that the ASCAP member's Public Performance Licenses are valid, i.e., ASCAP could then claim a res judicata defense in any future

litigation that Movant shall file alleging that ASCAP infringed on her statutory right to a Public Performance License.

(6) There is significant risk to Defendant of waiving its rights to dismiss both actions for failing to join an indispensable party/parties

Wherefore, Movant request that she be permitted to file a motion joining both the DOJ and Sandra Ann Bradshaw Lucas-Morrow as indispensable parties in the *Viacom v. Youtube,* and *The Football v. Youtube* actions.

                              Sincerely yours,

                        Sandra Ann Bradshaw Lucas- Morrow

cc: Jenner & Block LLP 919 Third Avenue, 37th Floor
    N.Y., New York 10022-3908 USPS

cc: WILSON SONSINI GOODRICH & ROSATI, 1301 Avenue of the Americas,
    40th Floor New York, New York 10019 USPS

cc: U.S. Attorney Ralph T. Giordano Antitrust Division,
    26 Federal Plaza, New York, NY 10278-0140, USPS

cc: Proskauer Rose, New York, NY 1585 Broadway New York, NY 10036-8299 USPS

cc: Mr. Charles B. McKenna, U.S. Attorney's Office
    970 Broad Street, 7th Floor, Newark, NJ 07102 USPS

cc: Hon. William C. Conner United States Courthouse
    300 Quarropas St., Room 63 White Plains, NY 10601 USPS

cc: Barrett, Johnston & Parsley 217 Second Avenue North, Nashville TN 37201 USPS

cc: Mayer Brown LLP 1675 Broadway New York, NY 10019-5820 USPS


"C"

Sandra Ann Bradshaw Lucas- Morrow
320 South Harrison Street, Apartment 9D
East Orange, NJ 07018
September 15, 2006
(973) 672-8962

United States Attorney's Office
Special Prosecutions Division
970 Broad Street 7th Floor
Newark, NJ 07102
Mr. Charles B. McKenna

Dear Mr. McKenna,

I am writing to request that you conduct an investigation into the questioned authorship of the enclosed District Court opinion. Based on the following probability and statistical analyses I have concluded that the opinion was a fabrication, and that someone other than an officer of the District Court was the author of the opinion.

Please find enclosed copies of two documents:

(1) Defendant's letter is of unquestioned authorship, it has a proper noun phrase, **Burgess Cashwell,** in the correct order and in an incorrect order, **Cashwell Burgess** (See "A")

(2) The Court's six-page opinion is of questioned authorship, it has the identical proper noun phrase, and has the same pattern, correct order, **Burgess Cashwell,** and incorrect order, **Cashwell Burgess.** (See "B")

I first had doubts concerning the authenticity of the Court's opinion (See "B") after I recalled seeing the identical error in Defendant's letter (See "A")

As a preliminary matter, I had to quantify the coincidence.

As it is, I am a former student of probabilistic analysis, and I am able to measure the relative frequency and co-occurrence that I would receive documents from both the Defendant and the Court containing a proper noun **"Burgess Cashwell"** and its inversion **"Cashwell Burgess"**.

If you refer to attachment", you can see that's it is quite simple to determine the likelihood of this event by using the formula for independent events, which is: P (A and B) = P(A) x P(B)

First, the events are independent. The proper noun phrase in question, **"Cashwell Burgess"**, occurred independently in both documents, that is, the Court had no knowledge of the inversion by the Defendant. There was neither a proposed opinion nor

order nor verbatim adoption of the Defendant's error, because the error, "**Cashwell Burgess**", was not part of the record.

Second, I randomly sampled documents of the same category from both the Court's and Defendant's voluminous corpi (200 pages each), counted the number of proper nouns in each (more than 5,500), and the number of inversions (0).

The probability that I would receive a proper noun inversion from both the Defendant and the Court is the product of the two probabilities (5,500 x 5,500) or a probability of less than 0.00000001%.

This probability holds equally true, whether you believe the Judge, her clerk, or some other court officer, or combination or permutation thereof authored the opinion.

If you believe, however, that the Defendant somehow influenced the Court to make the error, then you would apply the formula for dependent/conditional events, which is:

P (B given A) = P(A and B) divided by P(A) which is still less than one in 5,500 or (0.00018%). My estimates are conservative because I have not included the fact that the Court and the Defendant inverted the identical proper noun phrase. In my experience, identical noun phrase inversion from independent authors is a unique event. [FN 1]

Clearly, proper noun inversions are a rare event. Rarer still, is the fact that the Court and the Defendant independently share the **identical** proper noun in the correct form **and** the incorrect form: **"Burgess Cashwell"** and **"Cashwell Burgess"** (If you wish to have an idea of the relative frequency of proper noun inversions, do a Google search. For example, "Sandra Day O'Connor"-1,690,000 hits. "Day Sandra O'Connor"- 2 hits.

