RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
APR 15 2009
UNITED STATES DISTRICT JUDGE

# MAYER·BROWN

Mayer Brown LLP
1675 Broadway
New York, New York 10019-5820

Main Tel (212) 506-2500
Main Fax (212) 262-1910
www.mayerbrown.com

**Andrew H. Schapiro**
Direct Tel (212) 506-2672
Direct Fax (212) 849-5672
aschapiro@mayerbrown.com

April 15, 2009

The Honorable Louis L. Stanton
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2250
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-15-09

Re:  *Viacom Int'l Inc., et al. v. YouTube, Inc., et al.*, No. 07-cv-2103 (LLS); *The Football Association Premier League Ltd., et al. v. YouTube, Inc. et al.*, Case No. 07-cv-3582 (LLS)

Dear Judge Stanton:

We write on behalf of Defendants ("YouTube") in response to plaintiffs' April 14, 2009 letters.

In our March 25, 2009 submission to the Court we explained that the 16(b) Order negotiated by the parties and endorsed by the Court allocates 225 hours for party depositions of the "Collective Plaintiffs." The "Collective Plaintiffs" are expressly identified as "Viacom, Premier League Limited, and Bourne Co." We therefore asked the Court to confirm that the 225-hour allocation for depositions of the "Collective Plaintiffs" is for depositions of the three entities identified as "Collective Plaintiffs," and that the depositions of later-added plaintiffs are not included within the 225-hour limit. We noted that we have taken some depositions of the 15 later-added plaintiffs already, and suggested that "the time has come for the parties to incorporate reasonable hours limits for the remaining depositions of those entities into an amended Rule 16(b) Order." Plaintiffs disagreed with our position; they contended that the later-added plaintiffs' depositions are included within the 225-hour allocation.

At the April 2, 2009 conference, the Court stated:

> [M]aybe it would really be helpful if I gave you reactions on the question whether the new plaintiffs were comprehended within the old time limit. I can tell you my conviction as I sit here, having read whatever has arrived so far, is that they were not. They should be considered separately. I would suggest to the defendants that they think in terms of 70 hours. That's ten 7-hour days, and come back with a showing that that's insufficient, it is insufficient.

We saw no ambiguity in what the Court said: The 225-hour allocation covers the depositions of the three "Collective Plaintiffs"; the later-added plaintiffs' hours should be considered separately; and a reasonable allocation for the remaining depositions of those later-added entities could be 70 more hours. We therefore are puzzled by plaintiffs' reading of the transcript. But in case we are mistaken, or in the event that plaintiffs' submissions are to be treated as requests that the Court reconsider the position expressed at the conference, we are content to rest on our prior submissions, supplemented by the following observations:

Mayer Brown LLP operates in combination with our associated English limited liability partnership and Hong Kong partnership (and its associated entities in Asia).

The Football Association Premier League Limited et al v. Youtube, Inc. et al                    Doc. 122

The Honorable Louis L. Stanton
April 15, 2009
Page 2

- Plaintiffs fail yet again to explain how their reading of the 16(b) Order can be reconciled with the plain language of that carefully negotiated document. Their latest letters, like their earlier submissions, are conspicuously devoid of any effort to explain how "Collective Plaintiffs" – a term expressly defined in the Order to mean Viacom, Premier League, and Bourne – can mean anything other than Viacom, Premier League, and Bourne.

- Plaintiffs' suggestion that the depositions already taken of the later–added plaintiffs constitutes "a rogue discovery track" is specious. The reason those plaintiffs fell outside the 16(b) Order was because the class insisted on adding them to the case only after that Order was entered and refused any modification to the existing Order. The class then pushed and pushed for YouTube to begin taking their depositions. That plaintiffs chose for strategic reasons not to make the later-added plaintiffs part of the parties' negotiations about hours-allotments is hardly a basis for them to accuse defendants of violating Rule 16(b). Plaintiffs also ignore that YouTube has structured its discovery plan, and proceeded with depositions of the "Collective Plaintiffs," in reliance on the specific deposition-hours allocation provided in the 16(b) Order.

- Viacom again asserts that the Court's remarks at the October 26, 2007 status conference addressed the issue of hours allocations for the new plaintiffs. That is plainly wrong. As noted in our April 2, 2009 submission, the Court was addressing dates and deadlines when it said, at the October 2007 conference, that the Defendants could at some later date return to the Court if they "can say they need more time to do this." For Plaintiffs to misrepresent the record in this fashion, after being put on notice of their misreading of the October 2007 transcript by our April 2, 2009 letter, is remarkable.

- Plaintiffs imply that a total of 173 hours for depositions of the 15 later-added plaintiffs (the 103 already taken plus the 70 suggested by the Court) would somehow be excessive. But that works out to a mere one-and-a-half depositions per entity (approximately). There is nothing unreasonable about that, especially in a case of this magnitude. And of course the original agreement negotiated by the parties allocated 225 hours for the party depositions of three entities alone.

- Plaintiffs appear to suggest that adoption of their view of the hours allocation is necessary to bring this case to a conclusion. That is certainly not the case. The parties are meeting and conferring about scheduling, are aligned in their interests in moving the case forward (especially once plaintiffs comply with outstanding discovery orders), and YouTube will continue to be selective in noticing depositions and will not take any more depositions than are needed. This is despite the fact that just last week, the class indicated that it plans to add yet additional works in suit.

Should the Court wish to hear argument or ask questions about this issue we of course stand ready to appear and to respond as needed. Otherwise, we respectfully request that the Court confirm that the 225 hours allotted to YouTube for depositions of the "Collective Plaintiffs" applies only to depositions of Viacom, Premier League, and Bourne; that the depositions of the 15 plaintiffs added to this case after the Rule 16(b) Order was entered are not included within the 225 hours allotted to YouTube for depositions of the "Collective Plaintiffs"; and that the parties should negotiate in good faith towards an allocation of remaining hours for

[handwritten annotation: "That is correct."]

depositions of the later-added plaintiffs, ~~bearing in mind the Court's suggestion to "think in terms of 70 hours~~." on the basis of whatever is realistically needed.

Respectfully submitted,

Andrew H. Schapiro

LLS
4/15/09

cc: All counsel