UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------X
THE FOOTBALL ASSOCIATION PREMIER :
LEAGUE LIMITED, BOURNE CO. (together :   07 Civ. 3582 (LLS)
with its affiliate MURBO MUSIC PUBLISHING, :
INC.), CHERRY LANE MUSIC PUBLISHING :
COMPANY, INC., CAL IV ENTERTAINMENT :
LLC, ROBERT TUR d/b/a LOS ANGELES :
NEWS SERVICE, NATIONAL MUSIC :
PUBLISHERS' ASSOCIATION, THE :
RODGERS & HAMMERSTEIN :
ORGANIZATION, STAGE THREE MUSIC :
(US), INC., EDWARD B. MARKS MUSIC :
COMPANY, FREDDY BIENSTOCK MUSIC :
COMPANY d/b/a BIENSTOCK PUBLISHING :
COMPANY, ALLEY MUSIC CORPORATION, :
X-RAY DOG MUSIC, INC., FÉDÉRATION :
FRANÇAISE DE TENNIS, THE MUSIC FORCE :
MEDIA GROUP LLC, THE MUSIC FORCE :
LLC, and SIN-DROME RECORDS, LTD. on :
behalf of themselves and all others similarly :
situated, :
                                              :
            Plaintiffs,                       :
                                              :
      v.                                      :
                                              :
YOUTUBE, INC., YOUTUBE, LLC and :
GOOGLE, INC.,                                 :
                                              :
            Defendants.                       :
---------------------------------------X

### DECLARATION OF ANDREW SHAW

1. I am the Managing Director of Broadcast & Online at the Mechanical-Copyright Protection Society Limited and the Performing Right Society Limited which operate jointly under the name "PRS for Music." Our organization represents approximately 51

thousand songwriters and 8 thousand music publishers in the United Kingdom and is responsible for negotiating and issuing various licenses on behalf of our members for commercial exploitation of their musical compositions in a range of different media, including phonorecords, videos and DVDs, use in movies and commercials, broadcasts, public performances and the Internet. In 2008 PRS for Music's turnover was over £600 million. One important commercial market for our members is the United States.

2. I am advised that YouTube is now taking the position in the above captioned case that, absent the formality of registration of a copyrighted work in the U.S. Copyright Office, the copyright owner of a work that is authored and originates outside of the United States is foreclosed from certain important remedies in infringement actions in the United States that they otherwise could have obtained.

3. In the U.K., we operate in a regime that is "formality free" without copyright registration requirements. Through various international relationships under treaty and trade agreement in which both the United States and the UK participate, our members expect meaningful protection of their rights without technical formalities which may deprive them of the value of their rights should they have to vindicate them in the U.S.

4. Requiring U.S. copyright registration as a condition to remedies would be burdensome and costly to our members, some of whom have thousands of songs in their catalogs, and most of whom do not have regular U.S.-based legal counsel. It would impose an unexpected hurdle on the protection and exercise of their copyright rights, which would interfere with the commercial arrangements our members make virtually every day for the licensing of their songs.

5. I do not purport to offer any opinion on the interpretation of U.S. law. However, I am well aware of the negative commercial impact presented by YouTube's position. If there is a risk that our members could not obtain meaningful remedies for intellectual property infringements, they would be significantly deterred from engaging in transactions with U.S. counter-parties and they could also be deterred from making their repertoire available to be exploited within the U.S.

6. Until recently, our organization had a commercial arrangement with YouTube for licensing of our members songs within the UK. There has been considerable press attention to the recent inability of the parties to continue their relationship. I am restricted by a confidentiality agreement with YouTube from going into any details about this, but wish to make the existence of our prior relationship known to the Court in the interests of full disclosure.

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT

Executed on: May 7th, 2009, in London, UK.

Andrew Shaw

ANDREW SHAW
MD, BROADCAST & ONLINE