PROSKAUER ROSE LLP
Louis M. Solomon
1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000

- and -

Bernstein Litowitz Berger & Grossmann LLP
Max W. Berger
1285 Avenue of the Americas
New York, NY 10019
Telephone 212.554.1400

*Attorneys for Lead and Named Plaintiffs and the Prospective Class*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------ X
THE FOOTBALL ASSOCIATION PREMIER :
LEAGUE LIMITED, BOURNE CO. (together with its : **ECF Case**
affiliate MURBO MUSIC PUBLISHING, INC.), :
CHERRY LANE MUSIC PUBLISHING COMPANY, : **07 Civ. 3582 (LLS)**
INC., CAL IV ENTERTAINMENT LLC, ROBERT :
TUR d/b/a LOS ANGELES NEWS SERVICE, :
NATIONAL MUSIC PUBLISHERS' ASSOCIATION, : **CLASS PLAINTIFFS' SUR-REPLY**
THE RODGERS & HAMMERSTEIN : **TO YOUTUBE'S MOTION FOR**
ORGANIZATION, STAGE THREE MUSIC (US), : **JUDGMENT ON THE PLEADINGS**
INC., EDWARD B. MARKS MUSIC COMPANY, : **REGARDING CERTAIN**
FREDDY BIENSTOCK MUSIC COMPANY d/b/a : **MONETARY RELIEF AVAILABLE**
BIENSTOCK PUBLISHING COMPANY, ALLEY : **FOR UNREGISTERED "FOREIGN"**
MUSIC CORPORATION, X-RAY DOG MUSIC, : **WORKS**
INC., FÉDÉRATION FRANÇAISE DE TENNIS, THE :
MUSIC FORCE MEDIA GROUP LLC, THE MUSIC :
FORCE LLC, and SIN-DROME RECORDS, LTD. on :
behalf of themselves and all others similarly situated, :
:
                       Plaintiffs, :
            v. :
:
YOUTUBE, INC., YOUTUBE, LLC and GOOGLE, :
INC., :
:
                       Defendants. :
------------------------------------------------ X

Class Plaintiffs submit this sur-reply limited to three never-before-raised or factually incorrect points in YouTube's reply brief:

1.  YouTube argues for the first time that Class Plaintiffs' pleading is defective because it fails to "provide actual proof" of compliance with the notice requirements of § 411(c) and does not offer "actual evidence" of the particular works that qualify under this provision. YouTube Reply Br. ("Reply") at 15. That sort of "evidentiary proof" is not the proper subject of a motion directed to the pleadings. YouTube makes this argument despite the express averments in the Second Amended Complaint ("SAC") that the works of the Premier League and the FFT plaintiffs are:

- "not 'United States works' within the meaning of the U.S. Copyright Act and are therefore not subject to any registration requirements under U.S. Copyright law." SAC ¶ 15;
- "pursuant to section 411(b) of the U.S. Copyright Act, entitled to all remedies under U.S. copyright law, including statutory damages and attorneys' fees[,]" SAC ¶ 32; and that,
- "[f]or each of the Protected Works at issue, all statutory and other applicable formalities have been complied with…" SAC ¶ 69.

Given the plain language of the Copyright Act and the averments set forth in the SAC, there is no question that Class Plaintiffs properly have pled a basis for statutory damages and attorneys' fees under § 411(c).

YouTube's misplaced reference to *Ashcroft v. Iqbal* does not change this. That case – and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) – deal with the very different situation in which a plaintiff fails to make critical factual allegations that are required to "nudge[] his the claim… across the line from conceivable to plausible." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950-51 (2009). That is a completely different situation from the present one, where all elements necessary to state a claim for relief have been expressly pled, namely, reliance on express statutory remedies and compliance with all formalities. SAC ¶¶ 15, 32, 69.

While not necessary for the Motion, Class Plaintiffs further correct YouTube's misdescription of the record. YouTube fails to disclose the fact that it has received more than three hundred Advance Notices of Potential Infringement from the Premier League alone (leaving aside notices from other putative Class Members) that were served on it in accordance with the applicable regulations, and reference the statutory provision, the work at issue, the date, specific time and expected duration of the intended first transmission of the work, as well as the other information describing the intended first transmission and fixation or recording of the live event. *See* 6/4/09 Declaration of Oliver Weingarten ("Weingarten Declaration"). Compare 37 C.F.R. § 201.22 (copy attached for the Court's convenience). YouTube has acknowledged its receipt of these notices and has engaged in correspondence with the Premier League concerning them. *See* Exhibits 1 and 2 to the Weingarten Declaration.

