ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/7/09

STANTON, J

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VIACOM INTERNATIONAL INC., COMEDY PARTNERS, COUNTRY MUSIC TELEVISION, INC., PARAMOUNT PICTURES CORPORATION, and BLACK ENTERTAINMENT TELEVISION LLC,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, INC., YOUTUBE, LLC, and GOOGLE INC.,<br><br>Defendants. | Civil Action No. 07-CV-2103<br>Judge Stanton |
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS' ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY d/b/a BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FEDERATION FRANCAISE DE TENNIS, THE MUSIC FORCE MEDIA GROUP LLC, THE MUSIC FORCE LLC, and SINDROME RECORDS, LTD. on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YOUTUBE, INC., YOUTUBE, LLC and GOOGLE, INC.,<br><br>Defendants. | STIPULATION REGARDING PRIVILEGE LOGS<br><br>Civil Action No. 07-CV-3582<br>Judge Stanton |

WHEREAS, the parties to the above-referenced actions desire to reduce the overall burden associated with the creation of privilege logs, while balancing their need to assess the others' grounds for withholding documents based on claims of privilege,

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel of record, for the parties hereto, that the following procedures shall apply to the creation and production of privilege logs in these actions:

1. **First-Round Production of Custodial Metadata Privilege Logs.** Within 30 days of execution of this agreement, Viacom Plaintiffs and Defendants shall each produce metadata privilege logs for the first set of 30 Priority Custodians identified by the opposing party or parties, and the Class Plaintiffs shall produce metadata privilege logs for all Priority Custodians whom the Class Plaintiffs identified to Defendants. The metadata privilege logs shall list each document being withheld on the basis of any asserted privilege, with the exception of those documents excluded from logging by this Stipulation, in the form attached hereto as Exhibit A. The parties agree that such logs shall be produced without prejudice to the producing party removing documents from the metadata log as soon as and to the extent such documents are reviewed and produced. The parties further agree that such logs shall be supplemented with additional entries to the extent that additional privileged documents are identified after the execution of this agreement.

2. **Second-Round Production of Custodial Metadata Privilege Logs.** Using their best efforts with a goal of doing so within 75 days of execution of this agreement, Viacom Plaintiffs and Defendants shall each produce metadata privilege logs for any ten (10) custodians selected by the opposing party or parties from those sets of

custodians identified after the first set of 30 Priority Custodians. The selection of custodians for whom metadata privilege logs shall be produced pursuant to this Paragraph shall be made and communicated in writing to the opposing side by July 7, 2009. The metadata privilege logs shall list each document being withheld on the basis of any asserted privilege, with the exception of those documents excluded from logging by this Stipulation, in the form attached hereto as Exhibit A. The parties agree that such logs shall be produced without prejudice to the producing party removing documents from the metadata log as soon as and to the extent such documents are reviewed and produced. The parties further agree that such logs shall be supplemented with additional entries to the extent that additional privileged documents are identified after the execution of this agreement.

3. **Treatment of Remaining Custodial Metadata Privilege Logs.** Upon substantial completion of the production of documents for the remaining custodians not covered by paragraphs 1 and 2 above, the producing party shall state in writing to the other parties the number of documents being withheld on the basis of any asserted privilege for each custodian. This stipulation does not prohibit a party from seeking further information regarding the documents being withheld for these custodians (either in the form of metadata log entries or full privilege log entries) if a party shows, in a written request to the withholding party, that it has a good faith belief that additional information is necessary for the prosecution or defense of its case. That written notice shall set forth the basis for the party's claim of necessity. If the withholding party disputes the claimed need and does not agree to provide further information, the requesting party may seek compliance with its request by motion to the Court.

4.    **Production of Non-Custodial Metadata Privilege Logs.** Within 60 days of execution of this agreement the parties shall begin the rolling production of metadata privilege logs for non-custodial documents. Where available, these metadata logs shall provide the data contemplated on Exhibit A attached hereto. The parties agree that such logs shall be produced without prejudice to the producing party removing documents from the metadata log as soon as and to the extent such documents are reviewed and produced. The parties shall discuss the production of metadata privilege logs for hard copy documents.

5.    **Production of Metadata Privilege Logs for Custodians that the Parties Reasonably Believe They are Likely to Call as Trial Witnesses.** No later than thirty (30) days following the production of documents for those individuals encompassed by Paragraph 4 of the Parties' November 21, 2007 Agreement Regarding Custodians, each party shall produce a metadata privilege log listing each document being withheld from those individuals' custodial productions on the basis of any asserted privilege, with the exception of those documents excluded from logging by this Stipulation, in the form attached hereto as Exhibit A. No later than thirty (30) days prior to the close of fact discovery, each party shall produce a metadata privilege log for each identified custodian for whom a metadata log is not being produced pursuant to Paragraphs 1 and 2 above, and whom the party reasonably believes they are likely to call as a witness at trial. Such metadata logs will list each document being withheld from those individuals' custodial productions on the basis of any asserted privilege, with the exception of those documents excluded from logging by this Stipulation, in the form attached hereto as Exhibit A. The parties agree that such logs shall be produced without prejudice to the producing party

removing documents from the metadata log as soon as and to the extent such documents are reviewed and produced. The parties further agree that such logs shall be supplemented with additional entries to the extent that additional privileged documents are identified after the execution of this agreement.

