ORIGINAL

**Memorandum Endorsement**

The Football Ass'n Premier League Ltd., et al. v. YouTube, Inc., et al., 07 Civ. 3582 (LLS)

The date of November 15, 2009 for close of discovery was stipulated to by July 27, 2009. At that time, the class plaintiffs knew that:

1. All works-in-suit had to be identified 90 days before November 15, 2009, i.e., by August 17, 2009. (June 23, 2008 Tr. at 3);

2. Mr. Stithem was involved in a "complicated divorce and custody proceeding," and Ms. Siroty was largely unavailable because of treatment for her daughter, which limited their ability to assist in the identification work. (H. Shaftel Letter to the Court, October 9, 2009, at 2). Thus those circumstances, now offered as explanations for X-Ray Dog's delinquency, were not unexpected surprises, but the prevailing situation when the deadline for identification of works-in-suit was set;

3. X-Ray Dog was falling behind the other named plaintiffs in compiling additional works and infringements concerning which, almost three months earlier, class plaintiffs had stated to defendants, "we expect to identify those to you expeditiously." (Letter from N. Gitterman to M. Rubin, May 8, 2009, at 1); and

4. Additions to the list of infringed works after August 17, 2009 were not expected, and would have "to be proved to be exceptional indeed." (June 23, 2008 Tr. at 3).

With that knowledge, class plaintiffs did not advise defendants of any difficulties hindering X-Ray Dog's compliance, seek any time extension from defendants[1] or the Court, or make a timely addition to X-Ray Dog's earlier 12 claims of infringement based on two works-in-suit.

Not until nearly three weeks after the deadline had passed did X-Ray Dog seek to add 1,548 new video clips claimed to

---

[1] They say defendants knew in July of X-Ray Dog's delay and "did not raise any issue," (H. Shaftel Letter to the Court, October 9, 2009, at 1) but defendants were entitled to assume that X-Ray Dog would meet the terms of its obligation, and defendants had no duties in that regard.

- 1 -

infringe 198 new works-in-suit. These additions would impose significant burdens on defendants:

> YouTube would have to analyze the chains-of-title for 198 additional works, potentially depose witnesses on specific ownership issues based on that analysis, examine 1,548 new video clips and assess the possible defenses (including fair use, copyright misuse, authorization, and express or implied license) that might be available for each of those distinct clips, and potentially expand the scope of expert opinion.

(Letter from A. Schapiro to the Court, October 15, 2009, at 2).

The time limit for the identification of works-in-suit serves a purpose: the case must be tried on a closed universe of claims. To do that,

> All claims of infringement of the works in suit must be identified in time to be explored by the defendants before trial. And in practical terms, that probably means 90 days before the close of discovery. I don't think you or I should expect additions to be made to the list thereafter.

(June 23, 2008 Tr. at 3).

That is why claims for exceptions must be "exceptional indeed." (Id.). These are not: they are ordinary and were known to X-Ray Dog at the time.

The class plaintiffs' request that the Court find their identification of the additional works-in-suit timely (their October 9, 2009 letter to the Court) is denied.

So ordered.

Dated: New York, New York
October 27, 2009

                                                */s/ Louis L. Stanton*
                                                Louis L. Stanton
                                                   U.S.D.J.

# PROSKAUER ROSE LLP

1585 Broadway
New York, NY 10036-8299
Telephone 212.969.3000
Fax 212.969.2900

BOCA RATON
BOSTON
CHICAGO
HONG KONG
LONDON
LOS ANGELES
NEW ORLEANS
NEWARK
PARIS
SÃO PAULO
WASHINGTON

**Hal S. Shaftel**
Member of the Firm

Direct Dial 212.969.3230
hshaftel@proskauer.com

October 9, 2009

**By Hand**

Honorable Louis L. Stanton
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2250
New York, New York 10007

> Re: The Football Ass'n Premier League Ltd., et al. v. YouTube, Inc., et al.,
> 07 Civ. 3582 (LLS)

Dear Judge Stanton:

On behalf of the Class Plaintiffs and, in particular, named plaintiff X-Ray Dog ("XRD"), we write to request the Court's intervention in a dispute over the designation of certain XRD works-in-suit. XRD, which is operated by two principals, is an independent music licensing company that commissions, owns and licenses original music for motion picture, video game and television show advertising.

