PROSKAUER ROSE LLP
Louis M. Solomon
1585 Broadway
New York, NY 10036
(212) 969-3000
lsolomon@proskauer.com
        - and -
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Max W. Berger
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
mwb@blbglaw.com
*Attorneys for Lead and Named Plaintiffs and the*
*Prospective Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, ET AL., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          - against -<br><br>YOUTUBE, INC., ET AL.,<br><br>                    Defendants. | Case No.:  07-CV-3582 (LLS)<br><br>**ECF CASE** |

### PLAINTIFF X-RAY DOG MUSIC, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Putative Class Plaintiff X-Ray Dog Music, Inc. ("XRD") respectfully seeks

reconsideration, pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b), of the

Court's Memorandum Endorsement dated October 27, 2009, denying XRD's request to treat its

additional "works-in-suit" designations as timely for purposes of this case.

## **GROUNDS FOR RECONSIDERATION**

As explained below, relief from the Court's October 27, 2009 ruling is appropriate under Fed. R. Civ. P. 59(e) and 60(b) because the parties have agreed to extend the fact discovery deadline by more than 30 days to December 18, 2009 – a date that was proposed by Defendants, that Defendants have already benefitted from, and that is an intervening event that entirely eliminates any claimed prejudice by Defendants concerning the timeliness of XRD's identifications.[1]

The Court's October 27, 2009 determination was premised on a requirement calling for additional works-in-suit identifications 90 days before close of fact discovery. At the time XRD made its additional works-in-suit designations on September 9, 2009, fact discovery was set to close by November 15, 2009, making the XRD designations 23 days past the deadline at the time. Mem. Endors. at ¶ 1.

When Class Plaintiffs sought the requested relief on October 9, 2009, the November 15 discovery deadline was in place. However, shortly thereafter, the parties, including Defendants and Viacom, began discussing the need to extend the relevant discovery deadlines in light of their respective discovery obligations to each other. Class Plaintiffs did not seek an extension, but indicated that they had no opposition to it, since all of the parties could benefit from the additional time. During an October 15, 2009 phone conference, Defendants proposed, among other things, that the document discovery deadline be extended more than one month to November 20, 2009, and that the fact discovery deadline be extended more than one month to

---

[1] Pursuant to Local Civil Rule 6.3, we have refrained from submitting an affidavit to support these facts absent the Court's direction. We are prepared to do so if the Court directs.

December 18, 2009.  During a phone conference on October 16, 2009, the Class and Viacom

Plaintiffs accepted the new dates proposed by Defendants.

On October 21, 2009, Defendants wrote that "[p]ursuant to the current agreement of the

parties that deadline [for document production] is now November 20, 2009… ," consistent with

the parties' oral agreement.  Thereafter, Class Plaintiffs circulated a stipulation memorializing

the agreed-upon extended deadlines as follows:

|  | Original discovery deadline | Agreed upon extension |
|---|---|---|
| Last day to identify production issues | N/A | 10/27/09 |
| Document production deadline | 10/15/09 | 11/20/09 |
| Proposed court conference re final production issues | N/A | 11/30/09 |
| Finish fact depositions | 11/15/09 | 12/18/09 |
| **Fact discovery closed** | **11/15/09** | **12/18/09** |
| Motions for Summary Judgment shall be filed no later than | 12/15/09 | 1/29/10 |
| Deadline for filing class certification motion | 1/15/10 | 2/26/10 |

No objection has been made by Defendants to the form or substance of the stipulation,

but Class Plaintiffs are still waiting for Defendants to return their executed versions.  Defendants

already have availed themselves of the extended deadlines, producing additional documents after

the initial October 15, 2009 document production deadline.

The ultimate effect of this extended timetable is that additional works-in-suit

identifications would now be due on September 19, 2009, *i.e.* 90 days before December 18,

2009, and ten days after XRD made its identifications.  Another court in a similar setting

modified a prior order holding certain party submissions untimely – when the discovery deadline

in that case was subsequently extended.  In *EEOC v. Venator Group, Specialty Inc.*, 2001 U.S.

Dist. LEXIS 2506 (S.D.N.Y. Mar. 12, 2001) (Schwartz, D.J.) the court upheld a Magistrate's

refusal to grant the EEOC relief from a claimant identification deadline, but found that, in light

of the subsequent extension of the discovery deadline in that case, there was no prejudice to including the additional claimants. Notably, the "claimant deadline" in the *EEOC* case was not, by its terms, expressly calculated under a formula measured against the discovery deadline, as it is here. Because all the parties are benefitting from the extended discovery deadline (which, again, was not sought by XRD or the Class Plaintiffs), it would be anomalous for XRD to be denied its benefits.

This Court has discretion to reconsider its own decisions prior to final judgment in the case. *See DiLaura v. Power Auth. of NY*, 982 F.2d 73, 77 (2d Cir. 1992) (citations omitted). Class Plaintiffs respectfully submit that this is the precise situation contemplated by the case law for exercising such discretion, namely, "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (citations omitted). *See also Figueroa v. West*, 1998 U.S. Dist. LEXIS 4590 (S.D.N.Y. Apr. 7, 1998) (reconsideration granted where extra time in pre-trial schedule allowed otherwise out-of-time discovery to proceed); *Swatch Group, Inc. v. Movado Corp.*, 2002 U.S. Dist. LEXIS 5298 (S.D.N.Y. Mar. 26, 2002) (reconsideration granted to extend discovery schedule to account for newly filed motion to compel).

No prejudice to Defendants from the requested relief has been or can be established. Defendants have had notice of the additional works-in-suit and infringing videos of those works since September 9, 2009 (100 days before the current fact discovery deadline). Additionally, Defendants have had the vast majority of the documents relevant to the additional works (which number only about 4,000 pages) since September 25, 2009, almost three months before the end of fact discovery. To put this in context, Defendants produced more than 1.5 *million* pages of documents – containing information material to Plaintiffs' case – in the month of October.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully ask this Court to reconsider its October 27, 2009 order and to find that XRD's September 9, 2009 identifications of additional works-in-suit are timely for purposes of this case.

Dated: November 6, 2009
New York, New York

/s/ Louis M. Solomon
Louis M. Solomon
William M. Hart
Hal S. Shaftel
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Email: lsolomon@proskauer.com
 - *and* -
Max W. Berger
John C. Browne
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Email: mwb@blbglaw.com

*Attorneys for Lead Plaintiffs, Named Plaintiffs Murbo Music Publishing, Inc., Cherry Lane Music Publishing Company, Inc., Robert Tur d/b/a Los Angeles News Service, X-Ray Dog Music, Inc., Fédération Française de Tennis, The Scottish Premier League Limited, and for the Prospective Class*