# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY d/b/a BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FEDERATION FRANCAISE DE TENNIS, THE MUSIC FORCE MEDIA GROUP LLC, THE MUSIC FORCE LLC, and SINDROME RECORDS, LTD. on behalf of themselves and all others similarly situated,

         Plaintiffs,

   v.

YOUTUBE, INC., YOUTUBE LLC, and GOOGLE INC.,

         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

ECF Case

Civil Action No. 07-CV-3582 (LLS)
(Related Case No. 07-CV-2103)

## YOUTUBE'S MEMORANDUM OF LAW IN OPPOSITION TO
## X-RAY DOG MUSIC, INC.'S MOTION FOR RECONSIDERATION

David H. Kramer
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

Andrew H. Schapiro
A. John P. Mancini
Matthew D. Ingber
Brian M. Willen
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2500

*Attorneys for Defendants*

Defendants ("YouTube") submit this memorandum in opposition to X-Ray Dog Music, Inc.'s ("XRD") motion for reconsideration of the Court's October 27, 2009 Memorandum Endorsement denying XRD's untimely attempt to add new works in suit and alleged infringements to this case.

## ARGUMENT

In seeking reconsideration, XRD does not—and cannot—claim that its September 9, 2009 identification of 198 new works in suit and 1,548 allegedly infringing video clips was timely. Indeed, XRD takes no issue with the Court's findings that: (1) the August 17, 2009 deadline to identify additional works in suit was known to XRD well in advance (Mem. Endorsement at 1); (2) the personal circumstances of its employees were also well known to XRD during that same period, yet XRD never informed YouTube or the Court of its difficulties in identifying works in suit and never sought an extension of the deadline (*id.*); and (3) XRD failed to show "exceptional" circumstances justifying its late identification (*id.* at 2). XRD instead attempts to bootstrap its untimely identification to the parties' recent stipulation extending the discovery deadline for the limited purpose of allowing the parties to complete production of responsive documents and schedule the dozens of remaining depositions.

That effort should be rejected. Having elected, without good cause, to ignore the Court-imposed deadline for identifying alleged infringements, XRD should not be saved from the consequences of its own negligence by an after-the-fact change to the case schedule necessitated by the Plaintiffs' inability to meet the existing dates for the end of document production. That would not merely be an inappropriate windfall to XRD, it would significantly prejudice Defendants, forcing YouTube to defend against thousands of new claims that would become part of this case for the first time with less than six weeks left before the close of discovery.

Because XRD's motion for reconsideration relies on the recent extension of discovery deadlines, some background is required to put that extension into proper context. As the October 15, 2009 date for the completion of document production approached, it became clear that Plaintiffs (including putative Class Plaintiffs) still had yet to produce significant categories of documents. Among those missing from the putative Class Plaintiffs' production were complete works-in-suit information for The Football Association Premier League, including such basic information as title, date of creation, and authorship for each work in suit; documents from several named custodians for which fewer than 250 (and in some cases fewer than 50) documents have been produced; and documents from The Harry Fox Agency ("HFA"). In addition, with Plaintiffs' document production incomplete and not likely to be completed before October 15, the parties faced scheduling more than 30 depositions in the remaining month before the scheduled deposition cutoff of November 15, 2009.[1]

Thus, when Plaintiffs approached YouTube and suggested that the discovery deadlines be moved, YouTube agreed to extend the deadline for completing document production to November 20 and for completing depositions to December 18 with those obligations firmly in mind. The purpose of the extension was to allow the considerable discovery *already contemplated by the existing universe of claims* to be completed in an orderly manner. XRD never suggested that the new deadlines should be used to its advantage, to retroactively transform an untimely identification of new claims into a timely one. Indeed, the possibility that by allowing Plaintiffs more time to finish their document production, YouTube would be exposing itself to thousands of new infringement claims was never discussed and would have

---

[1] XRD's claim (at 4) that the extended discovery deadline "was not sought by XRD or the Class Plaintiffs" is puzzling. Class Plaintiffs certainly did not oppose the extension, and they have taken full advantage of it, producing a significant number of documents since October 15, including 40,760 pages from HFA alone and over 25,000 pages from the other Class Plaintiffs.

cast the scheduling negotiations into a different light. And there is certainly nothing "anomalous" (XRD Br. at 4) about refusing to give XRD that windfall. XRD had an easy way to ensure that its new claims would be part of this case. Having failed (without justification) to avail itself of that opportunity, XRD is now in no position to claim unfairness.

Moreover, YouTube would be significantly prejudiced by being belatedly forced to prepare defenses to hundreds of new works in suit and thousands of new alleged infringements. The Court has already recognized the considerable burden that XRD's attempt to add works to this case would impose on YouTube. Mem. Endorsement at 2. Nothing about that burden would be diminished now, with fewer than 45 days remaining before the close of discovery. In this respect, it is irrelevant that XRD's attempted identification on September 9 may have occurred 100 days before the *current* discovery deadline. Because that identification was untimely when it was made, XRD's new works and claims simply have never been part of this case. YouTube told that to XRD back in September, and that result was expressly confirmed by the Court's October 27 ruling. Accordingly, YouTube has not spent any of its limited time or resources analyzing documents or preparing defenses related to XRD's untimely claims. XRD's latest effort to shoehorn those claims into this case at this late date—well short of 90 days before the close of discovery—thus runs equally afoul of the Court's admonition that "the case must be tried on a closed universe of claims." Mem. Endorsement at 2.

Finally, XRD's attempt to downplay YouTube's burdens by asserting that the documents relating specifically to its new works in suit number "only" 4,000 pages is unavailing. Obviously, each of those documents will require careful analysis to assess XRD's claims of ownership and the manner in which those works were licensed. And the number of pages of documents says little about the actual burden entailed. Indeed, fewer documents may actually

entail a *greater* burden, as YouTube may have to cast about more broadly looking for relevant evidence. Beyond analyzing the documentary evidence, moreover, YouTube would also need to review each of the hundreds of new video clips at issue to analyze them for possible defenses, including fair use and authorization. XRD also ignores the significant challenge that YouTube faces in reviewing the hundreds of thousands of pages of new documents relating to ***existing*** works in suit and alleged infringements that Viacom and putative Class Plaintiffs have produced in the month of October alone.[2] In short, the discovery burdens that YouTube already confronts are significant and XRD's renewed effort to exacerbate those burdens by expanding the universe of claims in the final days of discovery should be rejected.

---

[2] In October, putative Class Plaintiffs produced in excess of 67,000 pages of documents, while Viacom produced an additional 3.6 *million* pages.

**CONCLUSION**

Because XRD's identification of additional works and claims was not timely when it was made and would not be timely now, YouTube respectfully requests that the Court deny XRD's motion for reconsideration.

Dated: November 9, 2009
New York, NY

Respectfully submitted,

s/ Andrew H. Schapiro
Andrew H. Schapiro
A. John P. Mancini
Matthew D. Ingber
Brian M. Willen
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
(212) 506-2500

David H. Kramer
Michael H. Rubin
Bart E. Volkmer
WILSON SONSINI GOODRICH & ROSATI PC
650 Page Mill Road
Palo Alto, California 94304
(650) 493-9300

*Attorneys for Defendants*