PROSKAUER ROSE LLP
Louis M. Solomon
1585 Broadway
New York, NY 10036
(212) 969-3000
lsolomon@proskauer.com
      - and -
BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP
Max W. Berger
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
mwb@blbglaw.com
*Attorneys for Lead and Named Plaintiffs and the Prospective Class*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, ET AL., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> - against - <br><br> YOUTUBE, INC., ET AL., <br><br> Defendants. | Case No.: 07-CV-3582 (LLS) <br><br> **ECF CASE** |

### PLAINTIFF X-RAY DOG MUSIC, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION

Putative Class Plaintiff X-Ray Dog Music, Inc.'s ("XRD") motion for reconsideration properly focused on the relevant issue that Defendants have sought to obfuscate – that the agreement between the parties to extend the fact discovery deadline by more than 30 days to December 18, 2009 has effectively extended the time within which XRD's identifications of works and infringements can be made, without prejudice to Defendants. XRD's identifications,

which were to be made 90 days before the close of fact discovery, are now timely, having been made 100 days before the new December 18 deadline. This critical fact was not part of the record before the Court's determination entered on October 28, 2009.

Defendants dispute none of this. They have already produced documents in accordance with this revised deadline and are scheduled to produce even larger quantities of data – a fact acknowledged in their papers. *See* Opp. Br at p. 2. Far from being a "windfall" to XRD (Opp. Br. at 1), XRD merely seeks the application of a revised schedule that Defendants themselves proposed and are already exploiting to their advantage.

Indeed, the cases cited in our opening brief (which Defendants simply ignore) show that courts in this district have allowed otherwise untimely discovery to proceed where the schedule has been expanded, *regardless* of the reasons for the change in the schedule. In *EEOC v. Venator Group, Specialty Inc.*, 2001 U.S. Dist. LEXIS 2506 (S.D.N.Y. Mar. 12, 2001) the Court had set a deadline for new claims that was not keyed to the close of discovery. Nevertheless, when the discovery schedule was extended for entirely unrelated reasons, the Court allowed otherwise untimely claims to be added to the case. Similarly, in *Figueroa v. West*, 1998 U.S. Dist. LEXIS 4590 (S.D.N.Y. Apr. 7, 1998), when the pre-trial schedule opened up due to the failure of either side to move for summary judgment, the Court allowed the newly available time to be used for otherwise untimely discovery, even though it had previously ruled that deadlines would be modified only in "extraordinary circumstances." *Figueroa*, 1998 U.S. Dist. LEXIS 4590 at * 1.

Although Defendants claim that the inclusion of XRD's additional works and infringements at this point in the case is burdensome, they are unable to identify any genuine prejudice. Defendants now have *more* time than the 90-days they are entitled to for the analysis

of newly-added claims (they will have at least 100 days), and, in fact, XRD produced the relevant documentation – totaling 4,000 pages, or about *two boxes* of documents – well before even the original deadline had passed. Defendants also have ample time to prepare for the deposition of an XRD corporate representative, now scheduled for December 8, 2009. In contrast, even with the new deadline, Class Plaintiffs will have significantly less than 100 days to analyze the more than 1.5 million of pages of documents – with more to come – that Defendants decided to squeeze in at the last minute.

Moreover, contrary to Defendants' representations to the Court (Opp. Br. fn 2), Class Plaintiffs have produced only 2,400 pages of documents *since* the original deadline of October 15, 2009. The remaining productions referenced by Defendants were either by a third party, Harry Fox, which have nothing to do with XRD and were in response to a subpoena that Defendants did not even serve until August 21, 2009, or documents that the Class Plaintiffs produced *on or before* the original October 15 deadline.

Leaving aside the characterizations over the quantity of document production in the past month, the fact remains that Defendants have had, and still have, more than ample time to address the additional XRD works in suit identifications. Even if there was any extra burden on Defendants given the agreed-to schedule – we submit there is none – it would not outweigh the parties' interest, the Court's interest, and indeed the public's interest in resolving all of XRD's claimed works in this litigation. That the determinative date for making XRD's designations – calculated against the end of fact discovery – was effectively extended to benefit Defendants as well as the other parties to this case, affords ample reason for this Court to reconsider and amend its previous ruling.

## CONCLUSION

For the foregoing reasons, Class Plaintiffs respectfully ask this Court to reconsider its October 28, 2009 order and to find that XRD's September 9, 2009 identifications of additional works-in-suit are timely for purposes of this case.

Dated: November 11, 2009
New York, New York

/s/ Louis M. Solomon
Louis M. Solomon
William M. Hart
Hal S. Shaftel
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036-8299
Telephone: (212) 969-3000
Email: lsolomon@proskauer.com
 - and -
Max W. Berger
John C. Browne
BERNSTEIN LITOWITZ BERGER &
GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Email: mwb@blbglaw.com

*Attorneys for Lead Plaintiffs, Named Plaintiffs Murbo Music Publishing, Inc., Cherry Lane Music Publishing Company, Inc., Robert Tur d/b/a Los Angeles News Service, X-Ray Dog Music, Inc., and Fédération Française de Tennis, and for the Prospective Class*