Figueira Decl. Tab 139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS' ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY D/B/A BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FÉDÉRATION FRANÇAISE DE TENNIS, THE MUSIC FORCE MEDIA GROUP LLC, THE MUSIC FORCE LLC, and SIN-DROME RECORDS, LTD. on behalf of themselves and all others similarly situated,

     Plaintiffs,

    v.

YOUTUBE, INC., YOUTUBE, LLC and GOOGLE INC.,
     Defendants.

07 Civ. 3582 (LLS)

**DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

  Plaintiffs and their class action lawyers challenge the protections of the Digital Millennium Copyright Act ("DMCA") that Congress enacted a decade ago to encourage the development of services like YouTube. Congress recognized that such services could not and would not exist if they faced liability for copyright infringement based on materials users uploaded to their services. It chose to immunize these services from copyright liability provided they are properly responsive to notices of alleged infringement from content owners.

26. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 26 of the Complaint, and therefore deny them.

27. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 27 of the Complaint, and therefore deny them.

28. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 28 of the Complaint, and therefore deny them.

29. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, and therefore deny them.

30. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 30 of the Complaint, and therefore deny them.

31. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 31 of the Complaint, and therefore deny them.

32. Paragraph 32 of the Complaint contains legal conclusions as to which no response is required. To the extent a response is required, Defendants dispute Plaintiffs' conclusions and deny that Plaintiffs are entitled to any remedies. Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 32 of the Complaint, and therefore deny them.

33. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 33 of the Complaint, and therefore deny them.

**B.    Defendants**

34. Defendants admit that the YouTube service became available to the general public on or about December 15, 2005. Defendants deny the remaining allegations of paragraph 34 of the Complaint.

35. Defendants admit that YouTube, LLC is a limited liability company organized and existing under the laws of the State of Delaware and with its principal place of business at 1000 Cherry Avenue, San Bruno, California. Defendants admit that YouTube, LLC is a wholly-owned subsidiary of Google and a successor to YouTube, Inc. Defendants otherwise deny the allegations of paragraph 35 of the Complaint.

36. Defendants deny the allegations of paragraph 36 of the Complaint.

37. Defendants admit that Google is a publicly held corporation organized and existing under the laws of the State of Delaware and with its principal place ob business at 1600 Amphitheatre Parkway, Mountain View, California. Defendants further admit that Google has a place of business in New York State and the Southern District of New York at 76 Ninth Avenue, New York, New York, and that on or about November 13, 2006, Google closed its acquisition of YouTube. Defendants deny any remaining allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint.

39. Defendants deny the allegations of paragraph 39 of the Complaint.

### JURISDICTION AND VENUE

40. Defendants admit that the Complaint purports to state a claim under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* and under statutory and common law unfair competition laws, but deny that any such claims have been stated and that Plaintiffs are entitled to any relief and otherwise deny the allegations of paragraph 40 of the Complaint.

41. Defendants admit that the Court has subject matter jurisdiction over claims by Plaintiffs in this action for alleged copyright infringement of their United States works that were registered with the United States Copyright Office as of the institution of this action. Defendants