# RUBIN DECLARATION EXHIBITS CONTINUED

# Rubin Exhibit 121

|  | ) |
| VIACOM INTERNATIONAL INC., | ) |
| COMEDY PARTNERS, | ) |
| COUNTRY MUSIC TELEVISION, INC., | ) |
| PARAMOUNT PICTURES | ) Case No. 1:07-CV-2103-LLS |
| COPRORATION, | ) (Related Case No. 1:07-cv-03582 (LLS)) |
| and BLACK ENTERTAINMENT | ) |
| TELEVISION LLC, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| YOUTUBE, INC., YOUTUBE, LLC, and | ) |
| GOOGLE INC., | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## PLAINTIFFS' OBJECTIONS AND RESPONSES TO YOUTUBE'S THIRD SET OF INTERROGATORIES TO VIACOM INTERNATIONAL, INC. ET AL.

Plaintiffs Viacom International Inc., Comedy Partners, Country Music Television, Inc., Paramount Pictures Corporation, and Black Entertainment Television, LLC, by their attorneys Jenner & Block LLP and Shearman & Sterling LLP, hereby object to and respond to YouTube's Third Set of Interrogatories to Viacom International, Inc. (Defendants' Third Set of Interrogatories) as follows:

## GENERAL OBJECTIONS

Plaintiffs make the following objections to specific Interrogatories by, among other things, incorporating by reference the following general objections ("General Objections"):

1.    Plaintiffs object to the Third Set of Interrogatories in their entirety as exceeding the scope permissible under Local Rule 33.3(b), which states that interrogatories other than those seeking names of witnesses with relevant knowledge or information only if ordered by the court or if interrogatories are "a more practical method of obtaining the information sought than a request for production or a deposition." Defendants' interrogatory requests are unduly burdensome and duplicative of their document requests.

2.    Plaintiffs object to the Third Set of Interrogatories in their entirety as exceeding, with subparts, the limit of twenty-five Interrogatories under the Court's Scheduling Order entered on August 9, 2007. Plaintiffs have already identified over 60,000 video clips that infringe its copyrights. Interrogatories 14, 15, 16, 17, 18, 19, 20, and 21 purport to request specific information about each of those thousands of infringing clips on a clip-by-clip basis; Interrogatory 25 seeks detailed information about each of Defendants' 213 Requests for Admission. Defendants' interrogatories thus impermissibly exceed the twenty-five interrogatory limit.

3.    Plaintiffs object to Defendants' definition of "Viacom," which includes entities listed in Paragraph 3 of the Definitions. Paragraph 3 makes up a voluminous, globe-spanning listing of Plaintiffs' partners, affiliates, and subsidiaries. Defendants' inclusion of these entities is vexatious and improper. Plaintiffs further object to Defendants' definition of "Viacom" to the extent that it includes Plaintiffs' outside counsel, because searching for responsive information in the possession of Plaintiffs' outside counsel would be unduly burdensome.

Plaintiffs further object to Defendants' inclusion of Viacom's "agents," "representatives," "any other person acting or purporting to act on [Viacom's] behalf," or

"any other person otherwise subject to its control" in their definition of Viacom because those terms and/or phrases are overbroad and vague.

4.    Plaintiffs object to Defendants' Third Set of Interrogatories to the extent that they seek to impose on Plaintiffs obligations or requirements beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules of the Southern District of New York.

5.    Plaintiffs object to Defendants' Third Set of Interrogatories to the extent that they seek information or request documents that are known to Defendants, are a matter of public record, or otherwise publicly available.

6.    In objecting to Defendants' Third Set of Interrogatories, Plaintiffs do not in any way waive or intend to waive but, rather, intend to preserve and are preserving:

    a.    all objections as to competency, relevancy, materiality, privilege and admissibility of evidence for any purpose of any information or document, or the subject matter thereof, in the trial of this or any other action or subsequent proceedings;

    b.    the right to object to the use of any information or document, or the subject matter thereof, in the trial of this or any other action or subsequent proceedings;

    c.    the right to elicit appropriate evidence, beyond the responses themselves, regarding the subjects referred to in or in response to any request;

    d.    the right to preserve the confidential or proprietary nature of any information or document, or the subject matter thereof, by mutual agreement or otherwise, as a condition of production; *and*

    e.    the right at any time to correct, supplement, or clarify any of the objections.

7.     Plaintiffs' objections to Defendants' Third Set of Interrogatories shall not constitute an admission of any statement or conclusion implied in any of Defendants' Interrogatories.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

Subject to and without waiving any of the foregoing General Objections, which apply to each Interrogatory as if set forth fully below, Plaintiffs make the following specific responses and objections:

## INTERROGATORY NO. 11:

**For each instance in which You contend that Viacom requested access to use a YouTube Copyright Protection Service, but was denied such access, identify the Viacom entity that requested access, the date of the request, the name(s) of the specific YouTube Copyright Protection Service for which access was requested, and the production number (Bates number) of each document reflecting or evidencing the request and denial.**

## Response and Objections to Interrogatory No. 11:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory exceeds the scope permissible under Local Rule 33.3(b) because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Plaintiffs also object that this Interrogatory is overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory because it seeks information produced in discovery. Such information is already equally and fully accessible to Defendants — indeed, Defendants should know when they denied Viacom access to YouTube Copyright Protection Services without having to ask Viacom — and it is unduly burdensome to require Plaintiffs to review documents and information to identify particular information for Defendants.

Subject to and without waiver of these general and specific objections, Plaintiffs provide the following examples of instances where Defendants denied Viacom access to YouTube Copyright Protection Services. Although these examples are not necessarily an exhaustive list of every instance in which Viacom requested but was denied access to a YouTube Copyright Protection Service, they illustrate the point.

On February 2, 2007, Viacom General Counsel Michael D. Fricklas sent a letter to David Drummond and Kent Walker requesting that Defendants take a number of measures to prevent rampant copyright infringement on the site and specifically stated that Viacom was "interested in working with [Defendants]" as Defendants began to use Audible Magic. (VIA01475465–VIA01475476.) On February 16, 2007, Mr. Walker refused on behalf of Defendants to allow the use of Audible Magic to protect Viacom's copyrights (VIA01974134–VIA01974136).

In addition, Dean Garfield testified that YouTube generally refused to provide its copyright protection services to companies without partnership agreements: "[I]t became clear that Google/YouTube was willing to filter for those who had a licensing

relationship with Google/YouTube and not for those who did not." (D. Garfield Tr. Nov. 2, 2009 at 55:10-13.)

**INTERROGATORY NO. 12:**

**Describe each policy adopted by a Viacom UGC Site addressing termination of the accounts of users who are "repeat infringers" (as that phrase is used in 17 U.S.C. § 512(i)), identifying in the description the Viacom UGC Site that adopted the policy, the dates during which the policy was in effect, and the number of users terminated pursuant to the policy.**

**Response and Objections to Interrogatory No. 12:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory exceeds the scope permissible under Local Rule 33.3(b) because it is not "a more practical method of obtaining the information sought than a request for production or a deposition." Plaintiffs also object that this Interrogatory is overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. In addition, Plaintiffs object that this Interrogatory because it seeks information contained in documents produced in discovery. Such information is already equally and fully accessible to Defendants, and it is unduly burdensome to require Plaintiffs to review the documents to identify particular information for Defendants.

Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: Plaintiffs have produced numerous Terms of Use documents in discovery. *See* Attachment A, Documents Responsive to Interrogatory 12. Those documents contain information responsive to this Interrogatory.

## INTERROGATORY NO. 13:

**If You still contend, as alleged, that "YouTube prevents copyright owners from finding on the YouTube site all of the infringing works from which YouTube profits," identify each fact, each document, and each portion of a witness' testimony that supports this contention.**

## Response and Objections to Interrogatory No. 13:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action,

numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

## INTERROGATORY NO. 14:

**If You assert a claim of copyright infringement for any Accused Clip, that you contend does not arise "by reason of the storage at the direction of a user" (as that phrase is used in 17 U.S.C. § 512(c)), identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

## Response and Objections to Interrogatory No. 14:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 15:**

**For each Accused Clip, if You contend that, before YouTube received a DMCA Takedown Notice for the Accused Clip, YouTube had "actual knowledge" (as that phrase is used in 17 U.S.C. § 512(c)(1)) that the Accused Clip infringed Your copyright or that YouTube was "aware of facts or circumstances from which infringing activity [was] apparent" as (as that phrase is used in 17 U.S.C. § 512(c)(1)), identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 15:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention,

and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

## INTERROGATORY NO. 16:

For each Accused Clip, if You contend that YouTube failed to act "expeditiously to remove, or disable access to," (as that phrase is used in 17 U.S.C. § 512(c)(1)) the Accused Clip after receiving actual knowledge or becoming aware of facts or circumstances from which it was apparent that the Accused Clip infringed a Work In Suit, or after receiving a DMCA Takedown Notice relating to the Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.

## Response and Objections to Interrogatory No. 16:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 17:**

**For each Accused Clip, if You contend that YouTube received a "financial benefit directly attributable to" (as that phrase is used in 17 U.S.C. § 512(c)(1)(B)) the Accused Clip, identify separately for each such Accused Clip the amount of the financial benefit, and each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 17:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory

that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**<u>INTERROGATORY NO. 18:</u>**

  **For each Accused Clip, if You contend that YouTube had "the right and ability to control" (as that phrase is used in 17 U.S.C. § 512(c)(1)(B)) the allegedly**

**infringing activity with respect to that Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

<u>**Response and Objections to Interrogatory No. 18:**</u>

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver

of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

## INTERROGATORY NO. 19:

**For each Accused Clip, if You contend that the Accused Clip was uploaded to the YouTube website by a user who had no authorization, right, or license to do so, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

## Response and Objections to Interrogatory No. 19:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly

subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 20:**

**For each Accused Clip, if You still contend, as alleged, that YouTube "enable[d], induce[d], facilitate[d], and materially contribute[d] to each act of infringement by YouTube users" with respect to the Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

**Response and Objections to Interrogatory No. 20:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory

that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

**INTERROGATORY NO. 21:**

**For each Accused Clip, if You still contend, as alleged, that YouTube's actions were "willful, intentional, and purposeful, in disregard of and indifferent to**

**[Your] rights" with respect to infringing activity associated with the Accused Clip, identify separately for each such Accused Clip each fact, each document, and each portion of a witness' testimony that supports this contention.**

<u>**Response and Objections to Interrogatory No. 21:**</u>

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' claims, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of the over 60,000 Accused Clips and thereby effectively seeks thousands of separate responses. Subject to and without waiver

of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support the quoted contention, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

## INTERROGATORY NO. 22:

**If you still contend, as alleged, that You have incurred actual damages directly caused by YouTube, identify the specific total amount of actual damages that You have incurred, describe in detail the legal theory upon which You would seek to recover these actual damages and each calculation You used to calculate these actual damages, and identify each fact, each document, and each portion of a witness' testimony that supports this contention.**

## Response and Objections to Interrogatory No. 22:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. Further, Plaintiffs object that the determination, specification, and quantification of actual damages are matters properly subject to expert analysis and discovery in this case. This Interrogatory is thus premature and inconsistent with the Scheduling Order governing this case in that it seeks information that is properly subject to disclosure only when expert reports are exchanged. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine.

