UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY d/b/a BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FEDERATION FRANCAISE DE TENNIS, THE MUSIC FORCE MEDIA GROUP LLC, THE MUSIC FORCE LLC, and SINDROME RECORDS, LTD. on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

YOUTUBE, INC., YOUTUBE LLC, and GOOGLE INC.,

Defendants.

ECF Case

Civil Action No. 07-CV-3582 (LLS)
(Related Case No. 07-CV-2103)

**STIPULATION AND ORDER**

**CONFIDENTIAL – FILED UNDER SEAL**




IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, that:

1. Plaintiff Robert Tur ("Tur") agrees sign the consent forms attached to the December 16, 2009 letter from David H. Kramer to Noah Gitterman, consenting to the disclosure of email and phone records pursuant to subpoenas that will be served by YouTube, Inc. in the

action titled *The Football Association Premier League Limited et al v. YouTube, Inc. et al.*, Case No. 1:07-cv-03582 (LLS) (SDNY) (the "Subpoenas").

2. The Subpoenas shall provide that any and all email communications produced in response to the Subpoenas ("Subpoenaed Information"), shall not be provided to the defendants YouTube, Inc., YouTube LLC and Google, Inc. ("Defendants") but shall be provided directly to FTI Consulting, Inc. ("FTI"), subject to the following terms:

a. The Subpoenaed Information shall be designated Highly Confidential under the protective order in this case dated May 15, 2008 ("Protective Order"), and all of the Protective Order's procedures governing such material will apply.

b. Any person at FTI who will handle or maintain the Subpoenaed Information shall execute Exhibit A of the Protective Order. Each signed Exhibit A from FTI will be provided to Defendants, to Proskauer, and to Seymour Fagan, Esq. ("Fagan").

c. A copy of the Subpoenaed Information provided to FTI shall be provided to Fagan and Proskauer promptly upon its receipt by FTI.

d. Nine business days after providing Proskauer and Fagan with the Subpoenaed Information, FTI may produce to Defendants all email communications during the time period September 1, 2009 to December 1, 2009 that are not claimed by Tur to be protected under attorney-client privilege or work product doctrine, and that contain one or more of the following keywords: transcript, schmidt, eric, sandoval, greg, "gs", cnet, youtube, "you tube", "yt", marika, and gerrard. Fagan

and Proskauer will identify any emails that will be withheld from FTI's production to Defendants based on the attorney client privilege and/or the work product doctrine, and will serve a log of such materials on Defendants and FTI within 7 days of receiving the Subpoenaed Information from FTI. At the same time that FTI provides the Subpoenaed Information to Fagan and Proskauer, FTI will also identify to Fagan and Proskauer the set of emails that contain the above-listed keywords. Any information provided by FTI to Defendants pursuant to this paragraph will be simultaneously provided to Fagan and Proskauer.

3. All other information produced to Defendants in response to the Subpoenas not addressed in paragraph 2 above shall be designated Highly Confidential under the Protective Order and shall be provided to Fagan and Proskauer within two days of Defendants' receipt of the information. All of the Protective Order's procedures governing such material will apply. Defendants agree that any information produced to Defendants in response to the Subpoenas (including but not limited to the Subpoenaed Information in paragraph 2 above) shall only be used for purposes of this litigation or the leak investigation, and for no other purpose.

4. FTI shall maintain the Subpoenaed Information in strict confidence, and shall not disclose any part of the Subpoenaed Information to anyone, unless either (a) the disclosure is agreed to in writing pursuant to this Stipulation or as part of this Stipulation; or (b) the undersigned counsel of record and Fagan approve in writing such disclosure; or (c) the Court orders that Defendants may access and analyze the Subpoenaed Information.

5. The provision of the Subpoenaed Information to FTI or to Defendants provided for above shall not to any extent waive or prejudice any privilege, immunity, confidentiality, privacy, or other protection claimed to be due by or to the Subpoenaed Information or by or to Tur or any other person or entity. Dated: January 29, 2010

Respectfully submitted,

Louis M. Solomon
William M. Hart
Noah S. Gitterman
PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Telephone: (212) 969-3000
Email: lsolomon@proskauer.com

*Attorneys for the Putative Class*[1]

Andrew H. Schapiro
A. John P. Mancini
Matthew I. Ingber
MAYER BROWN LLP
1675 Broadway
New York, NY 10019
Telephone: (212) 506-2500
Email: aschapiro@mayerbrown.com

David H. Kramer
WILSON SONSINI GOODRICH &
ROSATI PC
650 Page Mill Road
Palo Alto, CA 94304

[1] Proskauer, having invoked Paragraph E of the parties' Stipulation and Order of Nov 16, 2009 concerning Mr. Tur, sought and obtained the approval of Mr. Tur's independent counsel before executing this Stipulation.

Telephone: (650) 493-9300
Email: dkramer@wsgr.com

*Attorneys for Defendants*

SO ORDERED: Louis L. Stanton
United States District Judge
2/1/10