⌐ORIGINAL

```
                                          ┌─────────────────────────────┐
                                          │ USDC SDNY                   │
                                          │ DOCUMENT                    │
                                          │ ELECTRONICALLY FILED        │
                                          │ DOC #: _____      │
            UNITED STATES DISTRICT COURT  │ DATE FILED: 8/10/10         │
   FOR THE SOUTHERN DISTRICT OF NEW YORK  └─────────────────────────────┘
```

THE FOOTBALL ASSOCIATION PREMIER )
LEAGUE LIMITED, BOURNE CO. (together )
with its affiliate MURBO MUSIC )
PUBLISHING, INC.), CHERRY LANE )
MUSIC PUBLISHING COMPANY, INC., CAL )
IV ENTERTAINMENT LLC, ROBERT TUR )   Civil Action No. 07-CV-3582
d/b/a LOS ANGELES NEWS SERVICE, )   Judge Stanton
NATIONAL MUSIC PUBLISHERS )
ASSOCIATION, THE RODGERS & )   JOINT STIPULATION AND
HAMMERSTEIN ORGANIZATION, STAGE )   ORDER REGARDING
THREE MUSIC (US), INC., EDWARD B. )   YOUTUBE'S MOTION FOR
MARKS MUSIC COMPANY, FREDDY )   SANCTIONS
BIENSTOCK MUSIC COMPANY d/b/a )
BIENSTOCK PUBLISHING COMPANY, )
ALLEY MUSIC CORPORATION, X-RAY )
DOG MUSIC, INC., FEDERATION )
FRANCAISE DE TENNIS, THE SCOTTISH )
PREMIER LEAGUE LIMITED, THE MUSIC )
FORCE MEDIA GROUP LLC, THE MUSIC )
FORCE LLC, and SINDROME RECORDS, )
LTD. on behalf of themselves and all others )
similarly situated, )
                                       )
                          Plaintiffs, )
              v.                       )
                                       )
YOUTUBE, INC., YOUTUBE, LLC, and )
GOOGLE INC., )
                                       )
                          Defendants. )
                                       )
                                       )

WHEREAS, on December 23, 2009, defendants YouTube, Inc., YouTube,

LLC and Google Inc.'s (collectively, "YouTube") applied to the Court for leave to

file a motion for terminating and monetary sanctions against plaintiff Robert

Tur, d/b/a Los Angeles News Service ("Tur") and for monetary sanctions against

Proskauer Rose LLP ("Proskauer") concerning the leak of confidential materials

to CNET reporter Greg Sandoval in violation of the Court's Second Amended

1

Stipulated Pre-Trial Protective Order and concerning other potential violations of that Order (the "Protective Order Issue");

WHEREAS, on March 26, 2010, the Court held a pre-motion conference and granted defendants' request for leave to file a motion for sanctions concerning the Protective Order Issue;

WHEREAS, on June 23, 2010, the Court issued an order granting defendants' motion for summary judgment that they qualify for the protection of 17 U.S.C. § 512 (c) against all of plaintiffs' claims for direct and secondary copyright infringement (the "Summary Judgment Order");

WHEREAS, co-counsel for plaintiffs have indicated that they intend to appeal from the Summary Judgment Order;

WHEREAS, both before and after the Summary Judgment Order, counsel for the parties have conducted negotiations regarding the Protective Order Issue and have now reached an agreement to resolve that matter;

WHEREAS, Tur has been advised by separate and independent counsel with respect to the Protective Order Issue, is personally in full agreement with the terms of this Stipulation and Order, and has personally executed it below, and Tur's independent counsel has confirmed to the undersigned counsel that Tur is in full agreement with the terms of this Stipulation and Order and consents thereto;

IT IS HEREBY STIPULATED AND AGREED by and among counsel for the above-named parties and ORDERED that:

2

(1)   The parties agree that this Stipulation and Order, when entered by the Court, disposes of the Protective Order Issue in its entirety.

(2)   Upon entry of the Order requested herein, Tur hereby: (i) dismisses his entire case against YouTube with prejudice including, without limitation, any right to appeal from the Summary Judgment Order; and (ii) agrees to file a separate dismissal with prejudice as soon as practicable.

(3)   Upon the filing of Tur's dismissal with prejudice described above, YouTube hereby withdraws, with prejudice, its request for permission to move for sanctions against Tur in connection with the Protective Order Issue and hereby waives and relinquishes any right to seek sanctions or any other form of relief against Tur arising out of or related to the Protective Order Issue.

(4)   Tur shall pay to YouTube the sum of Twenty Thousand and 00/100 dollars ($20,000.00) on or before five (5) business days after the Order requested herein is entered.

(5)   Upon the filing of Tur's dismissal with prejudice described above, Tur shall have no liability or obligation for costs, attorneys fees or other relief in this action. In addition, YouTube hereby waives and relinquishes any right to seek, and shall not seek, any form of relief against Tur arising out of or related to any action that Tur

3

had filed against YouTube as of the date of this stipulation, including Tur's Dismissal With Prejudice in this action.

(6)    Upon the filing of Tur's dismissal with prejudice described above, YouTube hereby withdraws, with prejudice, its request for permission to move for sanctions against Proskauer in connection with the Protective Order Issue and waives and relinquishes any right to seek sanctions against Proskauer or Bernstein Litowitz Berger & Grossman arising out of or related to the Protective Order Issue.

(7)    Nothing in this Stipulation and Order shall be deemed an admission by any party hereto of any violation of law or court order. The parties agree that this Stipulation and Order and the conduct or statements made during its negotiation shall not be admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a disputed claim arising out of its subject matter.

(8)    No party shall issue a press release or affirmatively contact the press concerning the Protective Order Issue. The parties agree not to make public statements inconsistent with the terms of this Stipulation and Order.

(9)    Following entry of this Stipulation and Order, Tur shall be entitled to the return of his two laptop computers that have been in the

4

custody of Iris Data Services, LLC ("IRIS") for forensic examination. The parties agree that the forensic copies of those machines made by IRIS are authentic and constitute true and correct copies of them.

SIGNATURES ON NEXT PAGE

5

| MAYER BROWN | PROSKAUER ROSE LLP |
|---|---|
| By: _____<br>Name: ANDREW A. SCHAPIRO<br>1675 Broadway<br>New York, N.Y.<br>212.506.2500 | By: _____<br>Name: Gregg M. Mashberg<br>1585 Broadway<br>New York, N.Y. 10036<br>212.969.3000 |
| WILSON SONSINI GOODRICH & ROSATI<br><br>By: _____<br>Name: BART E. VOLKMER<br>650 Page Mill Road<br>Palo Alto, CA 94304<br>650.493.9300<br>*Co-Counsel for Defendants YouTube, Inc.; YouTube, LLC and Google, Inc.*<br><br>August 9, 2010 | BERNSTEIN LITOWITZ BERGER & GROSSMAN<br><br>By: _____<br>Name: John C. Browne<br>1285 Avenue of the Americas<br>New York, N.Y. 10012<br>212.554.1400<br>*Co-Lead Counsel for Plaintiffs*<br><br>August 9, 2010 |
| _____<br>Robert Tur<br><br>August 9, 2010 | |

So Ordered: __Louis L. Stanton__
Hon. Louis Stanton, U.S.D.J.
August 9, 2010

6