UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| THE FOOTBALL ASSOCIATION PREMIER LEAGUE LIMITED, BOURNE CO. (together with its affiliate MURBO MUSIC PUBLISHING, INC.), CHERRY LANE MUSIC PUBLISHING COMPANY, INC., CAL IV ENTERTAINMENT LLC, ROBERT TUR d/b/a LOS ANGELES NEWS SERVICE, NATIONAL MUSIC PUBLISHERS' ASSOCIATION, THE RODGERS & HAMMERSTEIN ORGANIZATION, STAGE THREE MUSIC (US), INC., EDWARD B. MARKS MUSIC COMPANY, FREDDY BIENSTOCK MUSIC COMPANY d/b/a BIENSTOCK PUBLISHING COMPANY, ALLEY MUSIC CORPORATION, X-RAY DOG MUSIC, INC., FÉDÉRATION FRANÇAISE DE TENNIS, THE MUSIC FORCE LLC, and SIN-DROME RECORDS, LTD. on behalf of themselves and all others similarly situated,<br><br>                      Plaintiffs,<br><br>            v.<br><br>YOUTUBE, INC., YOUTUBE, LLC and GOOGLE, INC.,<br><br>                      Defendants. | 07 Civ. 3582 (LLS)<br>(related case no. 07 Civ. 2103 (LLS), the "*Viacom* action")<br><br>**ECF CASE**<br><br>**CLASS PLAINTIFFS' NOTICE OF MOTION FOR CLASS CERTIFICATION** |

\- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLEASE TAKE NOTICE THAT, pursuant to Fed. R. Civ. P. 23, the Class Plaintiffs shall move this Court, before the Hon. Louis L. Stanton, at the United States Court House, 500 Pearl Street, New York, New York, at a date and time to be set by the Court, for an Order certifying a Class of all persons and entities that:

    (a) own and/or control the copyright and/or the relevant exclusive rights in an original work, and for which a certificate of registration has been issued or

       the deposit, application, and fee required for registration have been properly submitted to the U.S. Copyright Office;

(b) own and/or control exclusive rights in an unregistered copyrighted work and will have registered that work prior to the time of final judgment in this action; and/or

(c) own and/or control a work that does not require registration as a matter of law; which was, without authorization, reproduced, adapted, distributed, publicly displayed, performed or otherwise transmitted or disseminated on or through the YouTube.com website on or after April 15, 2005 through the deadline for submitting a claim form in this action.[1]

and certifying two Subclasses:

1. "Repeat Infringement Subclass": All members of the above-defined class who:

    (a) submitted to defendants a notification of infringement pursuant to 17 U.S.C. §512(c)(3) for a particular work, but either the infringing material identified in the notice remained on the site or substantially similar infringing material was reuploaded after the original material was removed or blocked; or

    (b) submitted to defendants multiple notifications of infringement pursuant to 17 U.S.C. §512(c)(3), or representative lists of infringing material, but whose copyrighted content continued to appear on the YouTube site after such notifications, without authorization from the class member.

2. "Music Publisher Subclass": All members of the above-defined class:

    (a) who own and/or control one or more copyrighted musical composition(s) available on the YouTube site, which musical composition(s) defendants knew or should have known was on the YouTube site (because defendants were notified by the copyright holder or because defendants otherwise identified, tracked or monitored it, or could have identified it, including through tools offered to owners of sound recordings of musical compositions); and

---

[1] Excluded from the class are: (a) defendants; (b) the subsidiaries and affiliates of defendants; (c) any person or entity who is a partner, officer, director, employee, or controlling person of any defendants; (d) any entity in which any defendant has a controlling interest; (e) any copyright holder who had authorized defendants to exploit such copyrights at the time defendants engaged in the complained of acts; (f) the legal representatives, heirs, successors, and assigns of any excluded parties.

