ORIG

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 | FAX (212) 849-7100

July 9, 2013

WRITER'S DIRECT DIAL NO.
(212) 849-7164

WRITER'S INTERNET ADDRESS
andrewschapiro@quinnemanuel.com

To The Clerk of The Court:
Please docket and place this document in the public file.

LLS 7/11
Louis L. Stanton
U.S.D.J.

RECEIVED IN CHAMBERS
OF LOUIS L. STANTON
JUL 10 2013
UNITED STATES DISTRICT JUDGE

**VIA HAND DELIVERY**

Hon. Louis L. Stanton
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St., Room 2250
New York, NY 10007

Re:  *Football Ass'n Premier League et al. v. YouTube Inc., et al.*, No. 07-CV-03582 (LLS) (S.D.N.Y.)

Dear Judge Stanton:

On behalf of YouTube, we write to follow up on the issues discussed with the Court at the conference held on June 28, 2013 and to request permission to file a renewed motion for summary judgment on the applicability of the DMCA safe harbor to plaintiffs' claims of infringement.

As the Court directed, the parties have reviewed the Final Judgment entered on August 10, 2010 (Dkt. 332) (attached as Ex. A). The Final Judgment, which was negotiated and agreed to by the parties, confirms (1) that "all" of plaintiffs' "remaining claims for relief" were "disposed of" by this Court's decision granting summary judgment to YouTube on the DMCA safe harbors and, more specifically, (2) that "plaintiffs do not seek injunctive relief in this action pursuant to 17 U.S.C. § 512(j)." Section 512(j) places strict limits on the scope of an injunction available in any case where the DMCA safe harbors apply. *See* S. Rep. No. 105-190, at 52 (1998). It sets forth the only form of injunctive relief available under section 502 of the Copyright Act (or any other provision of law) against a service provider protected by the DMCA. *See Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1158 (9th Cir. 2007). Plaintiffs' concession that they are not seeking an injunction under section 512(j) means that, if the Court determines that YouTube is entitled to the safe harbor against plaintiffs' infringement claims, there can be no injunction in this case.

At the conference and in subsequent correspondence between the parties, plaintiffs' counsel have indicated that they still have a claim for a *non-DMCA* injunction. But such an injunction—which would be possible only if YouTube is found not to qualify for the safe harbor and plaintiffs then were to prevail on their underlying

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS

infringement claims—has no bearing on YouTube's motion for summary judgment. It certainly would not make sense to delay the adjudication of our motion on account of a request for injunctive relief that would be mooted if the motion succeeds. Nor is there any basis for conducting discovery on a claim for a non-DMCA injunction in connection with YouTube's DMCA motion. That motion is based exclusively on plaintiffs' clips-in-suit. *See Viacom Int'l, Inc. v. YouTube, Inc.*, 676 F.3d 19, 34 (2d Cir. 2012) ("By definition, only the current clips-in-suit are at issue in this litigation."); June 23, 2008 Hr'g Tr. at 3 (attached as Ex. B) ("The case ultimately must be tried on a closed universe of claims."). The last of those clips was removed from YouTube in 2009. Indeed, the deadline for identifying new works and clips at issue in this case passed nearly *four years ago*. *See* Oct. 28, 2009 Memorandum Endorsement (Dkt. 140) (denying plaintiff X-Ray Dog's untimely attempt to add additional works and clips-in-suit). The discovery that bears on YouTube's motion for summary judgment is necessarily limited to matters involving those clips and the YouTube service as it operated during the period when those clips were available on the service. On those matters, Plaintiffs have already taken exhaustive discovery over a three-year period.

For these reasons, YouTube respectfully seeks permission to file its summary judgment motion without further delay. *See Viacom*, 676 F.3d at 42 (directing this Court to "permit[] renewed motions for summary judgment as soon as practicable"). While we do not believe that plaintiffs need any additional discovery to respond to our motion, if they believe otherwise, the proper procedure is provided by Fed. R. Civ. P. 56(d). Under that rule, plaintiffs would have to show "by affidavit or declaration" that they cannot on the current record "present facts essential to justify [their] opposition." In keeping with the Second Circuit's decision, however, plaintiffs are precluded from seeking new discovery that relates to either knowledge or willful blindness (*Viacom*, 676 F.3d at 42), and they may not inquire into alleged infringements other than those represented by the now "closed universe" of clips-in-suit.