The most plausible explanation as to how the Defendant and the Court could share such a rare error is that in 1999, the Defendant entered the error, **Cashwell Burgess,** into its computer's AutoCorrect dictionary. Uncorrected, the Defendant moved the error to the Court's computer, where someone cut and pasted it onto the Court's opinion.

As an illustration, randomly select any legal documents from off your desk. How many errors of the type that I have described here did you find? Did you even find a misspelling ? What does your intuition tell you?

[FN1] The Bureau of Justice and Statistics approves of the statistical and probability methodology that I applied. You also should be familiar with my analysis from your prosecution in *USA V. Roy Van Wyk*. There, District Judge Bassler in a Daubert hearing discussed the findings of your expert witness, FBI Special Agent James R. Fitzgerald, concerning Forensic Linguistics. (Not to be confused with Forensic Stylistics) Judge Bassler found that "markers" are admissible as internal evidence to establish authorship (the marker in this instance is "Cashwell Burgess". See also Title 42 U.S. Code section 3731 as it concerns statistical analysis by the BJS. Additionally, National Institute of Justice visiting fellow Carole E.Chasky, who is an expert witness in author identification, indirectly aided me. Visit her web site for information on questioned document examination.

Based on the reasons above, I ask that you conduct a full and thorough investigation to determine whether Defendant unduly influenced an officer of the court to assist in the fabrication of the Court's opinion as described in Title 18 section 1503 of the U.S. Code.

I know of Judge Hochberg's sterling reputation and I cannot conceive that she would knowingly accept unsolicited from the Defendant a fabricated court opinion; nevertheless, I must trust that you will avoid any conflicts given that she once served as a U.S. Attorney General.

Finally, I ask that you would update me on the status of my request for a full and thorough investigation as to whether the Defendant violated Title 18 section 1503 of the U.S. Code.

Sincerely yours,

Sandra Ann Bradshaw Lucas- Morrow

Dated: September 15, 2006

"A"



ASCAP

PAULA KATZ
Director of Legal Affairs
Counsel, Estates and Claims

February 17, 1999

Ms. Sandra Ann Bradshaw-Morrow
93 Fox Road, #1-B
Edison, NJ 08817

Re: **Estate of Myron Carlton Bradshaw**

Dear Ms. Bradshaw:

I write in response to your letter faxed to my office on February 10, 1999, concerning the ASCAP membership of the late Myron Carlton Bradshaw. Below, I address each of the issues you have raised in the order set forth in your letter, as follows:

1. Our members financial information is deemed highly confidential. Accordingly, I am unable to produce to you royalty information concerning the membership of Myron Carlton Bradshaw without the approval of the named successors or a subpoena.

2. According to the information contained in our files, Jean Redd is the daughter of Myron Carlton Bradshaw and Cashwell Burgess is her son (grandson of Myron Carlton Bradshaw). Our file contains no information about Myron Carlton Bradshaw, Jr.

3, 4 and 5. At this time, we are not prepared to terminate the successor memberships of Jean Redd and Burgess Cashwell or to name you sole successor to the membership. ASCAP named successors to the Bradshaw membership and paid royalties on the basis of information that was sworn to be accurate. Having been advised by you that the information may not have been correct, we have placed a hold on the royalties to afford you the opportunity to resolve all issues of entitlement. Upon resolution of those issues, either by a court order or by settlement among the parties, ASCAP will adjust its records and pay future royalties in accordance with the new entitlements. With respect to royalties for prior periods, you must look to Ms. Redd and Mr. Cashwell for any redress.

AMERICAN SOCIETY OF COMPOSERS, AUTHORS & PUBLISHERS
ASCAP Building One Lincoln Plaza New York New York 10023
212.621.6280 Fax: 212.621.6481

NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SANDRA ANN BRADSHAW LUCAS-MORROW, | |
| Plaintiff, | Civil Docket No. 03-3045<br>Hon. Faith S. Hochberg, U.S.D.J. |
| v. | |
| AMERICAN SOCIETY OF COMPOSERS, AUTHORS, & PUBLISHERS, | **OPINION**<br>Dated: October 31, 2003 |
| Defendant. | |

## HOCHBERG, District Judge:

### Introduction:

This matter comes before the Court upon Defendant American Society of Composers, Authors, and Publisher's ("ASCAP") Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction), 12(b)(7) (failure to join a party under Fed. R. Civ. P. 19) and on the grounds that Plaintiff's complaint is time-barred. The Court has considered the written submissions by the parties pursuant to Fed. R. Civ. P. 78.

### Factual and Procedural History:

Plaintiff contends that she is the daughter of composer-musician Myron C. Bradshaw ("Bradshaw"). Bradshaw died intestate in Ohio in 1958. Bradshaw's daughter, Jean L. Redd Bradshaw ("Redd") was named the adminstratrix of Bradshaw's estate.