2. YouTube persists in arguing that "section 412 of the Copyright Act *unambiguously* provides that statutory damages are available only to registered works...". Reply at 1 (emphasis added). However, YouTube's own argument depends on reading into § 412 an implied registration "requirement" where none exists. On the contrary, Class Plaintiffs demonstrated specifically that the statute itself confirms Congress' view that §§ 411 and 412 – conceived and interpreted together since inception – should continue to be read consonantly so that no hidden foreign work registration requirement is read into § 412 when foreign work registration was explicitly **removed** from § 411. The changes to § 411(a) – limiting the registration requirement in the Act to "United States works" – cannot be ignored in construing the statute, particularly when such revisions were made to accommodate U.S. adherence to an increasing array of international treaties and trade agreements that prohibit the conditioning of copyright rights and remedies on formalities such as copyright registration. YouTube does not

2

seriously dispute that the United States is bound by these basic international standards. *See* Reply at 8, note 5. Instead, YouTube quarrels whether statutory damages are often the only form of effective monetary relief, and goes so far as to falsely claim that Class Plaintiffs provide no support for that proposition. *Compare* Reply at 12 with Opp. Br. at 23, citing *Van Der Zee v. Greenidge*, 2006 U.S. Dist. LEXIS 400, at *3 (S.D.N.Y. Jan. 6, 2006) ("An award of statutory damages is particularly appropriate where actual damages are difficult to prove"). Inexplicably, YouTube implies that the *London Films* case was cited for this proposition, Reply at 12, note 7, when it was not. *Compare* Opp. Br. at 23, note 5.

3. In denying any entitlement to seek punitive damages in the absence of statutory damages for unregistered foreign works, YouTube argues there is "no plausible reason" to permit owners of such works to recover punitive damages. *See* Reply at 15. However, YouTube does not and cannot dispute that there is nothing in the Copyright Act that prohibits an award of punitive damages in these particular circumstances. As to whether to permit punitive damages in the absence of statutory damages, YouTube ignores the obligations imposed on the United States by TRIPs to provide meaningful remedies, including deterrence remedies. YouTube further ignores the point that where statutory damages (which contain a punitive component) do not apply, there simply no longer is the same rationale for excluding punitive damages. Far from seeking "greater protection" than that provided under U.S. law (a proposition YouTube derives from an unpublished, non-controlling district court decision in California, *see* Reply at 16), Class Plaintiffs only seek an application of U.S. law that is entirely consistent with the plain language of the statute and takes account of international norms which the U.S. is bound to meet for authors and rights owners of "foreign" works under U.S. law.

Dated: June 4, 2009
New York, NY

*[signature: Louis M. Solomon]*
Louis M. Solomon
William M. Hart
Hal S. Shaftel
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Email: lsolomon@proskauer.com
- *and* -
Max W. Berger
John P. Coffey
John C. Browne
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Email: mwb@blbglaw.com

*Attorneys for Lead Plaintiffs, Named Plaintiffs
Murbo Music Publishing, Inc., Cherry Lane
Music Publishing Company, Inc., Robert Tur
d/b/a Los Angeles News Service, X-Ray Dog
Music, Inc., Fédération Française de Tennis,
and for the Prospective Class*

Daniel Girard
Aaron Sheanin
Christina Connolly Sharp
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108
-and-
Gerald E. Martin
Laurel Johnston
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201

-and-
Kevin Doherty
BURR & FORMAN
700 Two American Center
3102 West End Avenue
Nashville, TN 37203
*Attorneys for Cal IV Entertainment, LLC*

David S. Stellings
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Tel. (212) 355-9500
Fax. (212) 355-9592
-and-
James E. Hough
Jacqueline C. Charlesworth
MORRISON & FOERSTER
1290 Avenue of the Americas
New York, New York 10104
Phone (212) 468-8158
Facsimile (212) 468-7900
*Attorneys for the National Music Publishers'
Association, Rodgers & Hammerstein
Organization, Stage Three Music (US), Inc.,
Edward B. Marks Music Company, Freddy
Bienstock Music Company d/b/a Bienstock
Publishing Company, and Alley Music
Corporation.*

Christopher Lovell
Christopher M. McGrath
LOVELL STEWART HALEBIAN LLP
500 Fifth Avenue, 58th Floor
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677
-and-
Jeffrey L. Graubart
LAW OFFICES OF JEFFREY L.
GRAUBART
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105-1855
Telephone: (626) 304-2800
Facsimile: (626) 304-2807

*-and-*
Steve D'Onofrio
5335 Wisconsin Avenue, N.W. Suite 950
Washington, D.C. 20015
Telephone: (202) 686-2872
Facsimile: (202) 686-2875
*Attorneys for The Music Force Media Group LLC, The Music Force LLC, and Sin-Drome Records, Ltd.*