6. **Production of Selected Entries from Metadata Privilege Logs.** As of right, the parties may request production of complete privilege log entries from the others' respective metadata logs, as follows:

a. As Defendants produce metadata logs pursuant to Paragraphs 1, 2, 4 and 5 above, Plaintiffs collectively may on a rolling basis identify metadata log entries for which complete privilege log entries will be provided, up to a limit of 5% of the aggregate number of entries for which a claim of privilege has been asserted on all such metadata privilege logs produced by Defendants. Each such complete entry shall be provided in the form attached hereto as Exhibit B. Plaintiffs shall coordinate their selections and request them jointly.

b. As the Class and Viacom Plaintiffs produce metadata logs pursuant to Paragraphs 1, 2, 4 and 5 above, Defendants may on a rolling basis identify metadata log entries for which complete privilege log entries will be provided, up to a limit of 5% of the aggregate number of entries for which a claim of privilege has been asserted on all such metadata privilege logs produced by the Class Plaintiffs, and up to a limit of 5% of the aggregate number of entries for which a claim of privilege has been asserted on all such metadata privilege logs produced by the Viacom Plaintiffs. Each such complete entry shall be provided in the form attached hereto as Exhibit B.

7. **Protocol for Seeking Additional Privilege Log Information.** With respect to the metadata privilege logs exchanged pursuant to Paragraphs 1, 2, 4 and 5 of this stipulation, if a party can show that it has a good faith belief that additional complete privilege log entries, above and beyond those to which the party has a right pursuant to Paragraph 6 of this Stipulation, are necessary for the prosecution or defense of its case, that party shall make such request in writing to the withholding party. That written notice shall set forth the specific log entries for which a complete log is requested and the basis for the party's claim of necessity. If the withholding party disputes the claimed need and does not agree to provide the complete logs, the requesting party may seek compliance with its request by motion to the Court.

8. **Treatment of Redacted Materials on Privilege Logs.** Redacted documents shall be logged as follows:

a. All redacted documents shall be set forth on the metadata privilege logs produced pursuant to Paragraphs 1, 2, 4 and 5. If a document is on a metadata privilege log because it contains redacted information, the metadata privilege log will so indicate. If this information is unavailable when an initial metadata log is produced, a supplemental log shall be produced.

b. No redacted documents need be set forth on the complete privilege logs produced pursuant to Paragraph 6. However, complete privilege log entries for any redacted documents that would have appeared on those complete privilege logs will be provided upon requests made on a document-by-document basis.

9. **No Logging of Litigation Materials.** Litigation work product and communications between litigation counsel and any party that occurred in connection

with this or other litigations involving the party need not be logged, regardless of when such documents were created. However, where such documents are withheld, the withholding party shall contemporaneously with the production of the relevant metadata log identify the litigation by name and case number. Other parties may ask for more information regarding the documents being withheld under this Paragraph.

10. **No Logging of Emails Searched Pursuant to Paragraph 5 of the Parties' November 21, 2007 Agreement Regarding Custodians.** The parties need not log emails collected and searched pursuant to Paragraph 5 of the Parties' November 21, 2007 agreement regarding custodians, unless such emails fall within the scope of Paragraph 5 above. This exclusion from logging shall not apply to those emails Viacom has preserved in its mail journal system in connection with this litigation that have a Viacom Priority or Additional Custodian listed as a sender or recipient, including but not limited to those documents Viacom has or will produce bearing the custodian identifier "MailJournal.".

11. **Time Limitation.** The parties shall not be required to set forth any documents withheld on the basis of privilege that were created after July 15, 2007 on any privilege log unless a party can show that there is good cause for logging documents generated after this date.

12. **Attorney List.** A list of the attorneys and their company affiliation appearing on any privilege log shall be provided contemporaneously with any privilege log produced pursuant to the provisions of this Stipulation. The list provided pursuant to this Paragraph shall be updated as additional logs are produced, as warranted.

7

13. **Impact of Resolution of Challenges to Privilege Claims.** Unless otherwise agreed to in writing, any order with regard to the applicability of an asserted privilege over any given document shall extend to all other documents withheld by the party on the same ground.

14. **No Impact on Non-Waiver Agreement.** Nothing in this stipulation shall affect a party's right to challenge an assertion of privilege made at a deposition or when "clawing back" documents under the Non-Waiver Agreement.