By July 10, 2009, the named Class Plaintiffs collectively had designated roughly 750 works-in-suit. We advised Defendants that each of the plaintiffs were then finished with their designations, except for XRD. Defendants did not then raise any issue about XRD at that time. With the close of fact discovery set for November 15, 2009, XRD identified an additional 198 works-in-suit on September 9 -- 67 days before that date. On September 11, we also provided virtually all chain of title documents for these works and the majority of the licenses for each one. The remaining chain of title and licenses were provided by September 25, well in advance of the applicable document discovery deadline of October 15, 2009.

Defendants do not and cannot identify any genuine prejudice from the timing of the identification of these XRD works-in-suit, particularly given that all information has been (or will be) produced prior to the October 15 document discovery deadline. Indeed, the deposition

of XRD's witness in response to Defendants' Fed. R. Civ. P. 30(b)(6) request is not yet even scheduled. Nonetheless, Defendants have taken the position that these identifications of XRD works-in-suit are untimely. Defendants misplace reliance on Your Honor's comments from the bench well over a year ago that:

> All claims of infringement of the works in suit must be identified in time to be explored by the defendants before trial. And in practical terms, that probably means 90 days before the close of discovery. I do not think you or I should expect additions to be made to the list thereafter. The case ultimately must be tried on a closed universe of claims. So we will close the list 90 days before discovery and not expect later additions, always bearing in mind that need for exceptions to a rule may occur. And, of course, that recognition informs all of my rulings on this motion as well. But I would treat exceptions as having to be proved to be exceptional indeed.

6/23/08 at Tr. 3 (excerpt is annexed hereto as Exhibit A). In late July 2009, when the parties stipulated to the November 15 fact discovery close, Defendants were aware from the correspondence that XRD had not finalized its works-in-suit identifications and never disputed the timing until September 18 – nine days after XRD completed its list.

As set forth in the accompanying declaration of one of XRD's two principals (Tim Stithem), annexed hereto as Exhibit B, certain issues affected XRD's timing of its work-in-suit identifications – but these designations were made amply "in time to be explored by defendants before trial." In light of the importance of the case to it, XRD has diverted considerable resources from its business to the litigation of this case. The magnitude of infringements of XRD's works, however, that appear – and reappear – on YouTube is massive, and the identification of those works is thus a time-consuming process given XRD's resources. In the face of Defendant's extensive discovery requests that have interfered with XRD's ability to find additional infringements more quickly, XRD complied with its discovery obligations and has produced nearly 60,000 pages of documents, appeared for two depositions (with another deposition noticed) and otherwise actively participated in the case.

Additionally, during 2008 and 2009, Mr. Stithem had to handle unexpected personal issues involving a complicated divorce and custody proceeding that limited his ability to manage the operations of XRD. In response, XRD relied even more heavily on the services of an independent contractor, Lauren Brown Siroty, to assist in identifying additional works-in-suit and in collecting related documentation. However, Ms. Siroty herself was unable to provide sustained assistance between May and August of 2009 as her daughter was undergoing treatment for a serious illness.

Despite this combination of extreme circumstances, XRD identified the additional works-in-suit 67 days before the close of discovery, provided the corresponding discovery within the set

discovery deadlines, and thus identified all it works-in-suit "in time to be explored by defendants before trial" – including at the upcoming XRD deposition. Ex. A at 3. Accordingly, we request that the Court find that XRD's complete identification of works-in-suit is timely for purposes of this case. It would be inefficient and inequitable to exclude these final works and infringements and have them litigated in a separate proceeding.

Respectfully,

Hal S. Shaftel

cc:  Counsel of Record