Subject to and without waiver of the foregoing objections, Plaintiffs respond as follows: Plaintiffs have incurred significant actual damages due to Defendants' unauthorized infringement, including, without limitation, lost licensing revenues payable by Defendants and lost advertising, syndication, and other distribution revenues payable by third parties.

**INTERROGATORY NO. 23:**

**Identify each Work In Suit uploaded in whole or in part to the YouTube website by Viacom or with Viacom's authorization and the date of each such authorized upload.**

**Response and Objections to Interrogatory No. 23:**

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, Plaintiffs object to Defendants' definition of "Works in Suit" as encompassing "all works … as to which [Plaintiffs] have asserted claims of copyright infringement, at any time, in this action" and as encompassing portions of works as to which Plaintiffs have not asserted claims of copyright infringement in this action. This definition is facially overbroad and purports to cover content that is irrelevant to this copyright infringement action. Plaintiffs accordingly shall construe "Works in Suit" to encompass solely those clips listed on the Amended Production of Works in Suit produced to Defendants on October 15, 2009. Subject to that definition and subject to and without waiver of these general and specific objections, Plaintiffs respond as follows:

Plaintiffs uploaded none of the Works in Suit, and Plaintiffs authorized the upload of none of the Works in Suit.

## INTERROGATORY NO. 24:

**Identify each Work In Suit that Viacom has provided as a reference file to any third party for purposes of creating a digital fingerprint of the work to identify copies of the work on the Internet, the third parties to whom each reference file was provided, and the dates on which it was provided to those third parties.**

### Response and Objections to Interrogatory No. 24:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, Plaintiffs object that this Interrogatory is overbroad, oppressive, harassing and unduly burdensome to the extent it seeks highly detailed information. Plaintiffs also object that this Interrogatory is unduly burdensome insofar as it seeks information from time periods for which such records are not reasonably available to Plaintiffs. Plaintiffs further object to this interrogatory insofar as it calls for Plaintiffs to identify works supplied to Auditude and to YouTube as reference files for fingerprinting purposes. Defendants have already sought and obtained such records from Auditude in this litigation, and information concerning works Plaintiffs have supplied to YouTube is equally in Defendants' own possession. Plaintiffs further object to Defendants' definition of "Works in Suit" as encompassing "all works … as to which [Plaintiffs] have asserted claims of copyright infringement, at any time, in this action" and as encompassing portions of works as to which Plaintiffs have not asserted claims of copyright

infringement in this action. This definition is facially overbroad and purports to cover content that is irrelevant to this copyright infringement action. Plaintiffs accordingly shall construe "Works in Suit" to encompass solely those clips listed on the Amended Production of Works in Suit produced to Defendants on October 15, 2009. Subject to that definition and subject to and without waiver of these general and specific objections, and based upon information available to Plaintiffs, Plaintiffs respond as follows:

Plaintiffs' current records of works Plaintiffs have provided to Audible Magic, Auditude, BayTSP, and YouTube for purposes of creating a digital fingerprint of the work to identify copies of the work on the Internet, and the dates on which they were provided to Audible Magic, Auditude, BayTSP, and YouTube, are reflected within the document attached hereto as Attachment B. The document attached hereto as Attachment C also lists the same information for additional works provided to Audible Magic and Auditude as DVDs and not reflected in Attachment B. Plaintiffs object that it would be unduly burdensome to require Plaintiffs to search these exhibits for the "Works in Suit," as such information is equally available to Defendants from the documents. The document attached hereto as Attachment D lists additional Works in Suit that Plaintiff Paramount supplied, as DVDs, to BayTSP on December 29, 2006 and to Audible Magic on May 8, 2007.

In addition to the works listed on the aforementioned exhibits, Plaintiffs have also directly generated fingerprints of their works and supplied those fingerprints to Vobile, YouTube, BayTSP, and Audible Magic for purposes of identifying copies of those works on the Internet. Plaintiffs have also provided Auditude and Audible Magic with MRSS feeds directing them to content available on Plaintiffs' websites so that Auditude and

Audible Magic can generate fingerprints thereof. Plaintiffs are not providing information concerning such in-house fingerprinting, or such MRSS feeds, in response to this Interrogatory, as the Interrogatory requests identification only of instances in which Plaintiffs have provided a "Work In Suit . . . as a reference file" and not identification of instances in which Plaintiffs have used alternative means for providing third-party vendors with fingerprints of Plaintiffs' works.

## INTERROGATORY NO. 25:

**If any of Your responses to a request for admission in this action is not an unqualified admission, identify the request for admission and each fact, each document, and each portion of a witness' testimony that supports this contention.**

## Response and Objections to Interrogatory No. 25:

Plaintiffs incorporate the foregoing General Objections, and object further that this Interrogatory is improper, overly broad, unduly burdensome, unreasonably cumulative, abusive, and exceeds the scope of permissible discovery under Local Civil Rule 33.3 and Federal Rules of Civil Procedure 26 and 33. In particular, an interrogatory that seeks identification of each fact supporting a contention is improper, abusive and goes beyond the scope permitted by the Rules. It is oppressive, harassing and unduly burdensome to ask Plaintiffs to parse the millions of documents and hundreds of depositions in this case to specify each fact, each document and each piece of testimony supporting Plaintiffs' responses to Defendants' requests for admission, especially where that information is equally available to Defendants. Further, Plaintiffs object that this Interrogatory is premature and inconsistent with the Scheduling Order governing this case to the extent that it seeks information that will be identified at a later stage of the

litigation and that is properly subject to disclosure only when expert reports are exchanged or when a pretrial order is entered. In addition, Plaintiffs object that this Interrogatory attempts to elicit trial or litigation strategy or information otherwise protected by the attorney work product doctrine. Finally, Plaintiffs object to this Interrogatory as complex and compound and as exceeding the limit of 25 Interrogatories under the Court's Scheduling Order in that it seeks separate and detailed information about each of Plaintiffs' responses to Defendants' 213 Requests for Admission and thereby effectively seeks hundreds of separate responses. Subject to and without waiver of these general and specific objections, Plaintiffs respond as follows: numerous documents produced by the parties in this action, numerous facts contained therein, and numerous pieces of testimony elicited during discovery support Plaintiffs' responses to Defendants' 213 Requests for Admission, and all of this evidence is already equally and fully accessible to Defendants. Based on the foregoing objections, no further response is required.

Respectfully submitted,

January 8, 2010

Susan J. Kohlmann (SK-1855)
**JENNER & BLOCK LLP**
919 Third Avenue
37th Floor
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699

William M. Hohengarten (WH-5233)
Michael B. DeSanctis (MD-5737)
Scott B. Wilkens (pro hac vice)
**JENNER & BLOCK LLP**
1099 New York Avenue, N.W.
Suite 900
Washington, DC 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066

Stuart J. Baskin (SB-9936)
Stephen Fishbein (SF-3410)
John Gueli (JG-8427)
**SHEARMAN & STERLING LLP**
599 Lexington Avenue
New York, New York 10022
Telephone: (212) 848-4000
Facsimile: (212) 848-7179

## VERIFICATION FOR PLAINTIFFS VIACOM INTERNATIONAL INC., ET AL.

Information in Plaintiffs' Responses to Defendants' Third Set of Interrogatories was provided by me and/or gathered at my direction from corporate records and personnel. I have reviewed the responses. I declare under penalty of perjury under the laws of the United States that the foregoing responses as to Plaintiffs Viacom International Inc. et al. are true and correct to the best of my knowledge and belief, based on my review of such information.

Executed on January 8, 2010, in New York, New York.

Signature:

Name: Stanley Pierre-Louis

Title: Vice President & Associate General Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on this 8TH day of January, 2010, on Defendants' counsel by electronic mail pursuant to an agreement of the parties under Fed. R. Civ. P. 5(b)(2)(D).

_____
James C. Cox

# Rubin Exhibit 122

_____

VIACOM INTERNATIONAL INC.,　　　　　 )
COMEDY PARTNERS,　　　　　　　　　　 )
COUNTRY MUSIC TELEVISION, INC.,　　　 )
PARAMOUNT PICTURES　　　　　　　　　 )　　Case No. 1:07-CV-02103-LLS
CORPORATION,　　　　　　　　　　　　 )　　(Related Case No. 1:07-CV-03582-LLS)
and BLACK ENTERTAINMENT　　　　　　　 )
TELEVISION LLC,　　　　　　　　　　　　 )　　**NOTICE OF DISMISSAL OF**
　　　　　　　　　　　　　　　　　　　　 )　　**SPECIFIED CLIPS WITH**
　　　　　　　　　　　　　　　 Plaintiffs,　 )　　**PREJUDICE**
　　　　　　v.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　　 )
YOUTUBE, INC., YOUTUBE, LLC, and　　　　 )
GOOGLE INC.,　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　 Defendants.　 )
_____　)

　　　　Pursuant to the Court's Order of December 18, 2009, which provides that

"Plaintiffs may withdraw 'accused clips' by notice of their dismissal with prejudice under

Fed. R. Civ. P. 41(a)(2), which I will 'So Order,'" and which further provides that

"Partial judgment in defendants' favor on those claims will not be entered, lest it give an

appearance of having an effect beyond that accorded by Rule 54(b)," the plaintiffs in the

above-captioned action ("Viacom") hereby provide notice of the dismissal with prejudice

under Fed. R. Civ. P. 41(a)(2) of the video clips listed on the attached Schedules A and B.