(b) such musical composition was used without proper authorization on the YouTube site.[2]

PLEASE TAKE FURTHER NOTICE, that in support of this motion, the Class Plaintiffs shall rely on the accompanying Declaration of John C. Browne and the exhibits annexed thereto. The materials referenced above are being filed under seal pursuant to the stipulated protective order in this case, pending court rulings and/or agreements by the parties with respect to unsealing.

Dated: April 9, 2010

Respectfully submitted,

_____
Charles S. Sims
William M. Hart
Noah Siskind Gitterman

PROSKAUER ROSE LLP
1585 Broadway
New York, NY 10036
Telephone: (212) 969-3000
Email: csims@proskauer.com

-and-

_____
Max W. Berger
John C. Browne
Ann M. Lipton
Lauren McMillen
BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP

---

[2] A music publisher subclass is appropriate because of the prevalence of unlicensed copyrighted music on YouTube and defendants' knowing disregard for the rights of many music publishers. There are two copyrights in a song – one in the sound recording of the song (typically owned or controlled by a record company), and a second in the underlying musical composition (typically owned or controlled by a music publisher). The evidence shows that defendants recognized the huge value in having music on the YouTube site and endeavored to make deals with, and acquire licenses from, major record companies for the sound recordings of popular music. YouTube knew that it also needed licenses for the underlying musical composition, but did not obtain the requisite musical composition rights from the music publishers (and nonetheless knowingly exploited these works on its site). *See* CP Mem. 12-14.

1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 554-1400
Email: johnb@blbglaw.com
*Attorneys For The Football Association Premier League Limited, Bourne Co., Murbo Music Publishing, Inc., Cherry Lane Music Publishing Company, Inc., Robert Tur d/b/a Los Angeles News Service, X-Ray Dog Music, Inc., and Fédération Française de Tennis and Proposed Class Counsel For The Prospective Class*


Louis M. Solomon
Hal S. Shaftel
CADWALADER, WICKERSHAM & TAFT, LLP
One World Financial Center
New York, NY 10281
Telephone: (212) 504-6680
*Attorneys For The Football Association Premier League Limited*

Daniel Girard
Aaron Sheanin
Christina Connolly Sharp
GIRARD GIBBS LLP
601 California Street, 14th Floor
San Francisco, CA 94108

-*and*-

Gerald E. Martin
Laurel Johnston
BARRETT JOHNSTON & PARSLEY
217 Second Avenue North
Nashville, TN 37201

-*and*-

Kevin Doherty
BURR & FORMAN LLP
700 Two American Center
3102 West End Avenue
Nashville, TN 37203

4

*Attorneys for Cal IV Entertainment LLC*

David S. Stellings
Annika K. Martin
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10017-2024
Tel. (212) 355-9500
Fax. (212) 355-9592

*-and-*

Jacqueline Charlesworth
James E. Hough
MORRISON & FOERSTER
1290 Avenue of the Americas
New York, New York 10104
Phone (212) 468-8158
Facsimile (212) 468-7900
*Attorneys for the National Music Publishers'
Association, Rodgers & Hammerstein
Organization, Stage Three Music (US), Inc.,
Edward B. Marks Music Company, Freddy
Bienstock Music Company d/b/a Bienstock
Publishing Company, and Alley Music
Corporation*

Christopher Lovell
Christopher M. McGrath
LOVELL STEWART HALEBIAN LLP
61 Broadway, Suite 501
New York, New York 10110
Telephone: (212) 608-1900
Facsimile: (212) 719-4677

*-and-*

Jeffrey L. Graubart
LAW OFFICES OF JEFFREY L.
GRAUBART
350 West Colorado Boulevard, Suite 200
Pasadena, California 91105-1855
Telephone: (626) 304-2800
Facsimile: (626) 304-2807

5

*-and-*

Steve D'Onofrio
5335 Wisconsin Avenue, N.W. Suite 950
Washington, D.C. 20015
Telephone: (202) 686-2872
Facsimile: (202) 686-2875
*Attorneys for The Music Force Media Group LLC, The Music Force LLC, and Sin-Drome Records, Ltd.*