Respectfully submitted,

/s/ Andrew H. Schapiro

Andrew H. Schapiro

cc: All counsel of record (via e-mail)

Attachments

2

# Exhibit A

☐ ORIGINAL

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

THE FOOTBALL ASSOCIATION PREMIER
LEAGUE LIMITED, BOURNE CO. (together with
its affiliate MURBO MUSIC PUBLISHING
COMPANY, INC.), CHERRY LANE MUSIC
PUBLISHING COMPANY, INC., CAL IV
ENTERTAINMENT LLC, NATIONAL MUSIC
PUBLISHERS' ASSOCIATION, THE RODGERS
& HAMMERSTEIN ORGANIZATION, STAGE
THREE MUSIC (US), INC., EDWARD B.
MARKS MUSIC COMPANY, FREDDY
BEINSTOCK MUSIC COMPANY d/b/a
BIENSTOCK PUBLISHING COMPANY, ALLEY
MUSIC CORPORATION, X-RAY DOG MUSIC,
INC., FEDERATION FRANÇAISE DE TENNIS,
THE MUSIC FORCE MEDIA GROUP LLC, THE
MUSIC FORCE LLC and SIN-DROME
RECORDS, LTD on behalf of themselves and all
others similarly situated,

        Plaintiffs,

-against-

YOUTUBE, INC., YOUTUBE, LLC and GOOGLE
INC.,

        Defendants.

------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/10
```

07 Civ. 3582 (LLS)
(related case 07 Civ. 2103 (LLS))

**ECF Case**

**FINAL JUDGMENT**

    YouTube Inc., YouTube, LLC, and Google Inc. ("Defendants"), having moved for summary judgment that they are protected by the safe-harbor provisions of the Digital Millennium Copyright Act, 17 U.S.C. § 512 et seq., for all of Plaintiffs' direct and secondary copyright infringement claims, and such motion having come before the Honorable Louis L. Stanton, United States District Judge, and the Court thereafter, on June 23, 2010 having rendered its ~~Memorandum Decision~~ Opinion and Order granting the Defendants' motion for summary judgment; and

    Plaintiffs having moved for partial summary judgment against the Defendants' DMCA defense, and said motion having come before the Honorable Louis L. Stanton, United States District Judge, and

LLS

the Court thereafter, on June 23, 2010 having rendered its ~~Memorandum Decision~~ **Opinion** and Order denying Plaintiffs' motion; and

Plaintiffs having affirmed: (i) that all of their remaining claims for relief in this case are disposed of by the June 23, 2010 Order; (ii) that they do not seek injunctive relief in this action pursuant to 17 U.S.C. § 512(j); and (iii) that there are no claims for relief that still remain to be adjudicated, it is

**ORDERED, ADJUDGED AND DECREED** that for reasons set forth in the Court's ~~Memorandum Decision~~ **Opinion** and Order dated June 23, 2010, judgment is entered for Defendants and against Plaintiffs on all of Plaintiffs' claims.

New York, New York
August 9, 2010

SO ORDERED:

*Louis L. Stanton*
Hon. Louis L. Stanton
United States District Judge

Entered:

*Ruby S. Krajick*
Clerk of Court

By: _____
Deputy Clerk of Court

# Exhibit B