ASCAP is an unincorporated association with over 150,000 songwriter, composer,

1

allowing the copyright to be bequeathed by will does not give federal courts jurisdiction to decree the validity and construction of a will).[2]

## Conclusion:

For the reasons stated above, this Court concludes that it does not have subject matter jurisdiction over Plaintiff's cause of action. Plaintiff may very well have a valid claim, and the Court can understand her frustration in attempting to navigate through the complex legal waters *pro se*. For that reason, the Court has considered every possible way to flexibly consider Plaintiff's papers, which are very intelligently written.

Plaintiff may wish to pursue her claims in a state in which the courts have personal

---

[2] Plaintiff does mention renewal and termination rights in her Complaint. Renewal and termination rights that have not yet vested at the time of decedent's death may pass according to the statutory succession set forth in 17 U.S.C. § 304. It is not alleged in the Complaint that renewal and termination rights even apply to the interest that Bradshaw's successors hold in his copyrights because there is no averral of occurrences that create such rights. Even if they were somehow applicable, the core of Plaintiff's Complaint (in both the prior actions in federal and New Jersey state courts and in the instant claim) is for a determination of her entitlement to an interest in the Bradshaw copyrights. Any possible claim of infringement that might be inferred (and the Complaint sets forth no facts for such an inference) is unequivocally incidental to the primary dispute over copyright ownership that is governed by state law. Peay v. Morton, 571 F.Supp 108, 112-113 (M.D.Tenn. 1983)(holding that an infringement claim that is incidental to a primary dispute over copyright ownership under state law will not invoke federal jurisdiction); RX Data Corp. v. Dept. of Social Services, 684 F.2d 192, 196 (2d Cir. 1982)(explaining that when an infringement claim is incidental to a dispute over copyright ownership under state law, federal subject matter jurisdiction does not exist).

Moreover, even if Plaintiff was given leave to amend to include a claim for infringement of renewal and/or termination rights, her recourse lies not against ASCAP but against Jean Redd and Cashwell Burgess, the individuals currently recognized by Ohio estate law as successors. ASCAP is merely a stakeholder, willing to pay shares of licensing fees to those recognized by state law as having rights as Bradshaw's heirs. Redd cannot be joined in this suit for lack of personal jurisdiction as the New Jersey Superior Court has held she resides in Ohio. It is unclear where Cashwell resides. He did not enter an appearance in the prior New Jersey State Court action, and it was dismissed for lack of personal jurisdiction over Redd, an indispensable party. Thus, such an amended Complaint would likewise be dismissed for failure to join indispensable parties under Fed. R. Civ. P. 19. While Plaintiff argues that Redd and Cashwell are named as defendants in that they are members of ASCAP, this argument fails. Redd and Cashwell have not been individually named, nor have they been served.

5

"D"



## PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
HONG KONG
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Louis M. Solomon**
Member of the Firm

Direct Dial 212.969.3200
lsolomon@proskauer.com

February 5, 2009

Hon. Louis L. Stanton
United States District Judge
United States Court House
500 Pearl Street, Room 2250
New York, New York 10007

Re: The Football Ass'n Premier League, et al. v. YouTube, Inc., et al., 07 Civ. 3582 (LLS)

Dear Judge Stanton:

Along with our co-counsel Bernstein Litowitz, and as Interim Class Counsel appointed by the Court, we write in response to the *pro se* letter mailed to this Court by Ms. Sandra Ann Bradshaw Lucas-Morrow and dated January 20, 2009. We see no basis for Ms. Lucas-Morrow's request to submit a motion to join herself and the United States Department of Justice (DOJ) in the above-captioned action.

Ms. Lucas-Morrow and the DOJ are not necessary and indispensable parties who should be joined to this action under Fed. R. Civ. P. 19. A party is deemed necessary to a litigation if, in the party's absence, complete relief cannot be granted among the parties present, or if the party's ability to protect its interest would be impaired because of its absence from the litigation. *Cont'l Cas. Co. v. Am. Home Assur. Co.*, 2008 U.S. Dist. LEXIS 30106, *7, *12 (S.D.N.Y. April 14, 2008). Neither circumstance exists here. Ms. Lucas-Morrow does not identify any interest in the particular claims being litigated in this action, nor how her absence would prevent complete relief between the parties. Ms. Lucas-Morrow references in her letter a claim that "ASCAP infringed on her statutory right to a Public Performance License." However, ASCAP is not a party to this case, and nothing in this case would appear to bear on Ms. Morrow's entitlements *vis a vis* ASCAP. Furthermore, to the extent Ms. Lucas-Morrow seeks joinder in both the *Premier League* action and the related *Viacom* action (07 Civ. 2103), this Court has already denied her similar request for intervention in the *Viacom* action by Order dated June 5, 2007.

Respectfully,

Louis M. Solomon /NSG

Louis M. Solomon

cc: Ms. Sandra Ann Bradshaw Lucas-Morrow
Counsel for all parties in both the Class and Viacom Actions