15. **Preservation of Arguments.** The arguments of all parties in matters pending before the Court are preserved notwithstanding the execution of this Stipulation.

| AGREED and STIPULATED | *Attorney for Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television, LLC* |
|---|---|
| July 6, 2009 | By: _____<br>Susan J. Kohlmann<br>JENNER & BLOCK LLP<br>919 Third Avenue, 37th Floor<br>New York, NY 10022-3908<br>Telephone: (212) 891-1600<br>Facsimile: (212) 891-1699<br><br>Stuart J. Baskin (SB-9936)<br>SHERMAN & STERLING LLP<br>599 Lexington Avenue<br>New York, NY 10022<br>Telephone (212) 848-4000<br>Facsimile (212) 848-7179 |

| AGREED and STIPULATED | *Attorney for YouTube, Inc., YouTube, LLC and Google Inc.* |
|---|---|
| July 2, 2009 | By: _____ |

8

Richard Ben-Veniste
Andrew H. Schapiro
A. John P. Mancini
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Facsimile: (212) 262-1910

David H. Kramer
Maura L. Rees
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH &
ROSATI
PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
(650) 493-9300

| AGREED and STIPULATED | *Attorneys for Lead Plaintiffs The Football Association Premier League Limited and Bourne Co., Named Plaintiffs Murbo Music Publishing, Inc., Cherry Lane Music Publishing Company, Inc., Robert Tur d/b/a Los Angeles News Service, X-Ray Dog Music, Inc., and Fédération Française de Tennis, , and the Prospective Class* |
|---|---|
| July 6, 2009 | By: *Louis M. Solomon* /s/<br>Louis M. Solomon<br>PROSKAUER ROSE<br>1585 Broadway<br>New York, NY 10036-8299<br>Telephone: (212) 969-3000<br>Facsimile: (212) 969-2900<br><br>By: *John P. Coffey* /s/<br>John P. Coffey<br>BERNSTEIN LITOWITZ BERGER & GROSSMAN LLP<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 554-1400<br>Facsimile: (212) 554-1444<br><br>*Attorneys for Cal IV Entertainment LLC*<br><br>Daniel Girard<br>Aaron Sheanin<br>Christina H. Connolly<br>GIRARD GIBBS LLP<br>601 California Street, 14th Floor<br>San Francisco, CA 94108<br><br>*-and-*<br><br>Gerald E. Martin<br>Laurel Johnston<br>BARRETT JOHNSTON & PARSLEY<br>217 Second Avenue North<br>Nashville, TN 37201<br><br>*-and-* |

Kevin Doherty
BURR & FORMAN
700 Two American Center
3102 West End Avenue
Nashville, TN 37203

*Attorneys for the National Music Publishers'
Association, Rodgers & Hammerstein
Organization, Stage Three Music (US), Inc.,
Edward B. Marks Music Company, Freddy
Bienstock Music Company d/b/a Bienstock
Publishing Company, and Alley Music
Corporation.*

David S. Stellings
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592-*and-*

James E. Hough
MORRISON & FOERSTER
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8158
Facsimile: (212) 468-7900

*Attorneys for The Music Force Media Group
LLC, The Music Force LLC, and Sin-Drome
Records, Ltd.*

Christopher Lovell (CL-2595)
Christopher M. McGrath (CM-4983)
LOVELL STEWART HALEBIAN
LLP
500 Fifth Avenue, 58th Floor
New York, New York 10110
Telephone: (212) 608-1900 Facsimile:
(212) 719-4677

*-and-*

Jeffrey L. Graubart (JG-1338)

|  | LAW OFFICES OF JEFFREY L. GRAUBART<br>350 West Colorado Boulevard, Suite 200<br>Pasadena, California 91105-1855<br>Telephone: (626) 304-2800<br>Facsimile: (626) 304-2807<br><br>*-and-*<br><br>Steve D'Onofrio (SD-8794)<br>5335 Wisconsin Avenue, N.W. Suite 950<br>Washington, D.C. 20015<br>Telephone: (202) 686-2872<br>Facsimile: (202) 686-2875 |

SO ORDERED:

___Louis L. Stanton___
U.S.D.J.
7/7/09

# Exhibit A

*Form of Metadata Privilege Log*

| Doc No. | Date | Custodian | From/Author | To | CC | Document Type / File Extension |
|---|---|---|---|---|---|---|
| 1 | 5/01/2007 | Larry Lawyer | Albert Attorney | Carl Client | Larry Lawyer | .doc |
| 2 | 5/1/2007 | Larry Lawyer | Albert Attorney | Carl Client | Larry Lawyer | Email |

.

# Exhibit B

*Form of Complete Privilege Log*

| Doc. No. | Date | Custodian | From/Author | To | CC | Document Type/File Extension | Description | Privilege(s) Asserted |
|---|---|---|---|---|---|---|---|---|
| 1 | 5/01/2007 | Larry Lawyer | Albert Attorney | Carl Client | Larry Lawyer | Memorandum | Memorandum outlining legal claims asserted in complaint, including counsels' analysis of legal issues and provision of legal advice to client | AC, AWP |
| 2 | 5/1/2007 | Larry Lawyer | Albert Attorney | Carl Client | Larry Lawyer | Email | Email chain discussing legal claims asserted in complaint, including counsel's analysis of legal issues and provision of legal advice to client | AC, AWP |