Viacom respectfully requests that the Court "So Order" this notice of dismissal.

　　　　Schedule A lists the 241 video clips that Viacom had previously removed from its

October 15, 2009 amended works in suit list, and lists six additional clips that were

inadvertently included in the amended works in suit list but should have been removed.

Schedule B lists 187 additional clips from four works as to which Viacom owns certain

exclusive rights under copyright. Viacom did not upload or authorize the upload to

YouTube of the clips listed in Schedule B, but in order to streamline the issues in this

case Viacom voluntarily withdraws its copyright infringement claims with respect to these clips.  Viacom continues to pursue its infringement claims as to more than 63,000 infringing clips.

February 26, 2010

Respectfully submitted,

Susan J. Kohlmann (SK-1855)
Jenner & Block LLP
919 Third Avenue
37th Floor
New York, NY 10022-3908
(212) 891-1600 (t)
(212) 891-1699 (f)
skohlmann@jenner.com

SO ORDERED:

_____

Hon. Louis L. Stanton, U.S.D.J.

**Schedule A**

| YouTube URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=_4J1nPR9obI | _4J1nPR9obI |
| http://www.youtube.com/watch?v=_KDSYA5bEMc | _KDSYA5bEMc |
| http://www.youtube.com/watch?v=_sTgT76i3vc | _sTgT76i3vc |
| http://www.youtube.com/watch?v=_yr3Fu_LRE4 | _yr3Fu_LRE4 |
| http://www.youtube.com/watch?v=0mZ8VNkSPaU | 0mZ8VNkSPaU |
| http://www.youtube.com/watch?v=0ZO5f4q8b-g | 0ZO5f4q8b-g |
| http://www.youtube.com/watch?v=1168T5BsmVY | 1168T5BsmVY |
| http://www.youtube.com/watch?v=17kAJR7YbDE | 17kAJR7YbDE |
| http://www.youtube.com/watch?v=1dWtA-nK-sQ | 1dWtA-nK-sQ |
| http://www.youtube.com/watch?v=1LOjvymWwvI | 1LOjvymWwvI |
| http://www.youtube.com/watch?v=29le85Vp8vI | 29le85Vp8vI |
| http://www.youtube.com/watch?v=2TncoW-J6wA | 2TncoW-J6wA |
| http://www.youtube.com/watch?v=3US2k6mTtEw | 3US2k6mTtEw |
| http://www.youtube.com/watch?v=3wo2FcjFP98 | 3wo2FcjFP98 |
| http://www.youtube.com/watch?v=4cn9XRW_qMQ | 4cn9XRW_qMQ |
| http://www.youtube.com/watch?v=4nLoXLBwZv0 | 4nLoXLBwZv0 |
| http://www.youtube.com/watch?v=5Esm9Mlt5Xo | 5Esm9Mlt5Xo |
| http://www.youtube.com/watch?v=5gbI2_Kocug | 5gbI2_Kocug |
| http://www.youtube.com/watch?v=5Hd_JzIl1MA | 5Hd_JzIl1MA |
| http://www.youtube.com/watch?v=5kWtyVo-8k0 | 5kWtyVo-8k0 |
| http://www.youtube.com/watch?v=5-tUPWwEMdk | 5-tUPWwEMdk |
| http://www.youtube.com/watch?v=5tvtDQVpq_o | 5tvtDQVpq_o |
| http://www.youtube.com/watch?v=6_SaSuqfGB4 | 6_SaSuqfGB4 |
| http://www.youtube.com/watch?v=68kDGadsbvQ | 68kDGadsbvQ |
| http://www.youtube.com/watch?v=6WhsXvOe2IU | 6WhsXvOe2IU |
| http://www.youtube.com/watch?v=6xFe570faSI | 6xFe570faSI |
| http://www.youtube.com/watch?v=73mubsIY4BA | 73mubsIY4BA |
| http://www.youtube.com/watch?v=744Gh8MbTWg | 744Gh8MbTWg |
| http://www.youtube.com/watch?v=7aGjJBalKgs | 7aGjJBalKgs |
| http://www.youtube.com/watch?v=83KsT9D_6aI | 83KsT9D_6aI |
| http://www.youtube.com/watch?v=88XvlfKnGwI | 88XvlfKnGwI |
| http://www.youtube.com/watch?v=8AYnfxZ_BXI | 8AYnfxZ_BXI |
| http://www.youtube.com/watch?v=8v8vhNKIAZ4 | 8v8vhNKIAZ4 |
| http://www.youtube.com/watch?v=-9_Nrpc8noE | -9_Nrpc8noE |
| http://www.youtube.com/watch?v=9A-rgw-xkjg | 9A-rgw-xkjg |
| http://www.youtube.com/watch?v=9UClweyrV_A | 9UClweyrV_A |
| http://www.youtube.com/watch?v=a_kdq0V9G3Y | a_kdq0V9G3Y |
| http://www.youtube.com/watch?v=AfiV-gllgQQ | AfiV-gllgQQ |
| http://www.youtube.com/watch?v=AgGf_xso0HI | AgGf_xso0HI |
| http://www.youtube.com/watch?v=aITz05jvTlk | aITz05jvTlk |
| http://www.youtube.com/watch?v=AjG9o33dQRQ | AjG9o33dQRQ |
| http://www.youtube.com/watch?v=ALH9IfsORXo | ALH9IfsORXo |
| http://www.youtube.com/watch?v=aUonqu5RIcM | aUonqu5RIcM |

**Schedule A**

| URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=aWt-fduKFmo | aWt-fduKFmo |
| http://www.youtube.com/watch?v=B64MeRiGDYo | B64MeRiGDYo |
| http://www.youtube.com/watch?v=b8kFrT6Ni08 | b8kFrT6Ni08 |
| http://www.youtube.com/watch?v=BbWi_RN9ou8 | BbWi_RN9ou8 |
| http://www.youtube.com/watch?v=bdRNAUTDBqY | bdRNAUTDBqY |
| http://www.youtube.com/watch?v=BrCI7t5SU-s | BrCI7t5SU-s |
| http://www.youtube.com/watch?v=Bsq0CpNdwpM | Bsq0CpNdwpM |
| http://www.youtube.com/watch?v=C2kSoDWG404 | C2kSoDWG404 |
| http://www.youtube.com/watch?v=C9h5js3n1sw | C9h5js3n1sw |
| http://www.youtube.com/watch?v=cjhmH21ed-c | cjhmH21ed-c |
| http://www.youtube.com/watch?v=cpC6E1yLTx8 | cpC6E1yLTx8 |
| http://www.youtube.com/watch?v=-cQQVfrF8Zg | -cQQVfrF8Zg |
| http://www.youtube.com/watch?v=cR5BCbGyTkc | cR5BCbGyTkc |
| http://www.youtube.com/watch?v=CSs79sYQ1_o | CSs79sYQ1_o |
| http://www.youtube.com/watch?v=cuDlQ_dIsyA | cuDlQ_dIsyA |
| http://www.youtube.com/watch?v=CxVxzXCbeOw | CxVxzXCbeOw |
| http://www.youtube.com/watch?v=czg16nOL_Jc | czg16nOL_Jc |
| http://www.youtube.com/watch?v=DkXAfEiZCs0 | DkXAfEiZCs0 |
| http://www.youtube.com/watch?v=dMNgKJsmHwo | dMNgKJsmHwo |
| http://www.youtube.com/watch?v=DUTtBxd2KPQ | DUTtBxd2KPQ |
| http://www.youtube.com/watch?v=eGXV-oXzzUE | eGXV-oXzzUE |
| http://www.youtube.com/watch?v=eijhloJjg50 | eijhloJjg50 |
| http://www.youtube.com/watch?v=eRR_IDApRQs | eRR_IDApRQs |
| http://www.youtube.com/watch?v=eV9Z-W1jqvg | eV9Z-W1jqvg |
| http://www.youtube.com/watch?v=f5CpR7yR8iQ | f5CpR7yR8iQ |
| http://www.youtube.com/watch?v=F8VPEIt2zTM | F8VPEIt2zTM |
| http://www.youtube.com/watch?v=fAQw55ddPfA | fAQw55ddPfA |
| http://www.youtube.com/watch?v=FDXmujT4MZE | FDXmujT4MZE |
| http://www.youtube.com/watch?v=fNU05tW62M8 | fNU05tW62M8 |
| http://www.youtube.com/watch?v=fPbDpAmxYRw | fPbDpAmxYRw |
| http://www.youtube.com/watch?v=F-vuYx6d1XM | F-vuYx6d1XM |
| http://www.youtube.com/watch?v=g0nOEudbKOQ | g0nOEudbKOQ |
| http://www.youtube.com/watch?v=G3mjcRVnJV4 | G3mjcRVnJV4 |
| http://www.youtube.com/watch?v=g5ce_rOoGcc | g5ce_rOoGcc |
| http://www.youtube.com/watch?v=GgcxPrquS2k | GgcxPrquS2k |
| http://www.youtube.com/watch?v=gxjpdGjv59o | gxjpdGjv59o |
| http://www.youtube.com/watch?v=Gy3TrIlnTvA | Gy3TrIlnTvA |
| http://www.youtube.com/watch?v=GYKER0CR0yk | GYKER0CR0yk |
| http://www.youtube.com/watch?v=H0AQehIKRB4 | H0AQehIKRB4 |
| http://www.youtube.com/watch?v=H0ZLZTR-g5Y | H0ZLZTR-g5Y |
| http://www.youtube.com/watch?v=hAs5LPgqFSo | hAs5LPgqFSo |
| http://www.youtube.com/watch?v=hfPAw9MM69A | hfPAw9MM69A |
| http://www.youtube.com/watch?v=Hgu1RM2vbVM | Hgu1RM2vbVM |
| http://www.youtube.com/watch?v=hhXlVDxYzvg | hhXlVDxYzvg |