```
                              86neviac.txt
                                                                         1
         86neviac
     1   UNITED STATES DISTRICT COURT
     1   SOUTHERN DISTRICT OF NEW YORK
     2   ------------------------------x
     2   VIACOM INTERNATIONAL, INC.,
     3              Plaintiff,
     3
     4              v.                          07 CV 2103(LLS)
     4
     5   YOUTUBE, INC.,
     5              Defendant.
     6   ------------------------------x
     6   THE FOOTBALL ASSOCIATION PREMIER
     7   LEAGUE LIMITED,
     7              Plaintiff,
     8
     8              v.                          07 CV 3582(LLS)
     9
     9   YOUTUBE, INC.,
    10              Defendant.
    10   ------------------------------x
    11
    11                                          June 23, 2008
    12                                          3:10 p.m.
    12   Before:
    13
    13                 HON. LOUIS L. STANTON,
    14                                          District Judge
    14
    15                         APPEARANCES
    15
    16   JENNER BLOCK
    16        Attorneys for Plaintiff Viacom
    17   BY:  DONALD VERRILLI
    17        SUSAN KOHLMAN
    18
    18   PROSKAUER ROSE, LLP
    19        Attorneys for Plaintiff Football Assn. Premier
    19        League, Ltd.
    20   BY:  LOU SOLOMON
    20        NOAH GITTERMAN
    21
    21   MAYER BROWN, LLP
    22        Attorneys for Defendants YouTube
    22   BY:  ANDREW SCHAPIRO
    23        MATTHEW INGBER
    23
    24   WILSON SONSINI GOODRICH & ROSATI
    24        Attorneys for Defendant Youtube
    25   BY:  MICHAEL RUBIN
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
                                                                         2
         86neviac
     1            (In open court)
     2            (Case called)
     3            THE COURT:  I think you all sought this conference,
     4   and so I suppose you have an agenda.  But in the meantime, and
     5   to make it more concrete, I think I'm ready to rule on the
     6   various points raised in the defendants' motion.  And if that
     7   would help you all, I can do that right now.
     8            Mr. Verrilli nods.
                                  Page 1
```

```
                              86neviac.txt
       9           MR. VERRILLI:  Yes, your Honor.
      10           THE COURT:  Is there anything else you want to say
      11   that isn't in your briefs that I've been reading before I rule?
      12   Anything you want to add to it?
      13           MR. VERRILLI:  I don't think so, your Honor.
      14           THE COURT:  Okay.  Let me first start by saying with
      15   respect to the agonizing question about the search code in the
      16   opinion that I gave you on Friday, I'm a little unsure about
      17   the propriety of what I'm going to say, but I don't want
      18   anybody later to feel ambushed or surprised.  And that is what
      19   entails me to give this caution with respect to that ruling.
      20   And the caution is directed towards the defendants.
      21           I want to give them fair warning so that they're aware
      22   that subject to whatever rulings are made on a former briefing,
      23   they may not be allowed to base an argument at trial on any
      24   undisclosed characteristics of the search code without
      25   providing prior notice to the plaintiffs in time to allow
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                        3
```
           86neviac
       1   inquiry into and preparation, perhaps including whatever source
       2   code disclosures are necessary to meet that argument.
       3           That's what I wanted to say.  It's probably
       4   unnecessary, but the case will go better if nobody is taken by
       5   surprise or reads too much into any given ruling.
       6           Now, with respect to the points raised in the
       7   defendants' motion, the first issue is as to identification of
       8   works in suit.  Can you all hear me by the way?
       9           (Counsel answers the affirmative in unison)
      10           THE COURT:  If you can't, wave your hand or something,
      11   I'll raise my voice.
      12           All claims of infringement of the works in suit must
      13   be identified in time to be explored by the defendants before
      14   trial.  And in practical terms, that probably means 90 days
      15   before the close of discovery.  I don't think you or I should
      16   expect additions to be made to the list thereafter.  The case
      17   ultimately must be tried on a closed universe of claims.  So
      18   we'll close the list 90 days before discovery and not expect
      19   later additions, always bearing in mind that need for
      20   exceptions to a rule may occur.  And, of course, that
      21   recognition informs all of my rulings on this motion as well.
      22   But I would treat exceptions as having to be proved to be
      23   exceptional indeed.
      24           The plaintiffs, I suppose, need time to obtain and
      25   evaluate the additional discovery, which I've ordered by the
                       SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

                                                                        4
```
           86neviac
       1   defendants.  So I understand we'll be talking about schedule
       2   later.  But at this point, not having heard you on it, I don't
       3   discern any major visible need for unrealistic interim
       4   deadlines.  They may serve a purpose, and if so, we should
       5   impose them.  But if they don't, and it's simply an
       6   administrative chore to keep track of them, then I don't see
       7   much need for interim deadlines, particularly ones that are
       8   probably unrealistic from their first moments.
       9           With respect to a finite universe of claims, until
      10   discovery with respect to that uniform -- unified, defined
      11   universe is nearer completion, they may serve a purpose but I
      12   don't require them just as a matter of principle.  It seems to
      13   me the process of rolling identifications seems to be going
```