**Schedule A**

| URL | ID |
|-----|-----|
| http://www.youtube.com/watch?v=HM4b0wcMo_0 | HM4b0wcMo_0 |
| http://www.youtube.com/watch?v=hnKQ7xzDjQ4 | hnKQ7xzDjQ4 |
| http://www.youtube.com/watch?v=hSdMtP8qztA | hSdMtP8qztA |
| http://www.youtube.com/watch?v=hZYpL6Vdz4k | hZYpL6Vdz4k |
| http://www.youtube.com/watch?v=i3YBKlAXvvk | i3YBKlAXvvk |
| http://www.youtube.com/watch?v=I4pc-6V4IZc | I4pc-6V4IZc |
| http://www.youtube.com/watch?v=i55f6qUSq4A | i55f6qUSq4A |
| http://www.youtube.com/watch?v=InVHaTyS6X0 | InVHaTyS6X0 |
| http://www.youtube.com/watch?v=IZdKpTkQv8g | IZdKpTkQv8g |
| http://www.youtube.com/watch?v=J_LMd1WMyk4 | J_LMd1WMyk4 |
| http://www.youtube.com/watch?v=j4A-BqFSSL8 | j4A-BqFSSL8 |
| http://www.youtube.com/watch?v=jD9iQbQBHiI | jD9iQbQBHiI |
| http://www.youtube.com/watch?v=jP_AXwoCgws | jP_AXwoCgws |
| http://www.youtube.com/watch?v=JZwFUe2aXLA | JZwFUe2aXLA |
| http://www.youtube.com/watch?v=K4sS0wA_-lA | K4sS0wA_-lA |
| http://www.youtube.com/watch?v=k6CSyIS5528 | k6CSyIS5528 |
| http://www.youtube.com/watch?v=KcU0ye3nXtA | KcU0ye3nXtA |
| http://www.youtube.com/watch?v=kg2WUirHOhw | kg2WUirHOhw |
| http://www.youtube.com/watch?v=kgyL9-VnhoU | kgyL9-VnhoU |
| http://www.youtube.com/watch?v=KhIPvn26b1A | KhIPvn26b1A |
| http://www.youtube.com/watch?v=KiBDCZX7HQc | KiBDCZX7HQc |
| http://www.youtube.com/watch?v=KNeaHNwwvvM | KNeaHNwwvvM |
| http://www.youtube.com/watch?v=kpkmya7Mkzk | kpkmya7Mkzk |
| http://www.youtube.com/watch?v=KrTB3848mgQ | KrTB3848mgQ |
| http://www.youtube.com/watch?v=kvEeLZV1j-k | kvEeLZV1j-k |
| http://www.youtube.com/watch?v=L6a_iKo83RE | L6a_iKo83RE |
| http://www.youtube.com/watch?v=L8GYvvm_3bE | L8GYvvm_3bE |
| http://www.youtube.com/watch?v=L9h0BpdVMxA | L9h0BpdVMxA |
| http://www.youtube.com/watch?v=Le52xv31TTM | Le52xv31TTM |
| http://www.youtube.com/watch?v=LeSId8yY3Do | LeSId8yY3Do |
| http://www.youtube.com/watch?v=liblQ3NlAjE | liblQ3NlAjE |
| http://www.youtube.com/watch?v=lirJJlViWsE | lirJJlViWsE |
| http://www.youtube.com/watch?v=ln5zXFcssSc | ln5zXFcssSc |
| http://www.youtube.com/watch?v=lvb3QDrHxRA | lvb3QDrHxRA |
| http://www.youtube.com/watch?v=L-VLn6bEOvs | L-VLn6bEOvs |
| http://www.youtube.com/watch?v=LYGpcUofXbk | LYGpcUofXbk |
| http://www.youtube.com/watch?v=lz0JZvlMrOA | lz0JZvlMrOA |
| http://www.youtube.com/watch?v=LzIoLR5i9uw | LzIoLR5i9uw |
| http://www.youtube.com/watch?v=m_lOnAYAh18 | m_lOnAYAh18 |
| http://www.youtube.com/watch?v=meXedwbvCh8 | meXedwbvCh8 |
| http://www.youtube.com/watch?v=MGZbVuVW2wQ | MGZbVuVW2wQ |
| http://www.youtube.com/watch?v=mJkGJQyDNQ0 | mJkGJQyDNQ0 |
| http://www.youtube.com/watch?v=mk3uiuXo4dk | mk3uiuXo4dk |
| http://www.youtube.com/watch?v=MMWoRIaFZM8 | MMWoRIaFZM8 |

**Schedule A**

| | |
|---|---|
| http://www.youtube.com/watch?v=mOvZn9ebc8Q | mOvZn9ebc8Q |
| http://www.youtube.com/watch?v=MSGNvmqcZK0 | MSGNvmqcZK0 |
| http://www.youtube.com/watch?v=mTLMUWP13pE | mTLMUWP13pE |
| http://www.youtube.com/watch?v=MV9EB2EXGdk | MV9EB2EXGdk |
| http://www.youtube.com/watch?v=N0QCkXfxJs4 | N0QCkXfxJs4 |
| http://www.youtube.com/watch?v=N-4MT9u6LUs | N-4MT9u6LUs |
| http://www.youtube.com/watch?v=N7Q-vFtW8Lk | N7Q-vFtW8Lk |
| http://www.youtube.com/watch?v=n8wDRoQkN1c | n8wDRoQkN1c |
| http://www.youtube.com/watch?v=N9aNvjuTIvY | N9aNvjuTIvY |
| http://www.youtube.com/watch?v=nCHY88De2A0 | nCHY88De2A0 |
| http://www.youtube.com/watch?v=NdpArPebjFY | NdpArPebjFY |
| http://www.youtube.com/watch?v=NEB7-p0aq8M | NEB7-p0aq8M |
| http://www.youtube.com/watch?v=neyj1SyVjBs | neyj1SyVjBs |
| http://www.youtube.com/watch?v=Nr8fA2kX44E | Nr8fA2kX44E |
| http://www.youtube.com/watch?v=NThBETSknVQ | NThBETSknVQ |
| http://www.youtube.com/watch?v=nyLj0T9EKAo | nyLj0T9EKAo |
| http://www.youtube.com/watch?v=nZ3SdIb5NDI | nZ3SdIb5NDI |
| http://www.youtube.com/watch?v=o8pkZ38bLvU | o8pkZ38bLvU |
| http://www.youtube.com/watch?v=oCbmqSqoSQk | oCbmqSqoSQk |
| http://www.youtube.com/watch?v=oQUgal6CFSI | oQUgal6CFSI |
| http://www.youtube.com/watch?v=OUWSSmNxArs | OUWSSmNxArs |
| http://www.youtube.com/watch?v=oXmMicS1oZk | oXmMicS1oZk |
| http://www.youtube.com/watch?v=p1i1wcUpTbU | p1i1wcUpTbU |
| http://www.youtube.com/watch?v=Pa3J-L29iT8 | Pa3J-L29iT8 |
| http://www.youtube.com/watch?v=paveBpTiNqI | paveBpTiNqI |
| http://www.youtube.com/watch?v=pBHnokTr1xg | pBHnokTr1xg |
| http://www.youtube.com/watch?v=pE2MiujT7Yg | pE2MiujT7Yg |
| http://www.youtube.com/watch?v=Phap3WkYOpc | Phap3WkYOpc |
| http://www.youtube.com/watch?v=pIGQYawzv9c | pIGQYawzv9c |
| http://www.youtube.com/watch?v=Ppm3MIsqsK4 | Ppm3MIsqsK4 |
| http://www.youtube.com/watch?v=PReDb3aDGDg | PReDb3aDGDg |
| http://www.youtube.com/watch?v=PuqX26-GCWY | PuqX26-GCWY |
| http://www.youtube.com/watch?v=Pvz66FuaHso | Pvz66FuaHso |
| http://www.youtube.com/watch?v=pyP1JFa8bJc | pyP1JFa8bJc |
| http://www.youtube.com/watch?v=Q_z5Kzv8_A0 | Q_z5Kzv8_A0 |
| http://www.youtube.com/watch?v=q5nDYUqEKSA | q5nDYUqEKSA |
| http://www.youtube.com/watch?v=qFXAl0IQiM4 | qFXAl0IQiM4 |
| http://www.youtube.com/watch?v=QrROfhjqpDs | QrROfhjqpDs |
| http://www.youtube.com/watch?v=Q-VvGxYDGm0 | Q-VvGxYDGm0 |
| http://www.youtube.com/watch?v=r_c6WIbOG2M | r_c6WIbOG2M |
| http://www.youtube.com/watch?v=r0WZATT9P9g | r0WZATT9P9g |
| http://www.youtube.com/watch?v=rDOB6g2-3FU | rDOB6g2-3FU |
| http://www.youtube.com/watch?v=REQFHAKXrgw | REQFHAKXrgw |
| http://www.youtube.com/watch?v=rf3BHTB2RAY | rf3BHTB2RAY |

**Schedule A**

| | |
|---|---|
| http://www.youtube.com/watch?v=RhNehWcBADg | RhNehWcBADg |
| http://www.youtube.com/watch?v=rig59Nf9qRw | rig59Nf9qRw |
| http://www.youtube.com/watch?v=rkQ9C-9pWJg | rkQ9C-9pWJg |
| http://www.youtube.com/watch?v=RRrB_hitU-c | RRrB_hitU-c |
| http://www.youtube.com/watch?v=s0e_lfSMtlI | s0e_lfSMtlI |
| http://www.youtube.com/watch?v=S5pUWE1WGKw | S5pUWE1WGKw |
| http://www.youtube.com/watch?v=s8VLwpyYtB0 | s8VLwpyYtB0 |
| http://www.youtube.com/watch?v=scK1yTVqE3Y | scK1yTVqE3Y |
| http://www.youtube.com/watch?v=sIXfcdZbnUw | sIXfcdZbnUw |
| http://www.youtube.com/watch?v=SVlIle_fwMg | SVlIle_fwMg |
| http://www.youtube.com/watch?v=SwyufkyHfyU | SwyufkyHfyU |
| http://www.youtube.com/watch?v=sxNuomEUGG0 | sxNuomEUGG0 |
| http://www.youtube.com/watch?v=t2KaB5IW8XA | t2KaB5IW8XA |
| http://www.youtube.com/watch?v=T3ysjszEu1s | T3ysjszEu1s |
| http://www.youtube.com/watch?v=tbU_2WGlqkU | tbU_2WGlqkU |
| http://www.youtube.com/watch?v=TZv0POyzkpc | TZv0POyzkpc |
| http://www.youtube.com/watch?v=udfXAGkZCp0 | udfXAGkZCp0 |
| http://www.youtube.com/watch?v=UE8M1Pc8PIE | UE8M1Pc8PIE |
| http://www.youtube.com/watch?v=uJg2geqHK5U | uJg2geqHK5U |
| http://www.youtube.com/watch?v=uK8e9xY3eFM | uK8e9xY3eFM |
| http://www.youtube.com/watch?v=uSd7BLvN9KQ | uSd7BLvN9KQ |
| http://www.youtube.com/watch?v=USds5DhScmg | USds5DhScmg |
| http://www.youtube.com/watch?v=Ux6aFYuTYNY | Ux6aFYuTYNY |
| http://www.youtube.com/watch?v=UXmn2TS_ALQ | UXmn2TS_ALQ |
| http://www.youtube.com/watch?v=UZir_FIgXQg | UZir_FIgXQg |
| http://www.youtube.com/watch?v=v0uIAyq4p2o | v0uIAyq4p2o |
| http://www.youtube.com/watch?v=v5XPki6Nj6k | v5XPki6Nj6k |
| http://www.youtube.com/watch?v=vAGC2_ux-GE | vAGC2_ux-GE |
| http://www.youtube.com/watch?v=VbDA1XS6M6A | VbDA1XS6M6A |
| http://www.youtube.com/watch?v=VdFd278uM7U | VdFd278uM7U |
| http://www.youtube.com/watch?v=Vj9rdT-t8Lc | Vj9rdT-t8Lc |
| http://www.youtube.com/watch?v=vjQbOSjMuAU | vjQbOSjMuAU |
| http://www.youtube.com/watch?v=vlQhux5mXfY | vlQhux5mXfY |
| http://www.youtube.com/watch?v=vNgoUewhYTM | vNgoUewhYTM |
| http://www.youtube.com/watch?v=vPThn1deQTw | vPThn1deQTw |
| http://www.youtube.com/watch?v=vrwtQRZcg6U | vrwtQRZcg6U |
| http://www.youtube.com/watch?v=w-0x-Pwtbtw | w-0x-Pwtbtw |
| http://www.youtube.com/watch?v=W2CyxzhHgrw | W2CyxzhHgrw |
| http://www.youtube.com/watch?v=w4ONAjlFmJY | w4ONAjlFmJY |
| http://www.youtube.com/watch?v=WBxZLCDm2uo | WBxZLCDm2uo |
| http://www.youtube.com/watch?v=wcHwE01xHNU | wcHwE01xHNU |
| http://www.youtube.com/watch?v=wfWEjb3DtV0 | wfWEjb3DtV0 |
| http://www.youtube.com/watch?v=WLZfSH3j_Zg | WLZfSH3j_Zg |
| http://www.youtube.com/watch?v=wMHpbGDIddE | wMHpbGDIddE |

**Schedule A**

| URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=WNFBtL2vGc4 | WNFBtL2vGc4 |
| http://www.youtube.com/watch?v=WPsZQRv5Ukc | WPsZQRv5Ukc |
| http://www.youtube.com/watch?v=Wqq-lfH3NNc | Wqq-lfH3NNc |
| http://www.youtube.com/watch?v=wxhRkff16ys | wxhRkff16ys |
| http://www.youtube.com/watch?v=x1ycbHjePjM | x1ycbHjePjM |
| http://www.youtube.com/watch?v=X-8UmL4lpPI | X-8UmL4lpPI |
| http://www.youtube.com/watch?v=xbrJOliv0qE | xbrJOliv0qE |
| http://www.youtube.com/watch?v=xHVqXaC-NIA | xHVqXaC-NIA |
| http://www.youtube.com/watch?v=xiFajP-KVzE | xiFajP-KVzE |
| http://www.youtube.com/watch?v=xlvJ7C0x91U | xlvJ7C0x91U |
| http://www.youtube.com/watch?v=xmHsafia5jE | xmHsafia5jE |
| http://www.youtube.com/watch?v=Xo9TWFRIUN8 | Xo9TWFRIUN8 |
| http://www.youtube.com/watch?v=xWCkluxpGW8 | xWCkluxpGW8 |
| http://www.youtube.com/watch?v=YbCNhLX-mi8 | YbCNhLX-mi8 |
| http://www.youtube.com/watch?v=YJbL7euTy7s | YJbL7euTy7s |
| http://www.youtube.com/watch?v=yJ-LoP2jiLw | yJ-LoP2jiLw |
| http://www.youtube.com/watch?v=YS99-zJrGhU | YS99-zJrGhU |
| http://www.youtube.com/watch?v=ytFpClL6ydU | ytFpClL6ydU |
| http://www.youtube.com/watch?v=yVUAvM3fvXQ | yVUAvM3fvXQ |
| http://www.youtube.com/watch?v=Zk75nDsKjNw | Zk75nDsKjNw |
| http://www.youtube.com/watch?v=ZpVZoLTAiKY | ZpVZoLTAiKY |
| http://www.youtube.com/watch?v=Zr5qTqgZubA | Zr5qTqgZubA |

| Clips Inadvertently Included on October 15, 2009 Amended Works In Suit List | |
|---|---|
| **YouTube URL** | **Video ID** |
| http://www.youtube.com/watch?v=6w5MPpg1XpE | 6w5MPpg1XpE |
| http://www.youtube.com/watch?v=8_Eaa7y_rq0 | 8_Eaa7y_rq0 |
| http://www.youtube.com/watch?v=AEkerwX8IFo | AEkerwX8IFo |
| http://www.youtube.com/watch?v=S-hSrAGA4Gg | S-hSrAGA4Gg |
| http://www.youtube.com/watch?v=VQg9_eyp_AA | VQg9_eyp_AA |
| http://www.youtube.com/watch?v=z3cRGYXyRnI | z3cRGYXyRnI |

**Schedule B**

### ALFIE (2004)

| YouTube URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=BO5-4uPZXmw | BO5-4uPZXmw |
| http://www.youtube.com/watch?v=EX87URRiJdo | EX87URRiJdo |
| http://www.youtube.com/watch?v=Hbh90s4tpBc | Hbh90s4tpBc |
| http://www.youtube.com/watch?v=ldJ2A8yZjQk | ldJ2A8yZjQk |
| http://www.youtube.com/watch?v=PxbBwmtiKCM | PxbBwmtiKCM |
| http://www.youtube.com/watch?v=xzdeeXtJ-GM | xzdeeXtJ-GM |
| http://www.youtube.com/watch?v=_xM1wE3j-U8 | _xM1wE3j-U8 |
| http://www.youtube.com/watch?v=ejdmAR_pbe0 | ejdmAR_pbe0 |
| http://www.youtube.com/watch?v=S0KIA79b9Zk | S0KIA79b9Zk |
| http://www.youtube.com/watch?v=T1ThKDNGafs | T1ThKDNGafs |
| http://www.youtube.com/watch?v=jEpinkgZ_Mo | jEpinkgZ_Mo |
| http://www.youtube.com/watch?v=vLuGhhHfndo | vLuGhhHfndo |
| http://www.youtube.com/watch?v=f6i35YX40MQ | f6i35YX40MQ |
| http://www.youtube.com/watch?v=pHMRBoG5O4s | pHMRBoG5O4s |
| http://www.youtube.com/watch?v=urebQXHSmfQ | urebQXHSmfQ |
| http://www.youtube.com/watch?v=ZapOB1fQStE | ZapOB1fQStE |

### APOCALYPSE NOW

| YouTube URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=I-1wmt_odDU | I-1wmt_odDU |
| http://www.youtube.com/watch?v=itIDg6sXgbo | itIDg6sXgbo |
| http://www.youtube.com/watch?v=LDGHIt-AAJE | LDGHIt-AAJE |
| http://www.youtube.com/watch?v=LlI4Qs_k6p0 | LlI4Qs_k6p0 |
| http://www.youtube.com/watch?v=mAZrXJSPqqw | mAZrXJSPqqw |
| http://www.youtube.com/watch?v=n3L2QbSa7T8 | n3L2QbSa7T8 |
| http://www.youtube.com/watch?v=n7N46IENb_E | n7N46IENb_E |
| http://www.youtube.com/watch?v=nmfrNvbYlSo | nmfrNvbYlSo |
| http://www.youtube.com/watch?v=nUF2D_NjlqY | nUF2D_NjlqY |
| http://www.youtube.com/watch?v=osSUIPPk5Mk | osSUIPPk5Mk |
| http://www.youtube.com/watch?v=pwqdBkaWsTA | pwqdBkaWsTA |
| http://www.youtube.com/watch?v=RwnBWSdZDzQ | RwnBWSdZDzQ |
| http://www.youtube.com/watch?v=UemtjPU5sFc | UemtjPU5sFc |
| http://www.youtube.com/watch?v=uxw0bTVZ9JU | uxw0bTVZ9JU |
| http://www.youtube.com/watch?v=v34d9kKnv_w | v34d9kKnv_w |
| http://www.youtube.com/watch?v=VDMtwSkg528 | VDMtwSkg528 |

**Schedule B**

| | |
|---|---|
| http://www.youtube.com/watch?v=vjNtGHDRspo | vjNtGHDRspo |
| http://www.youtube.com/watch?v=-zkcNB0f5KI | -zkcNB0f5KI |
| http://www.youtube.com/watch?v=TAbmUGy3i6I | TAbmUGy3i6I |
| http://www.youtube.com/watch?v=XjYhTnh6Zaw | XjYhTnh6Zaw |
| http://www.youtube.com/watch?v=XKcTSKQeuYc | XKcTSKQeuYc |
| http://www.youtube.com/watch?v=XOxVjtZujcU | XOxVjtZujcU |
| http://www.youtube.com/watch?v=z5eXFeW0aI0 | z5eXFeW0aI0 |
| http://www.youtube.com/watch?v=zLRj5erjhP8 | zLRj5erjhP8 |
| http://www.youtube.com/watch?v=pVi1je1tCZg | pVi1je1tCZg |

**The Spirit of Christmas (Jesus vs. Frosty)**

| YouTube URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=3MY1-1pbc5A | 3MY1-1pbc5A |
| http://www.youtube.com/watch?v=BxWDPBIbABw | BxWDPBIbABw |
| http://www.youtube.com/watch?v=C8WIu4Lji9o | C8WIu4Lji9o |
| http://www.youtube.com/watch?v=EFhgW9LpSig | EFhgW9LpSig |
| http://www.youtube.com/watch?v=grchratYFn0 | grchratYFn0 |
| http://www.youtube.com/watch?v=JSR6u62qRow | JSR6u62qRow |
| http://www.youtube.com/watch?v=tZF8vTvxQuw | tZF8vTvxQuw |
| http://www.youtube.com/watch?v=Ud7Ga8zPga4 | Ud7Ga8zPga4 |
| http://www.youtube.com/watch?v=Zke-Cf-jtmk | Zke-Cf-jtmk |
| http://www.youtube.com/watch?v=zKTttir-ADs | zKTttir-ADs |
| http://www.youtube.com/watch?v=ZK-YTEmNM7s | ZK-YTEmNM7s |
| http://www.youtube.com/watch?v=Zse02bHcWqg | Zse02bHcWqg |

**The Spirit of Christmas (Jesus vs. Santa)**

| YouTube URL | Video ID |
|---|---|
| http://www.youtube.com/watch?v=_obmo_Ib8P8 | _obmo_Ib8P8 |
| http://www.youtube.com/watch?v=-_t4Xo1G4yo | -_t4Xo1G4yo |
| http://www.youtube.com/watch?v=1Eb8MJX-EVY | 1Eb8MJX-EVY |
| http://www.youtube.com/watch?v=1ndaYeMwhYI | 1ndaYeMwhYI |
| http://www.youtube.com/watch?v=25BGqF7Hje4 | 25BGqF7Hje4 |
| http://www.youtube.com/watch?v=2F10c5pxIAI | 2F10c5pxIAI |
| http://www.youtube.com/watch?v=2k44sfPR6ig | 2k44sfPR6ig |
| http://www.youtube.com/watch?v=2Q3QE3LL1Dk | 2Q3QE3LL1Dk |
| http://www.youtube.com/watch?v=2s0UunMx1xs | 2s0UunMx1xs |
| http://www.youtube.com/watch?v=3audz0BAyWY | 3audz0BAyWY |
| http://www.youtube.com/watch?v=3CL9GIJloLk | 3CL9GIJloLk |
| http://www.youtube.com/watch?v=3HY4aZAQFpk | 3HY4aZAQFpk |
| http://www.youtube.com/watch?v=3NJAz1-ysGs | 3NJAz1-ysGs |
| http://www.youtube.com/watch?v=3nrEwWVaEXY | 3nrEwWVaEXY |
| http://www.youtube.com/watch?v=3qu-wh1ppZ8 | 3qu-wh1ppZ8 |
| http://www.youtube.com/watch?v=4eASyLoHlJw | 4eASyLoHlJw |
| http://www.youtube.com/watch?v=4icAtPkcSWw | 4icAtPkcSWw |
| http://www.youtube.com/watch?v=4q3OImUHwdY | 4q3OImUHwdY |

**Schedule B**

| | |
|---|---|
| http://www.youtube.com/watch?v=4V8KmrCgJzo | 4V8KmrCgJzo |
| http://www.youtube.com/watch?v=4vu9_66O3Sg | 4vu9_66O3Sg |
| http://www.youtube.com/watch?v=58s-ODz2tQQ | 58s-ODz2tQQ |
| http://www.youtube.com/watch?v=59IJOyEs_og | 59IJOyEs_og |
| http://www.youtube.com/watch?v=5rNSIYLQwMs | 5rNSIYLQwMs |
| http://www.youtube.com/watch?v=5uIlN6CZ9WU | 5uIlN6CZ9WU |
| http://www.youtube.com/watch?v=7JeEy71nCL4 | 7JeEy71nCL4 |
| http://www.youtube.com/watch?v=8giDuL8ZhQE | 8giDuL8ZhQE |
| http://www.youtube.com/watch?v=8lRJp5G_IPM | 8lRJp5G_IPM |
| http://www.youtube.com/watch?v=8VyNheEazvo | 8VyNheEazvo |
| http://www.youtube.com/watch?v=9mLPIzGWxGs | 9mLPIzGWxGs |
| http://www.youtube.com/watch?v=9y4XhBdDa1o | 9y4XhBdDa1o |
| http://www.youtube.com/watch?v=9z48-HEBgUQ | 9z48-HEBgUQ |
| http://www.youtube.com/watch?v=9zt0Ecgxiak | 9zt0Ecgxiak |
| http://www.youtube.com/watch?v=AhJwZfwUqcs | AhJwZfwUqcs |
| http://www.youtube.com/watch?v=aMAbFn2aLag | aMAbFn2aLag |
| http://www.youtube.com/watch?v=apJ3DCijl3U | apJ3DCijl3U |
| http://www.youtube.com/watch?v=aS4ruwA-Dbs | aS4ruwA-Dbs |
| http://www.youtube.com/watch?v=AvXbAh-UtTA | AvXbAh-UtTA |
| http://www.youtube.com/watch?v=b_-oESzWcu8 | b_-oESzWcu8 |
| http://www.youtube.com/watch?v=b-1vkoHg0y8 | b-1vkoHg0y8 |
| http://www.youtube.com/watch?v=B7k5hRzE584 | B7k5hRzE584 |
| http://www.youtube.com/watch?v=bd6YEu-qdAY | bd6YEu-qdAY |
| http://www.youtube.com/watch?v=BDlhfBeks14 | BDlhfBeks14 |
| http://www.youtube.com/watch?v=Be5a_wb_DHQ | Be5a_wb_DHQ |
| http://www.youtube.com/watch?v=bfnjrvnDpCk | bfnjrvnDpCk |
| http://www.youtube.com/watch?v=bHSbpj30iCA | bHSbpj30iCA |
| http://www.youtube.com/watch?v=BjXVcIfmz1Q | BjXVcIfmz1Q |
| http://www.youtube.com/watch?v=BmG2B6fRRIs | BmG2B6fRRIs |
| http://www.youtube.com/watch?v=bohPcVGVajM | bohPcVGVajM |
| http://www.youtube.com/watch?v=bqmllceqaDU | bqmllceqaDU |
| http://www.youtube.com/watch?v=BsvKOZWAkcc | BsvKOZWAkcc |
| http://www.youtube.com/watch?v=bZIO8UlzIzI | bZIO8UlzIzI |
| http://www.youtube.com/watch?v=cBxytQhjr2A | cBxytQhjr2A |
| http://www.youtube.com/watch?v=daTK3_0I7_g | daTK3_0I7_g |
| http://www.youtube.com/watch?v=dieSvM3bdWU | dieSvM3bdWU |
| http://www.youtube.com/watch?v=dnE58TKtulk | dnE58TKtulk |
| http://www.youtube.com/watch?v=DtFSCeSJP78 | DtFSCeSJP78 |
| http://www.youtube.com/watch?v=E-_MHM-wo-4 | E-_MHM-wo-4 |
| http://www.youtube.com/watch?v=eGn3Uy6XCA8 | eGn3Uy6XCA8 |
| http://www.youtube.com/watch?v=EjOePlLAyZA | EjOePlLAyZA |
| http://www.youtube.com/watch?v=F6IbG22ktKM | F6IbG22ktKM |
| http://www.youtube.com/watch?v=F7fLPLJmpuM | F7fLPLJmpuM |
| http://www.youtube.com/watch?v=fQDvZ_V_6Tk | fQDvZ_V_6Tk |
| http://www.youtube.com/watch?v=fS2QLLM7HH0 | fS2QLLM7HH0 |
| http://www.youtube.com/watch?v=gfYa5l1qoAc | gfYa5l1qoAc |

**Schedule B**

| | |
|---|---|
| http://www.youtube.com/watch?v=gNfBJkm1WxM | gNfBJkm1WxM |
| http://www.youtube.com/watch?v=HdrfwKzfmEY | HdrfwKzfmEY |
| http://www.youtube.com/watch?v=HgmKFZz-Tzg | HgmKFZz-Tzg |
| http://www.youtube.com/watch?v=hpw09dZcLOY | hpw09dZcLOY |
| http://www.youtube.com/watch?v=hTjv5bLtoKU | hTjv5bLtoKU |
| http://www.youtube.com/watch?v=j0pV8A2tZmQ | j0pV8A2tZmQ |
| http://www.youtube.com/watch?v=J834njcbv50 | J834njcbv50 |
| http://www.youtube.com/watch?v=JheVEwMIipE | JheVEwMIipE |
| http://www.youtube.com/watch?v=JMLbF657c1o | JMLbF657c1o |
| http://www.youtube.com/watch?v=JYs6_S07pbo | JYs6_S07pbo |
| http://www.youtube.com/watch?v=JZjemHIluZU | JZjemHIluZU |
| http://www.youtube.com/watch?v=K4i8fcYNMyk | K4i8fcYNMyk |
| http://www.youtube.com/watch?v=L6NJNKPVobw | L6NJNKPVobw |
| http://www.youtube.com/watch?v=LfpYrDa2z00 | LfpYrDa2z00 |
| http://www.youtube.com/watch?v=LIQja0yLwEA | LIQja0yLwEA |
| http://www.youtube.com/watch?v=lIsXYO1bVoE | lIsXYO1bVoE |
| http://www.youtube.com/watch?v=m5AhryUa7Ok | m5AhryUa7Ok |
| http://www.youtube.com/watch?v=Mb2GnXXS684 | Mb2GnXXS684 |
| http://www.youtube.com/watch?v=mdl0HyOoows | mdl0HyOoows |
| http://www.youtube.com/watch?v=Mf4bO5FwYng | Mf4bO5FwYng |
| http://www.youtube.com/watch?v=MpTzQFcAulo | MpTzQFcAulo |
| http://www.youtube.com/watch?v=MTfMX2W45jM | MTfMX2W45jM |
| http://www.youtube.com/watch?v=-n1potX2MEc | -n1potX2MEc |
| http://www.youtube.com/watch?v=NR6WmgJKUdg | NR6WmgJKUdg |
| http://www.youtube.com/watch?v=NVwBFWU0PMY | NVwBFWU0PMY |
| http://www.youtube.com/watch?v=o6uVS-EfjRY | o6uVS-EfjRY |
| http://www.youtube.com/watch?v=oap8h7AE6Ng | oap8h7AE6Ng |
| http://www.youtube.com/watch?v=OulxJm18Vxw | OulxJm18Vxw |
| http://www.youtube.com/watch?v=Ow-GHIKckUU | Ow-GHIKckUU |
| http://www.youtube.com/watch?v=P0DXt7MWdZ8 | P0DXt7MWdZ8 |
| http://www.youtube.com/watch?v=P0ZOfYnkGs4 | P0ZOfYnkGs4 |
| http://www.youtube.com/watch?v=PFMHKOPuTs4 | PFMHKOPuTs4 |
| http://www.youtube.com/watch?v=Pw8WZD5T8Wc | Pw8WZD5T8Wc |
| http://www.youtube.com/watch?v=qBcAI_WjUnU | qBcAI_WjUnU |
| http://www.youtube.com/watch?v=QGQjDswbvCM | QGQjDswbvCM |
| http://www.youtube.com/watch?v=qUGu0s-kOWc | qUGu0s-kOWc |
| http://www.youtube.com/watch?v=Rud4ur6fwrA | Rud4ur6fwrA |
| http://www.youtube.com/watch?v=sKLj7qtbrr0 | sKLj7qtbrr0 |
| http://www.youtube.com/watch?v=sM_uepoWUH4 | sM_uepoWUH4 |
| http://www.youtube.com/watch?v=sPxk79PjZUY | sPxk79PjZUY |
| http://www.youtube.com/watch?v=swQj8kpSQ7c | swQj8kpSQ7c |
| http://www.youtube.com/watch?v=SX-XFyizsQ4 | SX-XFyizsQ4 |
| http://www.youtube.com/watch?v=T4O-34s8QfE | T4O-34s8QfE |
| http://www.youtube.com/watch?v=t6vvxnk5VFw | t6vvxnk5VFw |
| http://www.youtube.com/watch?v=tH7XD5az8XU | tH7XD5az8XU |
| http://www.youtube.com/watch?v=TL6kYwjrbCA | TL6kYwjrbCA |

## Schedule B

| | |
|---|---|
| http://www.youtube.com/watch?v=T-Ub271PVYU | T-Ub271PVYU |
| http://www.youtube.com/watch?v=u3EMWZiUu0U | u3EMWZiUu0U |
| http://www.youtube.com/watch?v=uL0-a40va64 | uL0-a40va64 |
| http://www.youtube.com/watch?v=UotFGR0E3U0 | UotFGR0E3U0 |
| http://www.youtube.com/watch?v=u-qIJ04T_QU | u-qIJ04T_QU |
| http://www.youtube.com/watch?v=UtwRERD22JQ | UtwRERD22JQ |
| http://www.youtube.com/watch?v=UyAkhMh9ukA | UyAkhMh9ukA |
| http://www.youtube.com/watch?v=V2fZzNvjDaE | V2fZzNvjDaE |
| http://www.youtube.com/watch?v=vmt_KrMiIDA | vmt_KrMiIDA |
| http://www.youtube.com/watch?v=Vrhs12CclWM | Vrhs12CclWM |
| http://www.youtube.com/watch?v=vZ1S-Fy7e7E | vZ1S-Fy7e7E |
| http://www.youtube.com/watch?v=w2y1WP6RVOU | w2y1WP6RVOU |
| http://www.youtube.com/watch?v=wgiwYkVbyhk | wgiwYkVbyhk |
| http://www.youtube.com/watch?v=WmM2og7RxhY | WmM2og7RxhY |
| http://www.youtube.com/watch?v=wwcAjFKvvV8 | wwcAjFKvvV8 |
| http://www.youtube.com/watch?v=wyTIc3rKPyE | wyTIc3rKPyE |
| http://www.youtube.com/watch?v=WzSOAH7ryok | WzSOAH7ryok |
| http://www.youtube.com/watch?v=X_XIBRCfSIk | X_XIBRCfSIk |
| http://www.youtube.com/watch?v=XcGbneD4DGU | XcGbneD4DGU |
| http://www.youtube.com/watch?v=xIqxqdj-YFc | xIqxqdj-YFc |
| http://www.youtube.com/watch?v=y99ln60bozo | y99ln60bozo |
| http://www.youtube.com/watch?v=zbGEUDz_zUQ | zbGEUDz_zUQ |
| http://www.youtube.com/watch?v=zqkK9yuzl04 | zqkK9yuzl04 |
| http://www.youtube.com/watch?v=zr8GZ53nUoY | zr8GZ53nUoY |

# Rubin Exhibit 123

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| VIACOM INTERNATIONAL INC., COMEDY | ) | |
| PARTNERS, COUNTRY MUSIC | ) | |
| TELEVISION, INC., PARAMOUNT | ) | |
| PICTURES CORPORATION, and BLACK | ) | |
| ENTERTAINMENT TELEVISION LLC, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. |
| YOUTUBE, INC., YOUTUBE, LLC, | ) | 07CV-2103 |
| and GOOGLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| THE FOOTBALL ASSOCIATION PREMIER | ) | |
| LEAGUE LIMITED, BOURNE CO., et al., | ) | |
| on behalf of themselves and all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. |
| YOUTUBE, INC., YOUTUBE, LLC, and | ) | 07CV-3582 |
| GOOGLE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

****HIGHLY CONFIDENTIAL****
DEPOSITION OF THOMAS DONOHUE
NEW YORK, NEW YORK
FRIDAY, OCTOBER 30, 2009
9:46 a.m.

BY:  REBECCA  SCHAUMLOFFEL
JOB NO.  17991

```
1                    THOMAS DONOHUE
2               E-mail in the string when he said that
3               the -- that "We, Wiredset, were
4               authorized by MTV to use their videos
5    12:09:20    on YouTube"?
6                    A.   We were authorized by our
7               client, MTV.  And I think in this case,
8               either the marketing or promotion
9               department of MTV -- whether or not
10   12:09:34    MTV's marketing department and their
11              legal department or Viacom's legal
12              department were on the same page, I
13              don't know.  But I can say that we were
14              authorized to do what we did.
15   12:09:46        Q.   So when you say, "We were
16              authorized to do what we did," you mean
17              Wiredset was authorized to upload
18              videos to YouTube that Viacom requested
19              that it upload to YouTube?
20   12:09:57        MS. CUNHA:  Objection.
21              Asked and answered.
22                   A.   We were authorized to
23              promote, upload the clips, whatever
24              clips we are talking about, by our
25   12:10:24    contacts at MTV.
```

# Rubin Exhibit 124

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

VIACOM INTERNATIONAL INC., COMEDY  )
PARTNERS, COUNTRY MUSIC            )
TELEVISION, INC., PARAMOUNT        )
PICTURES CORPORATION, and BLACK    )
ENTERTAINMENT TELEVISION LLC,      )
                Plaintiffs,        )
                    vs.            ) Case No.
YOUTUBE, INC., YOUTUBE, LLC,       ) 07CV-2103
and GOOGLE, INC.,                  )
                                   )
                Defendants.        )
_____   )
THE FOOTBALL ASSOCIATION PREMIER   )
LEAGUE LIMITED, BOURNE CO., et al.,)
on behalf of themselves and all    )
others similarly situated,         )
                                   )
                Plaintiffs,        )
                    vs.            ) Case No.
YOUTUBE, INC., YOUTUBE, LLC, and   ) 07CV-3582
GOOGLE, INC.,                      )
                                   )
                Defendants.        )
_____   )

****HIGHLY CONFIDENTIAL****
DEPOSITION OF THOMAS DONOHUE
NEW YORK, NEW YORK
FRIDAY, OCTOBER 30, 2009
9:46 a.m.

BY:  REBECCA SCHAUMLOFFEL
JOB NO.  17991

1          THOMAS DONOHUE

2          relationship?

3          Q.    Ever in the course of the

4          relationship, anyone you can think of.

5   10:42:56      A.    Those were the ones that

6          were specifically tasked with managing

7          the projects, typically, as far as I

8          can remember.  It is possible other

9          employees may have -- yes.

10  10:43:22           MS. REES:  Exhibit 7.

11                (Whereupon, a document,

12                WS-00317-'00318, was marked as

13                Defendant's Exhibit 7 for

14                identification as of this date by

15  10:43:57      the Reporter.)

16          Q.    Can you identify Exhibit 7?

17          A.    It appears to be an internal

18          E-mail from Wiredset.

19          Q.    One of the participants is

20  10:44:10  Katrina Alvarez who you just mentioned?

21          A.    Is that a question?

22          Q.    Is one of the participants

23          in this E-mail chain Katrina Alvarez,

24          who you just mentioned?

25  10:44:17      A.    Yes, it appears to be.

```
1                    THOMAS DONOHUE

2                    Q.    Is this -- at the top of the

3         page, is this Katrina Alvarez's E-mail

4         address, Katrinaa@wiredset.com?

5   10:44:27         A.    No.   Sorry; yes, it is.

6                    Q.    Is that her E-mail address,

7         Katrinaa@wiredset.com?

8                    A.    Yes.

9                    MS. REES:   Exhibit 8.

10  10:44:54              (Whereupon, a document,

11                   WS-04443-'04447, was marked as

12                   Defendant's Exhibit 8 for

13                   identification as of this date by

14                   the Reporter.)

15  10:45:19         Q.    Can you identify Exhibit 8?

16                   A.    It appears to be an E-mail

17        from Wiredset to YouTube.

18                   Q.    And the E-mail appears to

19        reflect that Wiredset is setting up an

20  10:46:10  account on YouTube with the username,

21        Wiredset.   Do you understand that

22        Wiredset has an account on YouTube with

23        the username, Wiredset?

24                   MR. MULLANEY:   Objection to

25  10:46:21         form.
```

# Rubin Exhibit 125

| From: | Myers, Jake - Paramount Vantage [jake.myers@paramountvantage.com] |
|---|---|
| Sent: | Saturday, March 01, 2008 1:47 AM |
| To: | Kelly Seaman |
| Cc: | Teifeld, Tamar - Paramount; Andrea Cordone; Arian Hormozi; Mark Hall; Sarah Cruz; Sean Ray |
| Subject: | [text][html] RE: [text][heur] Re: [C#246525705] DMCA Counter Notification - from: TheFilmFactoryUK - re:Paramount Pictures Corp. |

I was fine with them up. We do not need to take them down.

Thanks,


Jake Myers
Paramount Vantage
Interactive Marketing
5555 Melrose Ave., Lasky 108
Los Angeles, CA 90038
Ph: 323.956.2876
AIM: jakemyers2001

*How She Move*
In Theaters Now
www.howshemove.com

---

**From:** Kelly Seaman [mailto:kseaman@google.com]
**Sent:** Friday, February 29, 2008 5:44 PM
**To:** Myers, Jake - Paramount Vantage
**Cc:** Teifeld, Tamar - Paramount; Andrea Cordone; Arian Hormozi; Hall, Mark - Paramount; Sarah Cruz; Sean Ray
**Subject:** Re: [text][heur] Re: [C#246525705] DMCA Counter Notification - from: TheFilmFactoryUK - re:Paramount Pictures Corp.

That is correct. Jake, those videos can be taken down now if that's your preference.

On Fri, Feb 29, 2008 at 5:28 PM, Myers, Jake - Paramount Vantage <jake.myers@paramountvantage.com> wrote:
I uploaded all these per the request of Kelly Seaman from Youtube, for
their Oscar showcase...


Jake Myers
Paramount Vantage
Interactive Marketing
5555 Melrose Ave., Lasky 108
Los Angeles, CA 90038
Ph: 323.956.2876
AIM: jakemyers2001

How She Move
In Theaters Now
www.howshemove.com

-----Original Message-----
From: Teifeld, Tamar - Paramount
Sent: Friday, February 29, 2008 5:07 PM
To: 'Andrea Cordone'
Cc: Arian Hormozi; Hall, Mark - Paramount; Sarah Cruz; Sean Ray; Myers,
Jake - Paramount Vantage

6/23/2008

HIGHLY CONFIDENTIAL

Subject: RE: [text][heur] Re: [C#246525705] DMCA Counter Notification - from: TheFilmFactoryUK - re:Paramount Pictures Corp.

There will be blood is a Vantage film. Jake from the online team there can help you with this. He is CC'd here.

-----Original Message-----
From: Andrea Cordone [mailto:andreac@baytsp.com]
Sent: Friday, February 29, 2008 3:21 PM
To: Teifeld, Tamar - Paramount
Cc: Arian Hormozi; Hall, Mark - Paramount; Sarah Cruz; Sean Ray
Subject: FW: [text][heur] Re: [C#246525705] DMCA Counter Notification - from: TheFilmFactoryUK - re:Paramount Pictures Corp.

Hello Tamar,

Today we received the following counter- notification, however it is unclear whether the content is infringing. I have attached a copy of the clip for your review.

The identifying information is as follows:

Notice ID: 10679
Asset: THERE WILL BE BLOOD
Protocol: YouTube
Video Title: There Will Be Blood - We Have Oil Here
Video Length: 137
Timestamp: 27 Feb 2008 07:59:10 GMT
Last Seen Date: 27 Feb 2008 08:06:09 GMT
URL: http://www.youtube.com/watch?v=ohtElSm4ce0
Username (if available): TheFilmFactoryUK

Please let us know what action to proceed with.

Best Regards,

Andrea Cordone
Client Services Manager
BayTSP, Inc.
408.341.2365
andreac@baytsp.com

---

The information contained in this email message may be confidential and is intended only for the parties to whom it is addressed. If you are not the intended recipient or an agent of same, please notify us of the mistake by telephone (408-341-2300) or email and delete the message from your system. Please do not copy the message or distribute it to anyone. This message was prepared at the request of counsel.

-----Original Message-----
From: Nicole Manske
Sent: Friday, February 29, 2008 8:17 AM
To: Andrea Cordone
Cc: Arian Hormozi; Leland Woo
Subject: FW: [text][heur] Re: [C#246525705] DMCA Counter Notification - from: TheFilmFactoryUK - re:Paramount Pictures Corp.

6/23/2008

Here is a counter notice for Paramount.

Nicole Manske
Compliance Administrator :: BayTSP Inc.
PO Box 1314 Los Gatos, CA 95031
www.baytsp.com
408-341-2300 - Main
408-341-2342 - Direct
408-341-2399 - Fax

---------------------------------------------------------------

The information contained in this email message may be confidential and
is intended only for the parties to whom it is addressed. If you are not
the intended recipient or an agent of same, please notify us of the
mistake by telephone or email and delete the message from your system.
Please do not copy the message or distribute it to anyone

-----Original Message-----
From: Copyright Service [mailto:copyright@youtube.com]
Sent: Thursday, February 28, 2008 8:14 PM
To: Copyright-Compliance
Subject: [text][heur] Re: [C#246525705] DMCA Counter Notification -
from: TheFilmFactoryUK - re:Paramount Pictures Corp.

Hi there,

We received the attached counter-notification in response to a complaint
you filed with us. As described in the United States Digital Millennium
Copyright Act (DMCA) 17 U.S.C. 512, by this email, we're providing you
with the counter-notification and await your notice (in not more than 10
days) that you've filed an action seeking a court order to restrain the
counter-notifier's allegedly infringing activity. Such notice should be
submitted by replying to this email. If we don't receive notice from
you,
we will reinstate the material to YouTube.

If you have any questions, please contact copyright@youtube.com.

Sincerely,

Harry
The YouTube Team

Original Message Follows:
----------------------
From: Jim Forsyth <jim.forsyth@theppc.com>
Subject: YouTube DMCA Counter-Notification
Date: Thu, 28 Feb 2008 10:00:13 +0000

Dear YouTube,

6/23/2008

HIGHLY CONFIDENTIAL

I am the producer for www.therewillbeblood.co.uk - the UK site for the
movie, 'There Will Be Blood'. All clips that we have used on this site
and
YouTube have been ok'd by Paramount Pictures.

Please put the video back up on YouTube as there is no good reason for
it
to
have been taken down.

Kind Regards

Jim

1. URL: There Will Be Blood - We Have Oil Here:
http://uk.youtube.com/watch?v=ohtElSm4ce0

2. Jim Forsyth, 91 Berwick Street, London, Soho UK. -
jim.forsyth@theppc.com
YouTube username: TheFilmFactoryUK

3. I consent to the jurisdiction of Federal District Court for the
judicial
district in which your address is located (or San Francisco County,
California if your address is outside of the United States), and that
you
will accept service of process from the person who provided notification
under subsection (c)(1)(C) or an agent of such person.

4. I swear, under penalty of perjury, that I have a good faith belief
that
the material was removed or disabled as a result of a mistake or
misidentification of the material to be removed or disabled.

5. Signature attached.

---

This email has been scanned for all viruses by the MessageLabs SkyScan
service.

--
Kelly Seaman
Content Partnerships
YouTube
901 Cherry Avenue
San Bruno, CA 94066
kseaman@youtube.com
P: 650-214-1331
F: 650-963-3367

6/23/2008

HIGHLY CONFIDENTIAL

BAYTSP 001088452

# Rubin Exhibit 126

**From:** Courtney Nieman

**Sent:** Tuesday, March 27, 2007 4:50 PM

**To:** Deana Arizala; Richard Kawasaki; Solow, Warren

**Cc:** RADAR; AST; csm

**Subject:** FW: Paramount International

More from Paramount Marketing

Courtney Nieman

---

**From:** Tipton, Kristina - Paramount [mailto:Kristina_Tipton@Paramount.com]
**Sent:** Monday, March 26, 2007 6:55 PM
**To:** Courtney Nieman
**Cc:** Mark M. Ishikawa; Evelyn Espinosa; Al Perry; Williams, Carrie - Paramount
**Subject:** Paramount International

Hi Courtney,

Hope all is well with you. I wanted to send along some of the video syndication being done by our International team. Carrie Williams (cc'ed) is the manager based in Los Angeles who helps coordinate all the territories' work online. She may be sending along links and other video information from time to time. See below for recent syndication efforts – let me know if you need any additional information on any of the below.

Thanks, Courtney!

Kristina Tipton
Interactive Marketing
Paramount Pictures
323-956-8453

Film Title: **Transformers**

VW: http://www.youtube.com/watch?v=axZWLhPp4tA

Dino: http://www.youtube.com/watch?v=JW69bluAsNo

Insecto: http://www.youtube.com/watch?v=B4QmFL_hArl

User and password:



Film title: **Shrek the Third**
Name of clip: **Shrek the Third trailer**
Duration: **2 minutes and 3 seconds**
Name of account: **matthewwhite**
Date of upload: **23 March 2007**

Google Video
Film title - BEE MOVIE

6/23/2008

BAYTSP 004339748

Name of clip – BEE MOVIE TRAILER - COMING DECEMBER 2007
Name of account – wez@waytoblue.com
Date of upload – 15/03/2007
URL - http://video.google.co.uk/videoplay?docid=-6292681755101931445

Google Video
Film title - BEE MOVIE
Name of clip – BEE MOVIE - COMING DECEMBER 2007
Name of account – wez@waytoblue.com
Date of upload – 13/03/2007
URL - http://video.google.co.uk/videoplay?docid=-1525295584835566336&hl=en-GB

You Tube
Film title - BEE MOVIE
Name of clip – BEE MOVIE - COMING DECEMBER 2007
Name of account – markblu22
Date of upload – 13/03/2007


URL - http://www.youtube.com/watch?v=zZXtQmYe4iY

HIGHLY CONFIDENTIAL

BAYTSP 004339749